1  SCOTT VOELZ (S.B. #181415)
   svoelz@omm.com
2  ZACH A. TAFOYA (S.B. #301837)
   ztafoya@omm.com
3  O'MELVENY & MYERS LLP
4  400 South Hope Street
   Los Angeles, California  90071-2899
5  Telephone:  (213) 430-6000
   Facsimile:   (213) 430-6407
6

7  Attorneys for Defendant
   GT's Living Foods, LLC
8

9

10            **UNITED STATES DISTRICT COURT**

11          **CENTRAL DISTRICT OF CALIFORNIA**

12

13  DELANEY SHARPE, ERIN                  Case No. 2:19-CV-10920-FMO-GJS
    WEILER, JENNA LEDER, and
14  ADRIANA DIGENNARO, on              **DEFENDANT'S REPLY TO**
    behalf of themselves and all others **PLAINTIFFS' OPPOSITION TO THE**
15  similarly situated,                 **APPLICATION OF HANNAH Y.**
                                        **CHANOINE TO APPEAR *PRO HAC***
16            Plaintiffs,               ***VICE***

17       v.                             Hon. Gail J. Standish

18  GT's Living Foods, LLC,              Amended Complaint Filed:  April 9, 2020
                                         Discovery Cutoff:  April 30, 2021
19            Defendant.                 Trial Date:   Not Set

20

21

22

23

24

25

26

27

28

1    Defendant hereby responds to Plaintiffs' opposition to the pending

2  application of Hannah Y. Chanoine—a member in good standing of the bars of

3  New York and Massachusetts who has appeared *pro hac vice* in this Court on

4  multiple occasions—to appear *pro hac vice* in this case.  *See* Dkt. Nos. 90, 91.

5  Plaintiffs' sole argument in opposition to Ms. Chanoine's application is that, while

6  the application was pending, she remotely deposed Plaintiffs' proffered marketing

7  expert Bruce Silverman.  *See* Dkt. 91 at 2.  Plaintiff argues that Ms. Chanoine

8  "effectively engaged in the unauthorized practice of law" by taking the remote

9  deposition while the application was pending.  *Id.*[1]  This argument fails for several

10  reasons.

11    *First*, Ms. Chanoine's appearance did not constitute the unauthorized practice

12  of law in California.  The State Bar of California's Rule 5.5 addresses the

13  unauthorized practice of law in California, and bars lawyers who are not admitted

14  in California from practicing in the State "unless otherwise entitled to practice law

15  in this state by court rule or other law." Rule 5.5 Cmt.  The Comment enumerates

16  exceptions to this restriction, including California Rule of Court 9.47 (attorneys

17  practicing temporarily in California as part of litigation).  California Rule of Court

18  9.47(c) allows out-of-state attorneys to practice law "temporarily" if, as relevant

19  here, (1) the attorney "seek[s] … authorization [to appear] promptly after it

20  becomes possible to do so," (2) "the attorney's services are part of … [a] formal

21  legal proceeding that is … pending," and (3) those services are part of a proceeding

22  "in which the attorney's supervisor is authorized to appear."  California Rule of

23  Court 9.47(c).  Here, Ms. Chanoine is authorized to practice law temporarily in

24  California because she sought authorization to appear *pro hac vice* promptly after

25

26    [1] Plaintiff's counsel, despite being on ECF notice of the application's pending status from the previous day, and then mentioning the application's pending status
27  early in the deposition without objection, inexplicably waited until the end of a full 7-hour deposition to object.  Chanoine Decl. ¶¶ 6-7.

28

DEFENDANT'S REPLY TO PLAINTIFFS'
OPPOSITION TO APPLICATION OF
HANNAH Y. CHANOINE TO APPEAR *PRO
HAC VICE*
2:19-CV-10920-FMO-GJS

1    being asked to assist with Mr. Silverman's deposition (the day before the

2    deposition, on June 17, 2021), and the undersigned, as lead counsel supervising this

3    pending litigation, is Ms. Chanoine's "supervisor" for this purpose.  *See* Chanoine

4    Decl. ¶ 2.

5         *Second*, Plaintiffs cite no support for their novel argument that Ms.

6    Chanoine's temporary involvement in this case (because of lead counsel's

7    unavailability to take the deposition), under the reasonable expectation that her *pro*

8    *hac vice* application would be granted, is grounds for denial of that application.  In

9    fact, in the only case Plaintiffs cite, the California Supreme Court ruled *in favor* of

10   admitting a qualified attorney notwithstanding that he had appeared at a deposition

11   without prior approval from the court.  *See Ex parte McCue*, 211 Cal. 57, 68–69

12   (1930) ("[W]e do not consider this conduct on his part as in any way involving his

13   moral character, or that it is sufficient in itself to deprive him of his right to a

14   license to practice law in this state.").

15        *Third*, consistent with the foregoing—and with common practice, *see*

16   Chanoine Decl. ¶ 4—this Court's local rules say nothing to suggest that a *pro hac*

17   applicant who reasonably expects their application to be granted must wait for that

18   approval before entering an appearance in the case.  To appear *pro hac vice* before

19   this Court, an attorney must be (a) in good standing with "the bar of any United

20   States Court, or of the highest court of any State"; (b) "of good moral character";

21   (c) "retained to appear before this Court"; and (d) not a resident of California or one

22   who is regularly employed in or engaged in business in California.  L.R. 83-2.1.3,

23   83-2.1.3.2.  As demonstrated in Ms. Chanoine's application, she meets all of these

24   prerequisites.

25        However, despite the fact that Plaintiffs' objection is not well-taken, Ms.

26   Chanoine will voluntarily refrain from further appearances in this matter until the

27   Court rules on her application.  *See* Chanoine Decl. ¶ 8.

28

2

DEFENDANT'S REPLY TO PLAINTIFFS'
OPPOSITION TO APPLICATION OF
HANNAH Y. CHANOINE TO APPEAR *PRO*
*HAC VICE*
2:19-CV-10920-FMO-GJS

1       For the foregoing reasons, Defendant respectfully requests that Ms.

2   Chanoine's application to appear in this matter *pro hac vice*, *see* Dkt. 90, be

3   granted.

4

5

6       Dated:  June 21, 2021          O'MELVENY & MYERS LLP

7

8                             By:       /s/ *Scott M. Voelz*
                                    Scott M. Voelz

9                             Attorneys for Defendant

10                            GT's Living Foods, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                          2