UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-10920 FMO (GJSx)** | Date | **June 21, 2024** |
|---|---|---|---|
| Title | **Delaney Sharpe, et al. v. GT's Living Foods, LLC** | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):          Attorney Present for Defendant(s):

None Present                                        None Present

**Proceedings:        (In Chambers) Order Re: Motion for Class Certification [99]**

Having reviewed all the briefing filed with respect to plaintiffs' Motion for Class Certification (Dkt. 99, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.[1]  Although the Court's Order Re: Class Certification Motions required each issue or sub-issue raised by a party to be immediately followed by the opposing party's response, and that all evidentiary objections be made in the joint brief, (see Dkt. 26, Court's Order of March 20, 2020, at 1-3), the parties' papers did not fully comply with these requirements. (See, e.g., Dkt. 113, Joint Brief on Plaintiffs' Motion for Class Certification ("Jt. Br.") at 13-17) (addressing all Rule 23(a) requirements in one fell swoop); (Dkt. 103, Plaintiffs' Supplemental Memorandum in Support of Motion for Class Certification ("Plf. Supp. Br.") at 1-7) (challenging qualifications and reliability of defendant's experts in Supplemental Brief); (Dkt. 104, GT's Supplemental Brief in Opposition to Plaintiffs' Motion for Class Certification 2-6) (challenging plaintiffs' expert's qualifications).  Also, the Motion was filed in August, 2021, (see Dkt. 99, Motion), and since then, the Ninth Circuit has issued several class certification decisions, including Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC, 31 F.4th 651 (9th Cir. 2022) (en banc), that bear on the issues in this case.  Finally, this court has addressed class certification in the consumer food, beverages, and supplements context.  See Capaci v. Sports Research Corp., 2022 WL 1133818 (C.D. Cal. 2022); Lytle v. Nutramax Laboratories, Inc., 2022 WL 1600047 (C.D. Cal. 2022).  Under the circumstances, the court will deny the Motion without prejudice to plaintiffs filing a renewed motion.

In considering whether to file a renewed motion, plaintiffs should note that, in light of Retta v. Millennium Products, Inc.,[2] Case No. CV 15-1801 PSG ("Retta Action"), the court has concerns

---

[1]  Capitalization, quotation and alteration marks, and emphasis in record citations may be altered without notation.

[2]  Defendant GT's Living Foods, LLC was named Millennium Products between 1995 and 2017.  (See Dkt. 113, Jt. Br. at 6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-10920 FMO (GJSx)** | Date | **June 21, 2024** |
|---|---|---|---|
| Title | **Delaney Sharpe, et al. v. GT's Living Foods, LLC** | | |

regarding the named plaintiffs'[3] and proposed class counsel, Bursor & Fisher, P.A.'s ("Bursor") ability to adequately represent the class in this case. The Retta Action involved the same allegations regarding the alcohol and sugar levels in defendant's kombucha,[4] asserted the same claims for relief under California and New York law, and was filed by the same attorneys as in this action, i.e., Bursor & Fisher, including Yeremey Krivoshey. (See Retta Action, Dkt. 68, Fifth Amended Complaint ("Retta 5AC") ¶¶ 5, 86-149, 159-171).[5]

On August 22, 2017, Judge Gutierrez granted final approval of the settlement in the Retta Action. See Retta, 2017 WL 5479637, at *1 & *19. In addition to monetary relief, the Retta settlement provided for injunctive relief which, among other things, required defendant to: (1) "[a]dd a warning label that 'the products contain naturally occurring alcohol and should not be consumed by individuals seeking to avoid alcohol due to pregnancy, allergies, sensitivities or religious beliefs[,]'" id., at *2; (Retta Action, Dkt. 103-3, Exh. 1, Stipulation of Class Action Settlement ("Retta Settlement Agreement") at ¶ 47(b)); (2) "regularly test samples from every [s]ubject [p]roduct line (at the time of bottling and the time of expiration) using a third-party laboratory[,]" (Retta Action, Dkt. 103-3, Exh. 1, Retta Settlement Agreement at ¶ 47(c)); Retta, 2017 WL 5479637, at *2; (3) "test the sugar content of multiple product samples, drawn from every [s]ubject [p]roduct line, using a third-party laboratory" every three months, (Retta Action, Dkt. 103-3, Exh. 1, Retta Settlement Agreement at ¶ 47(e)); Retta, 2017 WL 5479637, at *2; and (4) "adopt any new industry wide methodology for testing the alcohol content of kombucha, should one be developed." Retta, 2017 WL 5479637, at *2; (Retta Action, Dkt. 103-3, Exh. 1, Retta Settlement Agreement at ¶ 47(d)).

In seeking approval of the settlement, plaintiffs made several representations to the Retta Court that not only appear to undermine the instant action but also call into question the ability of Bursor to "fairly and adequately represent the interests of the class[,]" see Fed. R. Civ. P. 23(g)(B), i.e., to vigorously and effectively litigate the present action. For example, in Retta, Bursor touted the settlement's "expansive injunctive relief," which included "a warning on its labels that 'the

---

[3] Although the named plaintiffs, who were class members in the Retta Action, (see Dkt. 113, Jt. Br. at 16) (citing responses to interrogatories); Retta v. Millennium Products, Inc. 2017 WL 5479637, *3 (C.D. Cal. 2017) (The class period in Retta was March 11, 2011 to February 26, 2017), appear to be inadequate class representatives, as they would be subject to unique defenses, the majority of the court's concerns relate to counsel. Thus, the court's reference to "plaintiffs" throughout this Order is generally intended to refer to class counsel, specifically Bursor.

[4] This action and Retta involved defendant's Enlightened and Synergy line of kombucha. (See Dkt. 29, First Amended Complaint ("FAC") at ¶ 1 n. 1); (Retta Action, Dkt. 68, 5AC at ¶ 2 n. 1). For ease, the court will refer to the products simply as kombucha or defendant's kombucha.

[5] The Retta 5AC asserted an additional claim for negligent misrepresentation. (See Retta Action, Dkt. 68, 5AC at ¶¶ 150-58).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-10920 FMO (GJSx)** | Date | **June 21, 2024** |
|---|---|---|---|
| Title | **Delaney Sharpe, et al. v. GT's Living Foods, LLC** | | |

products contain naturally occurring alcohol and should not be consumed by individuals seeking to avoid alcohol due to pregnancy, allergies, sensitivities or religious beliefs[.]'" (Retta Action, Dkt. 103-1, Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Action Settlement at 2); (id. at 23) (stating that the settlement "provides precisely the injunctive relief sought in the Complaint" which consists of "the addition of an alcohol warning on the labels of [] Enlightened kombucha products"); Retta, 2017 WL 5479637, at *2. Indeed, a copy of the alcohol warning label that is the subject of this lawsuit was submitted as part of the settlement approval process in the Retta Action. (See Retta Action, Dkt. 136-1, Declaration of George Thomas Dave at ¶ 3 & Exh. 1) (Enlightened Kombucha Label).  Yet, in this case, plaintiffs claim that this alcohol warning label is inadequate. (See Dkt. 29, FAC at ¶¶ 1, 5, 8, 11, 14, 25, 32).  As defendant notes, plaintiffs "are collaterally attacking the injunctive relief from a class settlement that their counsel negotiated and obtained on their behalf." (Dkt. 113, Jt. Br. at 15) (emphasis omitted).  In other words, plaintiffs are challenging the alcohol warning label they negotiated in Retta.

In seeking to challenge the Retta alcohol warning label in this action, plaintiffs contend that they have "put forth evidence that neither they, nor any reasonable consumers, would have purchased Enlightened Kombucha had they known that doing so exposed them to criminality, and if they knew that they could not rely on Defendant's marketing and labeling of the products as non-alcoholic beverages."  (Dkt. 113, Jt. Br. at 29) (citing Ex. B at ¶¶ 32, 58-59).  According to plaintiffs, "[t]he unwitting consumption of alcoholic beverages is . . .  obviously inherently dangerous, and can cause, inter alia, birth defects, accidents, and health complications."  (Id.). But it is difficult to give much credence to such contentions since it was Bursor that negotiated and, indeed, advocated for the subject alcohol warning label during the settlement process in the Retta Action.  Significantly, an objector to the Retta settlement questioned whether the settlement was fair to minors, and whether it "provide[d] adequate protections to minors going forward" because "Defendant's failure to properly label and advertise its products caused minors to purchase and consume Defendant's alcoholic beverages." (Retta Action, Dkt. 135-1, Declaration of Yeremey Krivoshey in Support of Plaintiffs' Response to Objections to Settlement ("Krivoshey Retta Decl."), Exh. 2 (Objection to Proposed Class Action Settlement ("Retta Obj.") at 2-3).  In response to the objection, Bursor argued that the objector "overlooked entirely that the Settlement provides injunctive relief with respect to the alcohol claims[,]" and relied on the warning label – i.e., that "the products contain naturally occurring alcohol and should not be consumed by individuals seeking to avoid alcohol due to pregnancy, allergies, sensitivities or religious beliefs" – it negotiated as part of the settlement and that would be included on defendant's kombucha going forward.  (See Retta Action, Dkt. 135, Plaintiffs' Response to Objections to Settlement ("Retta Response") at 8).  In overruling the objection, the Retta Court accepted Bursor's representations, stating that "all class members, including minors, stand to receive their fair share of the settlement and the injunctive relief will adequately ensure that consumers are informed about the alcohol content in" defendant's kombucha.  Retta, 2017 WL 5479637, at *8.

Moreover, despite the allegations in Retta that defendant's kombucha continues to ferment and produce alcohol after bottling, (see, e.g., Retta Action, Dkt. 68, 5AC at ¶ 29) ("[T]he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-10920 FMO (GJSx)** | Date | **June 21, 2024** |
|---|---|---|---|
| Title | **Delaney Sharpe, et al. v. GT's Living Foods, LLC** | | |

Enlightened line is a 'raw' and 'unpasteurized' kombucha, necessarily meaning that the beverages continue to ferment and increase in alcohol over time, especially if left unrefrigerated for even short periods of time.  Whatever changes Millennium made to its Enlightened line, if any, are ineffective at curbing the accumulation of alcohol in the products past 0.5 percent alcohol by volume through the normal and expected use of the products."), there is nothing in the Retta settlement, (see, generally, Retta Action, Dkt. 103-3, Retta Settlement Agreement), that required defendant to conduct alcohol tests at the point of sale.  Instead, Bursor accepted the testing regime (and alcohol disclosure label) that it now challenges in this action.

Finally, with respect to plaintiffs' damages model, Bursor acknowledged in plaintiffs' motion for final approval that a full-refund model is "typically foreclosed" at class certification, in part because beverages provide "benefits in the form of calories, hydration, vitamins, and minerals," (Retta Action, Dkt. 117-1, Motion for Final Approval at 11) (citing In re POM Wonderful LLC, 2014 WL 1225184, *2-3 (C.D. Cal. 2014)), and conceded that defendant's kombucha "contain[s] multiple vitamins, enzymes and probiotics, and provide[s] hydration and calories." (Id.).  Notwithstanding that concession, plaintiffs advance a full-refund damages model here. (See Dkt. 113, Jt. Br. at 29-36).

Plaintiffs' responses to defendant's contentions regarding the impact of the Retta Action, (see Dkt. 103, Plf. Supp. at 8-10), are largely unsatisfactory.  First, whether the statements made in Retta are admissible is beside the point in addressing the adequacy of counsel.  See Fed. R. Civ. P. 23(g)(1)(B) (providing that a court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class").  Second, plaintiffs' argument that it "never agreed that the label disclosure would be sufficient if [defendant] decided to continue selling booze to children,"[6] (Dkt. 103, Plf. Supp. at 10), is non-responsive to the issue here because the record indicates that plaintiffs agreed that the alcohol warning label they negotiated in the Retta Action would be adequate to address claims regarding the sale of defendant's kombucha to minors.  As noted above, in addressing an objection that the Retta settlement failed to "provide[] adequate protections to minors going forward[,]" (Retta Action, Dkt. 135-1, Krivoshey Retta Decl, Exh. 2 (Retta Obj.) at 3), Bursor directed the court to the injunctive relief language relating to the "alcohol claims" and set out verbatim the negotiated alcohol warning language.[7]

_____

[6]  As noted earlier, the Retta settlement provided monetary relief by which class members could elect to receive a cash payment or a product voucher redeemable for free Enlightened Kombucha.  (See Retta Action, Dkt. 103-3, Exh. 1, Retta Settlement Agreement at ¶ 45).  But nothing in the Retta Settlement Agreement limited the voucher option to class members 21 years of age and over.  (See, generally, id. at ¶ 45(b)); (see also id. at Exh. C, Claim Form).

[7]  Bursor's reliance on Slusher v. Big Lots Stores, Inc., 2018 WL 10164064 (N.D. Cal. 2018) is misplaced.  In that case, the defendant argued that the doctrine of claim splitting barred a subsequently filed class action. See id. at *1-2. Significantly, Slusher involved simultaneous class actions, see id. at *1, rather than the situation here, i.e., where class counsel negotiated label

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-10920 FMO (GJSx)** | Date | **June 21, 2024** |
|---|---|---|---|
| Title | **Delaney Sharpe, et al. v. GT's Living Foods, LLC** | | |

(Retta Action, Dkt. 135, Retta Response at 8).

Third, plaintiffs contend that they had "hoped that the new formulation" of using kiwi juice instead of cane sugar in defendant's kombucha coupled with the requirement for future testing "would have led to corrective behavior." (See Dkt. 103, Plf. Supp. at 9). Plaintiffs also contend that "no claims in Retta (of either Plaintiffs or Class Members) are being re-litigated here" because "[t]he class period in Retta ended on February 26, 2017." (Id.). Plaintiffs' contentions are unpersuasive.

As an initial matter, plaintiffs' contentions regarding the temporal scope of the class and the claims that are (or are not) being litigated in this action may be accurate as to plaintiffs' damages claims, but it does not apply to the injunctive relief issued by the Retta Court.[8] Indeed, plaintiffs acknowledge that "[t]he Retta settlement had no requirement for how long [defendant] needed to use the proposed labeling[.]" (Id. at 9). In other words, the injunctive relief issued by the Retta Court was permanent. Putting aside the fact that the alcohol warning label Bursor negotiated has been used by defendant since the Retta settlement, it appears that plaintiffs simply aren't satisfied with the injunctive relief they negotiated and had approved by the Retta Court. But when a court issues permanent injunctive relief that a party believes is insufficient or needs to be modified (i.e., if the new formulation of defendant's kombucha turned out to be insufficient or inadequate), the remedy isn't to file a new action – before a different judge – seeking to challenge the injunctive relief. Rather, the remedy is to seek to modify or challenge the injunctive relief through a proper motion filed with the judge who issued the injunctive relief,[9] cf., e.g., Flores v. Lynch, 828 F.3d 898, 905 (9th Cir. 2016) (noting use of motion to enforce settlement), or, seek to have the case transferred as a related case to the judge who issued the injunctive relief.

---

language in a prior action that it subsequently contends is inadequate in a subsequent action.

[8] The court is not persuaded by plaintiffs' contention that "the main benefits of the Retta settlement was the $8.25 million cash consideration." (Dkt. 103, Plt. Supp. at 9). A review of the final approval order and the underlying settlement documents in the Retta Action indicate that the injunctive relief was a significant part of the Retta settlement and, indeed, some of the injunctive relief was intended to address claims in a related class action. See Retta, 2017 WL 5479637, at *2 & n. 1 (setting forth injunctive relief provisions and noting that one provision is intended to address claim from related class action).

[9] This procedure, arguably, would not apply to a non-party or non-class member to the Retta case. However, a case filed by a non-party or non-class member would still be subject to transfer, as a related case, to the Retta Court which issued the subject injunctive relief. See L.R. 83-1.3.1 (providing that a notice of related case shall be filed "whenever two or more civil cases filed in this District[] . . . arise from the same or a closely related transaction, happening, or event" or "call for determination of the same or substantially related or similar questions of law and fact[.]").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-10920 FMO (GJSx)** | Date | **June 21, 2024** |
|---|---|---|---|
| Title | **Delaney Sharpe, et al. v. GT's Living Foods, LLC** | | |

The issues and concerns raised in this Order perhaps could have been avoided if Bursor had simply filed a Notice of Related Case pursuant to Local Rule 83-1.3 as to the Retta Action at the time it filed this action.  Instead, Bursor filed a Local Rule 83-1.3 Notice of Related Case (Dkt. 8), as to the then-pending action, Tortilla Factory, LLC v. GT's Living Foods, LLC, Case No. CV 17-7539 FMO, contending that this case contained largely the same allegations as in Tortilla Factory.  (Id. at 1).  While Bursor acknowledged that Tortilla Factory was a competitor case, it claimed that discovery and motion practice would cover many overlapping issues, and that it "would be far more efficient for the two cases to be heard by the same judge."  (Id. at 2).  However, given that the Retta Court approved the alcohol warning label that is being challenged here, see Retta, 2017 WL 5479637, at *19, and that Court "retain[ed] exclusive jurisdiction over Defendant[] and the Settlement Class Members for all matters relating to this litigation, including the . . . interpretation, effectuation, or enforcement of the Settlement Agreement and th[e] Order[,]" id., counsel should have filed a notice of related case as to the Retta Action which, like the instant case, was a consumer case.  Though Retta was closed at the time the notice of related case was filed, nothing in the applicable Local Rule prohibits the filing of a notice of related case with respect to a closed case.  See, generally, L.R. 83-1.3.

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1.   Plaintiffs' Motion for Class Certification **(Document No. 99)** is **denied without prejudice**.

2.   No later than **August 22, 2024**, plaintiffs shall file a renewed motion for class certification.

3.   With respect to any renewed motion, the parties shall:  (1) apply updated applicable case law; (2) strictly comply with the Court's Order Re: Motions for Class Certification (Dkt. 26); (3) address whether plaintiffs and class counsel, including Bursor & Fisher, are adequate representatives and class counsel; (4) address whether res judicata and/or judicial estoppel apply and at what stage, i.e., the class certification or the merits stage of the litigation; and (5) address whether a full refund damages model is viable in light of the court's rulings in other cases, given that this case does not involve the sale of pills or supplements and, if such a model is not available, whether this is an issue for the class certification or the merits stage of litigation.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | vdr | |