**DOVEL & LUNER, LLP**
Simon Franzini (SBN 287631)
simon@dovel.com
Gabriel Doble (SBN 335335)
gabe@dovel.com
Stephen D. Andrews (SBN 354327)
stephen@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELANEY SHARPE, ERIN WEILER, JENNA LEDER, and ADRIANA DIGENNARO, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>GT'S LIVING FOODS, LLC.,<br><br>*Defendant*. | Case No. 2:19-cv-10920-FMO-GJS<br><br>**Plaintiffs' Notice of Motion and Motion for Leave to File Second Amended Complaint**<br><br>Hearing Date: September 5, 2024<br>Time: 10:00 a.m.<br>Dept: Courtroom 6D<br><br>Hon. Fernando M. Olguin |

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 5, 2024 at 10:00 a.m., or as soon thereafter as this matter may be heard, Plaintiffs Delaney Sharpe, Erin Weiler, Jenna Leder, and Adriana DiGennaro move the Court for leave to file a Second Amended Complaint.

The hearing will occur at: United States Courthouse, 350 W. 1st Street, 6th Floor, Courtroom 6D, Los Angeles, CA 90012 before the Honorable Fernando M. Olguin. This motion is based upon this Notice of Motion and Motion, accompanying Memorandum, exhibits, and any oral arguments presented at the hearing.

Pursuant to Section IV(B)(2) of Judge Fernando M. Olguin's Initial Standing Order, Plaintiffs identifies the following page and line numbers and wording of any proposed changes or additions of material to the Complaint in the below chart:

| Page | Line-Number(s) | Change |
|------|----------------|--------|
| Cover Page | 1-10 | Addition of Simon Franzini, Gabriel Z. Doble, and Stephen Andrews as counsel. |
| Cover Page | 12-18 | Removal of L. Timothy Fisher, Yeremey O. Krivoshey, and Scott A. Bursor as counsel. |
| Cover Page | 23-5 | Addition of Amit Patel, Lauren Schmidt, and Christopher Nunez as named plaintiffs. |
| Cover Page | 24 | Updating title to "Second Amended complaint." |
| 1 | 1-2 | Addition of Amit Patel, Lauren Schmidt, and Christopher Nunez to listed Plaintiffs. |
| 3 | 3 | Corrected spelling of "Enlightened." |
| 3 | 25 | Updated timeframe of Plaintiff Leder's product purchases to reflect seven years. |
| 4 | 4, 18, 21 | Corrected spelling of "Enlightened" and "experienced" |
| 5 | 4 | Updated timeframe of Plaintiff Weiler's product purchases to reflect seven years. |
| 5 | 10 | Corrected spelling of "Enlightened" |
| 6 | 4 | Updated timeframe of Plaintiff Sharpe's product purchases to reflect six years. |

| 7 | 10-27 | Plaintiff Amit Patel's facts and description inserted. |
|---|---|---|
| 8 | 1-6 | Plaintiff Amit Patel's facts and description inserted. |
| 8 | 7-27 | Plaintiff Christopher Nunez's facts and description inserted. |
| 9 | 1-18 | Plaintiff Christopher Nunez's facts and description inserted. |
| 9 | 19-27 | Plaintiff Lauren Schmidt's facts and description inserted. |
| 10 | 1-17 | Plaintiff Lauren Schmidt's facts and description inserted. |
| 11 | 7 | Addition of Schmidt to list of Plaintiffs that reside in a state different from the state of Defendant. |
| 14 | 14 | Corrected misspelling of "Older" |
| 15 | 16, 20 | Corrected misspelling of "Kombucha" |
| 20 | 18 | Corrected misspelling of "are" |
| 28 | 13 | Addition of Patel and Nunez as representatives of the California Subclass. |
| 28 | 16 | Addition of Schmidt and Nunez as representatives of the New York Subclass. |
| 28 | 19 | Addition of Nunez as a representative of the Under 21 Subclass. |
| 30 | 22 | Addition of Patel and Nunez as representatives of the California Subclass for Plaintiffs' Consumer Legal Remedies Act ("CLRA") claim. |
| 30 | 24-25 | Addition of Nunez as a representative of the Under 21 Subclass Plaintiffs' CLRA claim. |
| 33 | 25 | Addition of Patel and Nunez as representatives of the California Subclass for Plaintiffs' California Unfair Competition Law ("UCL") Claim. |
| 34 | 1 | Addition of Nunez as a representative of the Under 21 Subclass for Plaintiffs' UCL claim. |
| 36 | 16 | Addition of Patel and Nunez as representatives of the California Subclass for Plaintiffs' California False Advertising Law ("FAL") Claim. |

ii

| 36 | 18 | Addition of Nunez as a representative of the Under 21 Subclass for Plaintiffs' FAL claim. |
|---|---|---|
| 38 | 26 | Addition of Schmidt as a listed plaintiff for Plaintiffs' New York General Business Law § 349. |
| 39 | 1 | Addition of Schmidt and Nunez as representatives of the New York Subclass for Plaintiffs' New York General Business Law § 349 Claim. |
| 40 | 22 | Addition of Schmidt and Nunez to listed representative Plaintiffs for New York Subclass. |
| 40 | 25 | Addition of Schmidt and Nunez to listed representative Plaintiffs for New York Subclass. |
| 45 | 9-10 | Addition of Patel and Nunez to Plaintiff's prayer for relief for the California Subclass. |
| 45 | 14-15 | Addition of Schmidt and Nunez to Plaintiff's prayer for relief for the New York Subclass. |
| 45 | 19-20 | Addition of Nunez to Plaintiff's prayer for relief for Under 21 Subclass. |
| 46 | 12 | Updated date. |
| 46-47 | 46:13-47:13 | Removal of L. Timothy Fisher, Yeremey O. Krivoshey, Scott A. Bursor, Jeff Westerman, and Ken Remson as counsel.<br><br>Addition of Dovel & Luner as counsel. |

Dated: August 7, 2024

By: /s/ *Simon Franzini*
DOVEL & LUNER, LLP
Simon Franzini (SBN 287631)
simon@dovel.com
Gabriel Doble (SBN 335335)
gabe@dovel.com
Stephen D. Andrews (SBN 354327)
stephen@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

iii

Plaintiffs' Motion for Leave
to File Second Amended Complaint

Case No. 2:19-cv-10920-FMO-GJS

ZIMMERMAN REED LLP
Jeff Westerman (SBN 94559)
6420 Wilshire Blvd, Suite 1080
Los Angeles, CA 90048
Telephone: (877) 500-8780
Facsimile: (877) 500-8781
E-Mail: Jeff.Westerman@zimmreed.com

*Attorneys for Plaintiffs*

iv

Plaintiffs' Motion for Leave                                Case No. 2:19-cv-10920-FMO-GJS
to File Second Amended Complaint

**Table of Contents**

I.      Introduction.................................................................................................................1

II.     Argument. ...................................................................................................................1

        A.      There is good cause to amend the complaint under Rule 16............................1

        B.      Defendant cannot overcome the presumption that amendment must be
                allowed under Rule 15..........................................................................................4

III.    Conclusion ...................................................................................................................6

<u>**Memorandum of Points and Authorities**</u>

**I.      Introduction.**

In this putative class action, Plaintiffs challenge Defendant's sale of kombucha beverages as "non-alcoholic," when in fact they contain more than the legal limit of alcohol. On June 21, 2024, the Court denied Plaintiffs' motion for class certification without prejudice. Dkt. # 129. The Court expressed concern over Plaintiffs' then-current (now-former) counsel's ability to adequately represent the class in light of that counsel's involvement in a previous class action— *Retta v. Millennium Products, Inc.*, Case No. 15-CV-1801 (PSG) (C.D. Cal.)—against the same defendant.  Dkt. # 129 at 1-2. Although the Court made clear that "the majority of [its] concerns relate[d] to counsel," the Court also questioned whether the named plaintiffs would be adequate class representatives because, as a result of also being class members in the *Retta* action, they "would be subject to unique defenses." *Id.* at 2 n.3.

Immediately after the Court's order, Plaintiffs began seeking new counsel, and Plaintiffs' former counsel began the process of withdrawing from this case. Within a month, Plaintiffs retained new counsel—who was not involved in *Retta* and not previously involved in this action—and Plaintiffs' new counsel filed notices of appearance. Plaintiffs now move to amend the Complaint to add three additional named plaintiffs, who were not *Retta* class members. Plaintiffs maintain that the current named Plaintiffs are adequate class representatives for this action, despite previously being members of the *Retta* class. Nevertheless, Plaintiffs believe that it is in the best interests of the class to put forward class representatives who are not *Retta* class members in addition to ones who are. This will address any concerns that class members who were not also *Retta* class members are adequately represented. This constitutes good cause for amendment.

**II.     Argument.**

**A.      There is good cause to amend the complaint under Rule 16.**

A party may amend a pleading after the deadline has passed "for good cause and

Plaintiffs' Motion for Leave                                                    Case No. 2:19-cv-10920-FMO-GJS
to File Second Amended Complaint

with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

When a party diligently seeks an amendment after the presiding court identifies a potential deficiency with a complaint, the "good cause" standard is satisfied. The Ninth Circuit has held that a district court properly permits a party to amend its pleading when "the tenor of the case change[s] significantly" in light of a court order, and "this event, rather than any bad faith or dilatory purpose, motivate[s] [the] request" to amend. *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011). Accordingly, courts find that good cause exists for "amendments . . . aimed at remedying the deficiencies identified by the Court," so long as the movant "was diligent once the need for amendment became apparent." *Anderson v. United States*, 2019 U.S. Dist. LEXIS 65517, at *3 (W.D. Wash. Apr. 17, 2019).

For example, in *Anderson*, the court permitted a defendant to amend his answer when he "promptly filed [a] motion to amend" after "the Court found many of his affirmative defenses and counterclaims deficient." *Id.* As another example, good cause existed to amend plaintiff's complaint because plaintiff "diligently moved for leave to amend after receiving this Court's order explaining that its complaint and its barebones request for leave to amend were deficient." *Smoketree Holding LLC v. Apke*, 2024 U.S. Dist. LEXIS 32030, at *3 (D. Ariz. Feb. 23, 2024). And courts across the country have found good cause for amendments in similar circumstances. *See, e.g.*, *In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Practices Litig.*, 2002 U.S. Dist. LEXIS 20163, at *16 (D. Minn. Oct. 7, 2002) (finding good cause for amendment where plaintiffs were diligent in amending to add class representatives after the court had determined that ten of the eleven class representatives were time barred).

Here, Plaintiffs' proposed amendments are directly aimed at addressing the Court's potential concerns about the adequacy of the current named Plaintiffs to serve as class representatives. The Court's order on class certification—not any bad faith or

Plaintiffs' Motion for Leave
to File Second Amended Complaint

Case No. 2:19-cv-10920-FMO-GJS

dilatory purpose—motivates these amendments. Moreover, Plaintiffs acted diligently after receiving the Court's order. They immediately sought new counsel who was not involved in the *Retta* action.  And once new counsel was retained, Plaintiffs promptly sought to add the new plaintiffs, who were not *Retta* class members because they did not purchase Defendant's products during the *Retta* class period.[1] Thus, good cause exists because Plaintiffs acted diligently in light of the Court's order.

Allowing amendment here also serves Rule 16's purpose "to get cases decided on the merits of issues that are truly meritorious and in dispute." *Kirby v. McMenamins Inc.*, 2023 U.S. Dist. LEXIS 125674, at *11 (W.D. Wash. July 19, 2023) (quoting *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006)). Where there are factors that may "impede [a named plaintiff's] ability to represent a class," "add[ing] named plaintiffs" serves to "better address" the core question of whether the defendant "violate[d] the law." *Id.* at *11-12. Plaintiffs seek to add new representatives so that this case is best situated to address the core merits question at issue here: whether Defendant sells alcoholic drinks disguised as non-alcoholic drinks.

Moreover, allowing amendment also serves Rule 16's purpose "to manage the cases . . . 'efficiently and effectively,' not to enforce deadlines 'mindlessly' or for no good reason." *Diamond Resorts U.S. Collection Dev., LLC v. Pandora Mktg., LLC*, 2021 U.S. Dist. LEXIS 250481, at *12 (C.D. Cal. Feb. 16, 2021) (quoting *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005)). There is currently no trial date set. Thus, granting leave to amend will not "significantly delay the trial," and therefore "there is no good reason to refuse an extension." *Id.* On the other hand, if the new plaintiffs are not permitted to join this class action, they may be forced to file an entirely separate class action alleging the same facts against the same defendant. This would achieve the same result, but in a much more circuitous and inefficient manner than simply adding them to this action. Thus, "failing to allow [the addition of] new parties at this point would

---

[1] The *Retta* class period was March 11, 2011 to February 26, 2017. *Retta*, 2017 WL 5479637, at *3 (C.D. Cal. 2017).

Plaintiffs' Motion for Leave                                                    Case No. 2:19-cv-10920-FMO-GJS
to File Second Amended Complaint

merely require the filing of a new case and would waste the resources of both of the parties and the judiciary." *Krause-Pettai v. Unilever United States, Inc.*, 2022 U.S. Dist. LEXIS 114560, at *9 (S.D. Cal. June 28, 2022). "The policies favoring judicial economy suggest that these parties and matters should be litigated in a single action, rather than in multiple actions." *Id.*

### B. Defendant cannot overcome the presumption that amendment must be allowed under Rule 15.

After a plaintiff demonstrates good cause under Rule 16(b), then courts consider whether the requested amendment of the complaint is proper under Rule 15(a). *See Johnson*, 975 F.2d at 607-09. Under Rule 15(a), a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). "[T]here exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* at 1052. To overcome this presumption, the nonmoving party must show "prejudice, or a strong showing of any of the remaining *Foman* factors." *Id.* at 1052.[2]

Here, Defendant cannot show prejudice. As "[t]he party opposing amendment," Defendant "bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). The Court has yet to set a pretrial conference or trial date. *See* Scheduling Order (Dkt. # 24) at 18. "[T]he Ninth Circuit has noted that prejudice is especially unlikely where, as in this case, no trial date has been set." *Wilkins-Jones v. Cty. of Alameda*, 2011 U.S. Dist. LEXIS 92904, at *34 (N.D. Cal. Aug. 19, 2011) (citing *DCD Programs*, 833 F.2d at 187-88). Plus, the vast bulk of discovery has already been completed. The addition of new named Plaintiffs will not require Plaintiffs to obtain any new discovery from Defendant. Nor will their addition force Defendant to conduct

---

[2] The *Foman* factors are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital*, 316 F.3d at 1052.

Plaintiffs' Motion for Leave                                   Case No. 2:19-cv-10920-FMO-GJS
to File Second Amended Complaint

additional expert discovery. Instead, any new discovery will be limited to ascertaining whether the new named Plaintiffs are adequate class representatives, which can be accomplished efficiently in a matter of weeks.[3] Anyway, "the prospect of some additional discovery does not translate into unfair prejudice to the defendant." *Hazdovac v. Mercedes-Benz USA, LLC*, 2022 U.S. Dist. LEXIS 7110, at *8 (N.D. Cal. Jan. 13, 2022). And courts across the country have found "even if [the defendant] needs to depose each of the new class representatives and review documents related to their claims in the context of this litigation, four depositions and relatively limited document review hardly seems an undue burden." *In re Lutheran Bhd.*, 2002 U.S. Dist. LEXIS 20163, at *16; *Thurston v. Progressive Cas. Ins. Co.*, 2024 U.S. Dist. LEXIS 114030, at *6 (D. Me. June 28, 2024) ("[New named plaintiffs'] addition to the case will not require a total restart of fact discovery but rather a brief reopening to investigate their individual claims.").

Nor can Defendant make a showing (much less a strong one) that any of the remaining *Forman* factors weigh against amendment. As just described, any delay introduced by the amendment would be minimal, and more than warranted to ensure that the proposed class is adequately represented. There was no bad faith or dilatory motive on Plaintiffs' part: Plaintiffs promptly sought leave to amend as soon as the Court identified a potential problem with the existing class representatives; and they are seeking amendment for a legitimate reason (to ensure that the interests of all class members are adequately protected). There have not been any prior attempts to cure the potential deficiencies the Court identified with the existing named Plaintiffs as class representatives. And amendment would not be futile, as it would result in the addition of proposed class representatives who are not *Retta* class members and thus cannot possibly be subject to the concern the Court articulated in its class certification order.

Finally, the Court "must be guided by the underlying purpose of Rule 15—to

---

[3] If the amendment is permitted, the proposed new Plaintiffs will respond to the same discovery already served on the existing Plaintiffs on an expedited basis and promptly make themselves available for deposition.

5

facilitate decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotation marks omitted). As described above, allowing the addition of new named plaintiffs will facilitate a decision on the merits and will avoid the judicial inefficiencies that would accompany having to file an entirely separate proceeding on behalf of new plaintiffs to represent proposed class members who are not *Retta* class members.

**III.    Conclusion.**

The Court should grant Plaintiffs' motion to amend the complaint.

Dated: August 7, 2024                    Respectfully submitted,

By: /s/ *Simon Franzini*
DOVEL & LUNER, LLP
Simon Franzini (SBN 287631)
simon@dovel.com
Gabriel Doble (SBN 335335)
gabe@dovel.com
Stephen D. Andrews (SBN 354327)
stephen@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

ZIMMERMAN REED LLP
Jeff Westerman (SBN 94559)
6420 Wilshire Blvd, Suite 1080
Los Angeles, CA 90048
Telephone: (877) 500-8780
Facsimile: (877) 500-8781
E-Mail: Jeff.Westerman@zimmreed.com

*Attorneys for Plaintiffs*

Plaintiffs' Motion for Leave                    Case No. 2:19-cv-10920-FMO-GJS
to File Second Amended Complaint

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certify that this brief contains 1,892 words, which complies with the word limit of L.R. 11-6-1.

Dated: August 7, 2024

Respectfully submitted,

By: /s/ *Simon Franzini*
DOVEL & LUNER, LLP
Simon Franzini (SBN 287631)
simon@dovel.com
Gabriel Doble (SBN 335335)
gabe@dovel.com
Stephen D. Andrews (SBN 354327)
stephen@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

ZIMMERMAN REED LLP
Jeff Westerman (SBN 94559)
6420 Wilshire Blvd, Suite 1080
Los Angeles, CA 90048
Telephone: (877) 500-8780
Facsimile: (877) 500-8781
E-Mail: Jeff.Westerman@zimmreed.com

*Attorneys for Plaintiffs*

7

Plaintiffs' Motion for Leave
to File Second Amended Complaint

Case No. 2:19-cv-10920-FMO-GJS