Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Gabriel Z. Doble (Cal. Bar No. 335335)
gabe@dovel.com
Stephen Andrews (Cal. Bar No. 354327)
stephen@dovel.com
**DOVEL & LUNER, LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELANEY SHARPE, ERIN WEILER, JENNA LEDER, ADRIANA DIGENNARO, AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ, on Behalf of Themselves and all Others Similarly Situated, | Case No.  2:19-cv-10920-FMO-GJS |
| | **SECOND AMENDED CLASS ACTION COMPLAINT** |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| GT'S LIVING FOODS, LLC., | |
| Defendant. | |

Plaintiffs Delaney Sharpe, Erin Weiler, Jenna Leder, Adriana DiGennaro, Amit Patel, Lauren Schmidt, and Christopher Nunez ("Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Defendant GT's Living Foods, LLC ("Defendant").  Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

## INTRODUCTION

1.      GT's Living Foods, LLC has passed off millions of bottles of its wildly successful Enlightened Kombucha[1] beverages as non-alcoholic, when, in fact, the beverages contain 18 to 442 percent more alcohol than the legal limit for non-alcoholic beverages.  Having been caught selling alcoholic kombucha beverages to unsuspecting customers in 2006 and 2010, Millennium decided to market and distribute an alcoholic version of its kombucha products (the "Classic" kombucha line) and a so called "non-alcoholic" version (the "Enlightened" line), knowing that omitting information on true alcohol content to give the impression there is a non-alcoholic line provides much greater market appeal and enables sales in far more retail locations.  But the purported distinction between the "Classic" and "Enlightened" lines is a sham designed to confuse the public and government

---

[1] Enlightened Kombucha refers to every flavor of Defendant's Enlightened Synergy and Enlightened Kombucha beverages sold nationwide, as described herein, including, but not limited to, the following flavors: Original, Gingerade, Laveder Love, Hibiscus Ginger, Lemonade, Multi-Green, Bilberry Blessing, Cayennade, Tantric Turmeric, Heart Beet, Golden Sage, Cucumber Mint Lime, Karma Citra, Koffee, Strawberry Lemonade, Pomegranate Power, Rose Berry, Pink Lady Basil, Watermelon Wonder, Trilogy, Mystic Mango, Cosmic Cranberry, Guava Goddess, Gingerberry, Passionberry Bliss, Strawberry Serenity, Cherry Chia, Grape Chia, Raspberry Chia, and Black Chia.  The various flavors of Enlightened Kombucha are substantially identical other than their flavor profile, as each flavor is above the 0.5 percent alcohol by volume threshold and understates the amount of sugar in the beverages.  None of the flavors has the requisite government warning required for alcoholic beverages.

regulators, as both lines of products contain alcohol levels far surpassing the legal limit for non-alcoholic beverages.

2.      Further, Defendant greatly understates by omission the sugar content of its Enlightened Kombucha beverages on the products' labels, making consumers believe the beverages are healthier than they really are.  Independent testing shows that Defendant's Enlightened Kombucha contains more than 15 percent more sugar than listed on the beverages' labels.  Indeed, the undeclared high sugar content of Defendant's Enlightened Kombucha beverages contributes to the continued fermentation of the beverages after bottling.  As discussed herein, such continued fermentation causes the Enlightened Kombucha line to cross the .5 percent alcohol by volume threshold set for non-alcoholic beverages.

3.      Plaintiffs purchased numerous bottles of Defendant's Enlightened Kombucha beverages based on Defendant's misleading advertising and labeling of the products.

4.      Plaintiffs seek relief in this action individually, and on behalf of all purchasers of Defendant's Enlightened Kombucha beverages, for Defendant's violations of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq*., Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq*., False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq*., and New York's Deceptive and Unfair Trade Practices Act, New York General Business Law § 349 ("NYGBL"), for breach of express and implied warranties, fraud, and unjust enrichment.

## **PARTIES**

5.      Plaintiff Adriana DiGennaro is a citizen of New York, residing in Brooklyn.  Between February 28, 2017 and the end of 2018, Ms. DiGennaro purchased Enlightened Kombucha in at least the following flavors: Trilogy, Cayennade, Gingerade, Watermelon Wonder, and Multi-Green.  Plaintiff DiGennaro

purchased Enlightened Kombucha at Fine Fare Supermarket in Brooklyn, New York. Plaintiff DiGennaro purchased the products with the belief and on the basis that the products were non-alcoholic. The labels of the Enlightened Kombucha beverages she purchased did not bear a government warning concerning the consumption of alcoholic beverages, nor any other clear or conspicuous warning regarding the beverages' high alcohol content. Plaintiff DiGennaro did not have to show any identification of her age in order to purchase the Enlightened Kombucha products. The Enlightened Kombucha beverages were displayed in a section separate from other alcoholic beverages at the retail location at which she made her purchases. Plaintiff DiGennaro would not have purchased the products at the time had she known that they contained significant levels of alcohol and were considered alcoholic beverages. Further, Plaintiff DiGennaro would have paid significantly less for the products, or not have purchased them, had she known that the products mischaracterized the level of sugar in the bottles.

6.      Plaintiff DiGennaro had been sober (had not knowingly consumed alcohol) since 2012, and would not have risked breaking her sobriety by purchasing Enlightened Kombucha had she known that it contained spiked levels of alcohol.

7.      Plaintiff DiGennaro will be unable to rely on Enlightened Kombucha beverages' labeling and advertising in the future, and so will be unable to purchase Enlightened Kombucha in the future, although she would like to. Plaintiff DiGennaro continues to purchase kombucha products, although she does not currently purchase Enlightened Kombucha beverages, and intends on continuing purchasing kombucha products in the future.

8.      Plaintiff Jenna Leder is a citizen of New Jersey, residing in Red Bank. Within the past seven years (including after February 28, 2017), Plaintiff Leder purchased Enlightened Kombucha in at least the following flavors: Trilogy, Cayennade, Lemonade, Guava Goddess, Strawberry Serenity, and Cosmic

Cranberry.  Plaintiff Leder purchased Enlightened Kombucha at Whole Foods, Deans Natural Food Market, Wegmans, and Target in New Jersey, New York, and Delaware.  Plaintiff Leder purchased the products with the belief and on the basis that the products were non-alcoholic.  The labels of the Enlightened Kombucha beverages she purchased did not bear a government warning concerning the consumption of alcoholic beverages, nor any other clear or conspicuous warning regarding the beverages' high alcohol content.  Plaintiff Leder did not have to show any identification of her age in order to purchase the Enlightened Kombucha products.  The Enlightened Kombucha beverages were displayed in a section separate from other alcoholic beverages at the retail locations at which she made her purchases.  Plaintiff Leder would not have purchased the products at the time had she known that they contained significant levels of alcohol and were considered alcoholic beverages.  Further, Plaintiff Leder would have paid significantly less for the products, or not have purchased them, had she known that the products mischaracterized the level of sugar in the bottles.

9.    Due to medical and health reasons, Plaintiff Leder does not knowingly consume any alcohol.  When she consumed the Enlightened Kombucha she purchased, she experienced feeling "buzzed," as if from alcohol.  However, because Enlightened Kombucha is marketed as a non-alcoholic beverage, she did not know that those feelings were in fact from the alcohol in Enlightened Kombucha.  Accordingly, Enlightened Kombucha put her health and recovery from a prior medical procedure in peril.

10.    Plaintiff Leder will be unable to rely on Enlightened Kombucha beverages' labeling and advertising in the future, and so will be unable to purchase Enlightened Kombucha in the future, although she would like to.  Plaintiff Leder continues to purchase kombucha products, although she does not currently purchase

Enlightened Kombucha beverages, and intends on continuing purchasing kombucha products in the future.

11.    Plaintiff Erin Weiler is a citizen of California, residing in Beverly Hills. Within the past seven years (including after February 28, 2017), Plaintiff Weiler purchased Enlightened Kombucha in at least the following flavors: Trilogy, Guava Goddess, Gingerade, Cayennade, Multi-Green, and Original.  Plaintiff Weiler purchased Enlightened Kombucha at Whole Foods, Trader Joe's, and Erewhon Market in in the Los Angeles area.  Plaintiff Weiler purchased the products with the belief and on the basis that the products were non-alcoholic.  The labels of the Enlightened Kombucha beverages she purchased did not bear a government warning concerning the consumption of alcoholic beverages, nor any other clear or conspicuous warning regarding the beverages' high alcohol content.  Plaintiff Weiler did not have to show any identification of her age in order to purchase the Enlightened Kombucha products.  The Enlightened Kombucha beverages were displayed in a section separate from other alcoholic beverages at the retail locations at which she made her purchases.  Plaintiff Weiler would not have purchased the products at the time had she known that they contained significant levels of alcohol and were considered alcoholic beverages.  Further, Plaintiff Weiler would have paid significantly less for the products, or not have purchased them, had she known that the products mischaracterized the level of sugar in the bottles.

12.    Plaintiff Weiler has been sober (has not knowingly consumed alcohol) since 2006, and would not have risked breaking her sobriety by purchasing Enlightened Kombucha had she known that it contained spiked levels of alcohol.

13.    Plaintiff Weiler will be unable to rely on Enlightened Kombucha beverages' labeling and advertising in the future, and so will be unable to purchase Enlightened Kombucha in the future, although she would like to.  Plaintiff Weiler continues to purchase kombucha products, although she does not currently purchase

1   Enlightened Kombucha beverages, and intends on continuing purchasing kombucha
2   products in the future.

3          14.    Plaintiff Delaney Sharpe is a citizen of California, residing in Los
4   Angeles.  Within the past six years, Plaintiff Sharpe purchased Enlightened
5   Kombucha in at least the following flavors: Pink Lady Basil, Guava Goddess,
6   Watermelon Wonder, and Trilogy.  Plaintiff Sharpe purchased Enlightened
7   Kombucha at Whole Foods, Ralphs, and Sprouts in in the Los Angeles area and in
8   Colorado.  Plaintiff Sharpe purchased the products with the belief and on the basis
9   that the products were non-alcoholic.  The labels of the Enlightened Kombucha
10  beverages she purchased did not bear a government warning concerning the
11  consumption of alcoholic beverages, nor any other clear or conspicuous warning
12  regarding the beverages' high alcohol content.  Plaintiff Sharpe did not have to show
13  any identification of her age in order to purchase the Enlightened Kombucha
14  products.  The Enlightened Kombucha beverages were displayed in a section
15  separate from other alcoholic beverages at the retail locations at which she made her
16  purchases.  Plaintiff Sharpe would not have purchased the products at the time had
17  she known that they contained significant levels of alcohol and were considered
18  alcoholic beverages.  Further, Plaintiff Sharpe would have paid significantly less for
19  the products, or not have purchased them, had she known that the products
20  mischaracterized the level of sugar in the bottles.

21         15.    Plaintiff Sharpe was under the age of 21 (and over the age of 18) when
22  she purchased Enlightened Kombucha, and was under 21 years of age as of the date
23  of the filing of the original Complaint.  Had Enlightened Kombucha been properly
24  labeled as an alcoholic beverage, it would have been illegal for her to purchase the
25  beverages.  Because Enlightened Kombucha is an alcoholic beverage, it was
26  unlawful for Defendant to manufacture and label the beverage as a non-alcoholic
27  product and cause the beverage to be sold to Plaintiff Sharpe.  At the time of the
28

SECOND AMENDED CLASS ACTION COMPLAINT                                  6

relevant purchases, Plaintiff Sharpe could not lawfully purchase alcoholic beverages, and, accordingly, would not have purchased Enlightened Kombucha had she known that it is an alcoholic beverage.

16.    Plaintiff Sharpe will be unable to rely on Enlightened Kombucha beverages' labeling and advertising in the future, and so will be unable to purchase Enlightened Kombucha in the future, although she would like to.  Plaintiff Sharpe continues to purchase kombucha products, although she does not currently purchase Enlightened Kombucha beverages, and intends on continuing purchasing kombucha products in the future.

17.    Plaintiff Amit Patel is a citizen of California, residing in Santa Monica, California.  Beginning in 2021, Plaintiff Patel purchased Enlightenment Kombucha in at least the following flavors: Trilogy, Ginger, Kiwi Strawberry.  Plaintiff Patel purchased Enlightened Kombucha at Whole Foods in the San Francisco and Los Angeles areas. Plaintiff Patel purchased the products with the belief and on the basis that the products were non-alcoholic.  The labels of the Enlightened Kombucha beverages he purchased did not bear a government warning concerning the consumption of alcoholic beverages, nor any other clear or conspicuous warning regarding the beverages' high alcohol content. Plaintiff Patel did not have to show any identification of his age in order to purchase the Enlightened Kombucha products.  The Enlightened Kombucha beverages were displayed in a section separate from other alcoholic beverages at the retail locations at which he made his purchases.  Plaintiff Patel drinks alcohol very rarely. He would not have purchased the products had he known that they contained significant levels of alcohol and were considered alcoholic beverages.  Further, Plaintiff Patel is a health-conscious individual and would not have purchased Enlighted Kombucha had he known that the products mischaracterized the level of sugar in the bottles.

18.    Plaintiff Patel will be unable to rely on Enlightened Kombucha beverages' labeling and advertising in the future, and so he will be unable to purchase Enlightened Kombucha in the future, although he would like to.  Plaintiff Patel continues to purchase kombucha products, although he does not currently purchase Enlightened Kombucha beverages, and he intends on continuing purchasing kombucha products in the future.

19.    Plaintiff Christopher Nunez is a citizen of California, residing in Citrus Heights, California.  Beginning after the COVID-19 pandemic, in approximately 2020 or 2021, Plaintiff Nunez purchased Enlightenment Kombucha in at least the following flavors: Pineapple, Watermelon, Mango, Lavender, Guava, Cranberry, and Trilogy.  Plaintiff Nunez purchased Enlightened Kombucha at retail locations, such as Safeway in the Citrus Heights area and at local bodegas/markets (such as Morton Williams, Westside Market, and Apple Tree Deli) in the New York City area. Plaintiff Nunez purchased the products with the belief and on the basis that the products were non-alcoholic.  The labels of the Enlightened Kombucha beverages he purchased did not bear a government warning concerning the consumption of alcoholic beverages, nor any other clear or conspicuous warning regarding the beverages' high alcohol content. Plaintiff Nunez did not have to show any identification of his age in order to purchase the Enlightened Kombucha products. The Enlightened Kombucha beverages were displayed in a section separate from other alcoholic beverages at the retail locations at which he made his purchases; in fact, the Enlightened Kombucha beverages were sold in the "health food" area of the stores.  Plaintiff Nunez would not have purchased the products at the time had he known that they contained significant levels of alcohol and were considered alcoholic beverages.  Further, Plaintiff Nunez is a health-conscious individual who began drinking Enlightened Kombucha as an alternative to soda, and he would not

SECOND AMENDED CLASS ACTION COMPLAINT                                        8

have purchased the products had he known that the products mischaracterized the level of sugar in the bottles.

20.    Plaintiff Nunez was under the age of 21 (and over the age of 18) when he purchased Enlightened Kombucha, and he was under 21 years of age as of the date of the filing of the original Complaint.  Had Enlightened Kombucha been properly labeled as an alcoholic beverage, it would have been illegal for him to purchase the beverages.  Because Enlightened Kombucha is an alcoholic beverage, it was unlawful for Defendant to manufacture and label the beverage as a non-alcoholic product and cause the beverage to be sold to Plaintiff Nunez.  At the time of the relevant purchases, Plaintiff Nunez could not lawfully purchase alcoholic beverages and, accordingly, would not have purchased Enlightened Kombucha had he known that it is an alcoholic beverage.

21.    Plaintiff Nunez will be unable to rely on Enlightened Kombucha beverages' labeling and advertising in the future, and so will be unable to purchase Enlightened Kombucha in the future, although he would like to.  Plaintiff Nunez continues to purchase kombucha products, although he does not currently purchase Enlightened Kombucha beverages, and he intends on continuing purchasing kombucha products in the future.

22.    Plaintiff Lauren Schmidt is a citizen of New York, residing in Northport. Beginning during the COVID-19 pandemic, in approximately 2019 or 2020, Plaintiff Schmidt purchased Enlightenment Kombucha in at least the following flavors: Trilogy, Blueberry, Guava Goddess, and Cranberry. Plaintiff Schmidt purchased Enlightened Kombucha at retail locations, such as Stop and Shop in the Northport area. Plaintiff Schmidt purchased the products with the belief and on the basis that the products were non-alcoholic.  The labels of the Enlightened Kombucha beverages she purchased did not bear a government warning concerning the consumption of alcoholic beverages, nor any other clear or conspicuous warning

regarding the beverages' high-alcohol content. Plaintiff Schmidt did not have to show any identification of her age in order to purchase the Enlightened Kombucha products. The Enlightened Kombucha beverages were displayed in a section separate from other alcoholic beverages at the retail locations at which she made her purchases; in fact, the Enlightened Kombucha beverages were sold in the "health food" area of the stores. Plaintiff Schmidt would not have purchased the products had she known that they contained significant levels of alcohol and were considered alcoholic beverages. Further, Plaintiff Schmidt is a health-conscious individual, and she would not have purchased the products had she known that the products mischaracterized the level of sugar in the bottles.

23. Plaintiff Schmidt was sober (she did not knowingly consume alcohol) in 2021, and she relied on kombucha products as an alternative to alcohol. She would not have risked breaking her sobriety by purchasing Enlightened Kombucha had she known that it contained spiked levels of alcohol.

24. Plaintiff Schmidt will be unable to rely on Enlightened Kombucha beverages' labeling and advertising in the future, and so she will be unable to purchase Enlightened Kombucha in the future, although she would like to.

25. Defendant GT's Living Foods, LLC is a Delaware corporation headquartered at 4646 Hampton St., Vernon, California 90058. Defendant manufactures, advertises, sells, distributes, and markets Enlightened Kombucha as alleged herein nationwide, including in California. Defendant's incomplete misleading marketing, advertising and product information concerning the sugar and alcohol content in Enlightened Kombucha was conceived, reviewed, approved, and otherwise controlled from Defendant's California headquarters. Defendant's misleading marketing concerning the alcohol and sugar content of Enlightened Kombucha was coordinated at, emanated from, and was developed at its California

SECOND AMENDED CLASS ACTION COMPLAINT                              10

headquarters.  All critical decisions regarding the misleading sugar and alcohol marketing of Enlightened Kombucha were made in California.

## JURISDICTION AND VENUE

26.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and Plaintiffs DiGennaro, Leder, and Schmidt, as well as most members of the proposed class, are citizens of states different from the state of Defendant. Defendant has sold hundreds of thousands, if not millions, of bottles of Enlightened Kombucha.

27.    This Court has general jurisdiction over Defendant because it is headquartered in California.  Further, the Court has general jurisdiction over Defendant because Defendant conducts substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California.

28.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the challenged mislabeling, misbranding, and marketing practices have been disseminated and committed in this District and because Defendant is headquartered in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION
### Defendant's "Non-Alcoholic" Kombucha Beverages Are Greater Than .5% Alcohol By Volume

29.    Defendant's GT's Kombucha Beverages – comprised of the "G.T.'s Kombucha" and "Synergy" brands - are nearly identical products, with nearly identical advertising, using different names.  The name "kombucha" itself comes from the common name for what is essentially a fermented tea drink.  Kombucha is made of tea that ferments for up to a month while a "blob" of bacteria known as "scoby" (for symbiotic colony of bacteria and yeast) floats on top.  The scoby

purportedly "eats the sugar, tannic acids, and caffeine in the tea, and creates a cocktail of live microorganisms." Basic chemistry explains that the scoby converts the sugar into carbon dioxide and alcohol. Defendant's "G.T.'s Kombucha" brand is advertised as 98 percent kombucha and 2 percent juice, while the bottles of the "Synergy" brand purportedly consist of 95 percent kombucha and 5 percent juice added for taste.

30.    In 2010, major retailers throughout the country, including Whole Foods, were forced to immediately stop selling GT's kombucha beverages because it was discovered that the beverages contained alcohol levels as high as 2.5 percent by volume, roughly five times the legal limit for non-alcoholic beverages. In response, Defendant released an "Enlightened" line of the products, named "Enlightened Synergy" and "GT's Enlightened Kombucha," and a "Classic" line of kombucha products. The Enlightened line was purportedly slightly altered to ensure that the products did not exceed the 0.5 percent alcohol by volume threshold, while the Classic retained the original alcoholic formula. Around the time of the labeling change, the labels of the "Classic" line stated:

> NOTE TO OUR BELOVED FANS: GT's Kombucha is raw and alive, hand-crafted by nature and made with the best intentions. We refuse to do anything that could compromise our product's integrity or effectiveness. That's why we have chosen to modify our labeling instead of changing the way we make our products.

31.    A display on Defendant's website summarized that the "Classic" line retained the "Original" alcoholic formula:

Once An Original…Now A Classic.

We're proud to bring back the formula that started it all.  Must be 21 years or older to purchase.





32.    Currently, Defendant's website explains the difference between the "Classic" and "Enlightened" lines as follows:

**What's the difference between GT's Enlightened Kombucha, GT's Classic Kombucha, and GT's Classic Gold Kombucha?**

Did you know that we make two lines of Kombucha?  We do! The main difference is the level of alcohol in each offering and the color of the glass we bottle it in.

***GT's Enlightened Kombucha*** is served in clear glass bottles with white caps and available for people of all ages.

SECOND AMENDED CLASS ACTION COMPLAINT                                    13

> *GT's Classic Kombucha* is served in dark amber bottles with black caps and contains over 0.5 – 1 % alcohol-by-volume.  For this reason, GT's Classic Kombucha is only available to those over 21…
>
> *GT's Classic Gold Kombucha* is our take on hard Kombucha. Each offering contains 3 % ABV, making it a better-for-you happy hour alternative for those over 21…[2]

33.    Defendant's transition from a single line of kombucha beverages to two separate lines of kombucha beverages, the "Classic" and "Enlightened" lines, however, is a sham.  In fact, both the Classic and Enlightened versions of the products contain alcohol above the 0.5 percent by volume threshold set by Federal and State laws regulating the sale, marketing, labeling, and distribution of alcoholic beverages.

34.    The front of the labels of the Classic line, including Classic Kombucha and Classic Synergy, have, at various time, bore a prominent display stating, in capitalized letters, "CONTAINS ALCOHOL MUST BE 21 OR OLDER TO PURCHASE."  The beverages' caps or lids are wrapped in a removable wrapping stating "over 21."  The Classic line of beverages also include the following federally mandated government warning on their labels:

> GOVERNMENT WARNING: (1) ACCORDING TO THE SURGEON GENERAL, WOMEN SHOULD NOT DRINK ALCOHOLIC BEVERAGES DURING PREGNANCY BECAUSE OF THE RISK OF BIRTH DEFECTS. (2) CONSUMPTION OF ALCOHOLIC BEVERAGES IMPAIRS YOUR ABILITY TO DRIVE A CAR OR OPERATE MACHINERY, AND MAY CAUSE HEALTH PROBLEMS.

Just below the government warning, the Classic labels have stated: "Kombucha is a cultured tea that is low in alcohol however federal law requires a warning statement on any product that may contain more than 0.5% of alcohol per volume."

---

[2] https://gtslivingfoods.com/faq/raw-kombucha/ (last accessed on November 15, 2019) (bolding and emphasis in original).



35.     Just below the Nutrition Facts section, the Classic labels have stated: "**This product is considered a beer** and contains a natural effervescence.  Please open carefully." (emphasis added).

36.     The labels of the Enlightened line, however, do not contain any of the aforementioned displays, warnings, or markings concerning the alcohol content of the beverages.  Unlike the Classic line, Defendant sells Enlightened Kombucha to persons of any age, including those under the age of 21.

37.     Indeed, Defendant actively promotes Enlightened Kombucha as non-alcoholic and promotes its consumption even for children and pregnant women.  The Frequently Asked Questions section of Defendant's website states:

**Can children drink GT's Enlightened Kombucha?**

Our Enlightened Kombucha can be safe for children and can also be a better-for-you alternative to sugary juices and soda…

**Can I drink GT's Enlightened Kombucha if I'm pregnant or breastfeeding?**

We have heard from many mothers who continue to drink Kombucha during pregnancy and while breastfeeding…

**I heard that there is alcohol in Kombucha.  Why is this?**

> Alcohol is a natural byproduct of fermentation and can be found in all fermented foods, like miso, kefir, sauerkraut, and kimchi. This alcohol is very beneficial, as it provides a natural form of food preservation – Nature's self-defense against contamination and bacteria.
>
> Sometimes people mistake the feeling they get from drinking Kombucha for a "buzzed" feeling, yet this is not the case with our Enlightened Kombucha.  It's simply the detoxifying effect that can occur from the influx of probiotics…[3]

38.    As discussed above, however, the "buzzed" feeling people feel from drinking Enlightened Kombucha is from the alcohol in the beverages, not from a purported "detoxifying effect," as stated on Defendant's website.  Defendant's marketing is incredibly dangerous as it attempts to convince people that the "buzz" they feel from drinking Defendant's alcoholic beverages is not actually due to alcohol, and, accordingly, that there is nothing to worry about.  Defendant, in effect, actively encourages people to distrust their own feelings of alcohol intoxication and convince them that their feelings of alcohol intoxication are not real.

39.    While pasteurized versions of kombucha products are non-alcoholic, as the pasteurization kills the yeast in the kombucha, the raw (unpasteurized) versions of kombucha become alcoholic over time as the living yeast in the beverage converts sugars into alcohol.  Such natural conversion of sugar to alcohol in unpasteurized kombucha beverages can result in alcohol levels as high as 4 percent alcohol by volume, roughly the same alcohol content as regular beer.

40.    Because both the "Classic" and "Enlightened" versions of Defendant's kombucha beverages are unpasteurized, each set of beverages predictably undergoes a natural fermentation process where the yeast in the beverages converts the sugar in the products into alcohol.  While Defendant claims that it has found a way to brew its Enlightened line of products such that the products never cross the 0.5 percent alcohol threshold post-bottling, many rigorous independent tests uniformly show that

---

[3] *Id*. (underlining added).

each of the beverages in the Enlightened line contains greater than 0.5 percent alcohol by volume, and are often as alcoholic as their "alcoholic" "Classic" counterpart.

41.    One of the major reasons that both the Enlightened and Classic lines become alcoholic is because the beverages' labels vastly underreport the amount of sugar in the products.  As discussed above, the yeast in these raw kombucha beverages converts the high sugar content into alcohol.  Aside from causing the Enlightened Kombucha beverages to become alcoholic, the misrepresented sugar content of Enlightened Kombucha causes the beverages to be less healthy than advertised.[4]  The misrepresented amount of sugar in Enlightened Kombucha, by omitting to disclose the full amount, is misleading to consumers and misled the Plaintiffs, and causes the products to be misbranded.

**Defendant's History Of Fraudulently Manufacturing Kombucha Beverages With Alcohol Levels Above The 0.5 Percent Alcohol By Volume Threshold**

42.    Defendant's fraudulent marketing and labeling of its kombucha beverages as non-alcoholic, when in fact they contain substantial amounts of alcohol, stretches back at least several years before the 2010 recall, and likely to the formation of the company in 1995.

43.    For example, on September 1, 2006, Defendant (through a related entity) reached a settlement with the Bureau of Alcohol, Tobacco and Firearms (currently operating as the Alcohol and Tobacco Tax and Trade Bureau or "TTB") for selling kombucha beverages "that contained over 0.5% alcohol without having a basic permit, a violation of 27 U.S.C. 203(b)(1)&(2) and 27 CFR 24.106" and for selling such beverages "without the proper labels [or] labels approvals," and for

---

[4] *See, e.g.*, KRISTIN KIRKPATRICK, M.S., R.D., L.D., 10 THINGS YOU DON'T KNOW ABOUT SUGAR (The Huffington Post, 2013) (summarizing that high sugar diets can be the source of obesity, heart failure, and cancer).

SECOND AMENDED CLASS ACTION COMPLAINT                                    17

distributing the products "without the government warning statement, a violation of 27 U.S.C. 215(a) and 27 CFR 16.21."[5]

44.    In 2010, an inspector from the Maine Department of Agriculture noticed that some bottles of kombucha were leaking and bubbling in one of Whole Foods' Portland stores, sparking Federal Drug Administration ("FDA") and TTB investigations concerning the alcohol content of various kombucha products, including GT's Kombucha.  After it was discovered that many kombucha products had alcohol levels as high as 2.5 percent by volume, Whole Foods pulled kombucha products, including GT's Kombucha products, off the shelves.

45.    Several other manufacturers of kombucha beverages, such as Honest Tea, owned and operated by the Coca-Cola Company, were unable to reformulate their kombucha beverages to ensure that the products never crossed the 0.5 alcohol by volume threshold at retail or consumption.  "Despite reformulating its kombucha drinks in August 2010, Honest Tea found that the level of alcohol in Honest Kombucha – when left at room temperature – increased beyond 0.5 percent.  Citing the difficulty in maintaining legal alcohol levels, Honest Tea discontinued the line in December 2010."[6]

46.    Defendant's C.E.O., GT Dave, however, "was unwilling to radically change [its] process."  While "[s]ome brewers use pasteurization to help control the alcohol content in their products, or ferment for shorter periods and add forced carbonation," GT Dave claimed that Defendant "changed the potential for alcohol by controlling the chemistry of the fermentation" for its Enlightened line of kombucha

---

[5] A copy of the charge and settlement agreement is attached to this Complaint as Exhibit 1.
[6] Ray Latif, *Kombucha Class Action Suits Settled with GT's, Honest Tea*, BevNet.com, Nov. 8, 2011.  Available at http://www.bevnet.com/news/2011/kombucha-class-action-suits-settled-with-gts-honest-tea (last accessed December 26, 2019).

beverages.[7]  As described above, the Enlightened line is a "raw" and "unpasteurized" kombucha, necessarily meaning that the beverages continue to ferment and increase in alcohol over time, especially if left unrefrigerated for even short periods of time. Whatever changes Defendant made to its Enlightened line, if any, are ineffective at curbing the accumulation of alcohol in the products past 0.5 percent alcohol by volume through the normal and expected use of the products.

**Testing from TTB Accredited Laboratories Shows that Enlightened Kombucha has Greater than 0.5 Percent Alcohol by Volume**

47.    Brewing & Distilling Analytical Services, LLC ("BDAS"), an Alcohol and Tobacco Tax and Trade Bureau certified laboratory, conducted tests on multiple batches of Enlightened Kombucha.  BDAS utilized scientifically valid, TTB approved methodology for testing kombucha beverages.  Each test showed that every bottle of the products tested contained a level of alcohol by volume greater than 0.5 percent.  Specifically, in February 2018, BDAS tested the alcohol by volume content of the following flavors of Defendant's Enlightened Kombucha: Multi-Green, Strawberry Serenity, and Original.  The alcohol by volume content of these samples ranged between 0.59 - 1.40 percent alcohol by volume.  Then, in September 2019, BDAS tested the alcohol by volume content of the following flavors of Defendant's Enlightened Kombucha: Gingerberry, Strawberry Serenity, Watermelon Wonder, Passionberry Bliss, Guava Goddess, Pink Lady Basil, Trilogy, Lavender Love, Heart Beet, Tantric Tumeric, Gingerade, Original, Hibiscus Ginger, Cayennade, Lemonade, Multi-Green, Raspberry Chia, Cosmic Cranberry, and Mystic Mango. The alcohol by volume content of these samples ranged between 0.71 and 2.21 percent alcohol by volume.  At the time of the testing, none of the products had

---

[7] Tom Foster, *Meet the King of Kombucha*, Inc., March 2015.  Available at http://www.inc.com/magazine/201503/tom-foster/the-king-of-kombucha.html (last accessed December 26, 2019).

passed their stated expiration date. Not a single product tested was below the federally mandated 0.5 percent alcohol by volume limit.

48.    In September 2019, BDAS also tested all of the same samples of Enlightened Kombucha (as discussed above) to determine the beverages' sugar content. BDAS's test results showed that Enlightened Kombucha beverages contain more than 15 percent more sugar than declared on the beverages' labels.

49.    Multiple other independent laboratories have tested Defendant's Enlightened Kombucha products and have seen nearly identical results. For instance, in February 2019, Blake Ebersole, one of the foremost experts in kombucha alcohol testing in the United States, tested 29 samples of Defendant's Enlightened Kombucha products using AOAC Official Method of Analysis AOAC 2016.12, a gas chromatography with flame ionization detection (GC-FID) with headspace autosampling methodology, run by Covance-Eurofins Laboratory. Mr. Ebersole found that "[a]ll 29 [Enlightened Kombucha] samples tested contained greater than 0.5 percent alcohol by volume (% ABV), with results ranging from 0.64 – 1.85% ABV. This is between 28% and 370% higher than the legal limit of 0.5% ABV." A copy of Mr. Ebersole's declaration, which discusses his testing methodology and results, are attached to the Complaint as Exhibit 2.

50.    Mr. Ebersole also "conducted testing in December 2015 and July 2016 using the same analytical method (AOAC 2016.12) at Covance on 21 [Enlightened Kombucha] samples. All 21 [Enlightened Kombucha] samples contained greater than 0.5% ABV, ranging from 1.09 – 1.96% ABV. This is between 218 and 392% higher than the legal limit of 0.5% ABV." *See* Exhibit 2, at ¶ 12(b).

51.    Mr. Ebersole also "conducted testing in March 2016 within a method verification and round-robin study that yielded four candidate methods from three laboratories (including the headspace GC-FID method). [Mr. Ebersole] found consistency in results among the laboratories on four [Enlightened Kombucha]

samples that all contained greater than 0.5% ABV.  In this round of testing, alcohol in [Enlightened Kombucha] ranged from 1.27-1.51% ABV.  This is between 254 and 302% higher than the legal limit of 0.5% ABV."  *See* Exhibit 2, at ¶ 12(c).

52.     For all of Mr. Ebersole's testing, the samples were purchased directly from retailers' refrigerated shelves, from non-alcoholic beverage refrigerated sections of the stores that were separate from the alcoholic beverage sections.  The samples were not expired.  Samples were transported in refrigerated conditions, ensuring that the samples were kept cold at all times.  *See* Exhibit 2, at ¶¶ 35-40, 61-72.

53.     Mr. Ebersole also reported that Enartis Vinquiry conducted testing of 46 bottles of Enlightened Kombucha in 2017 and 2018 using GC-FID.  "The samples contained an average of 1.16% ABV, ranging from 0.60 to 2.05%."  *See* Exhibit 2, at ¶ 12(d).

54.     Mr. Ebersole also reported that these results "for alcohol in [Enlightened Kombucha] are consistent with results independently reported by others in the published literature:"

For example, in 2015 John Edwards, Ph.D. from Process NMR Associates analyzed three samples of [Enlightened Kombucha] in 2015 using a nuclear magnetic resonance method.  He found all three samples had alcohol levels higher than 0.5% ABV, ranging from 1.23-1.40 % ABV, reflecting alcohol levels 246%-280% higher than the 0.5% limit.  In 2017, Daniel Armstrong, Ph.D. and colleagues at the University of Texas analyzed eight samples of [Enlightened Kombucha] using headspace GC-FID, and found they all exceeded 0.5% alcohol, reporting a range of 1.1%-1.8% ABV in the drinks.  This reflects an amount that is 220%-360% higher than the 0.5% ABV limit for non-alcoholic beverages.

SECOND AMENDED CLASS ACTION COMPLAINT                                    21

**Every Enlightened Kombucha Bottle Violates A Host of Federal and State Laws Regulating The Labeling Of Alcoholic Beverages**

55.     Prior to a recent update, the Alcohol and Tobacco Tax and Trade Bureau's website stated that "TTB's initial testing of kombucha in the marketplace reveals that many of these products contain at least 0.5 percent alcohol by volume. These products are alcohol beverages and are consequently subject to regulation."[8] The TTB stated that its "primary concern is to ensure that consumers are not misled about the nature of alcohol beverage products that might be marketed as non-alcoholic beverages.  It is important that consumers are adequately informed about the nature of these products."

56.     The TTB's current website shows that the concern over alcohol in kombucha beverages persists.  "Some kombucha products contain 0.5% or more alcohol by volume.  These products are alcohol beverages ... It is important to note that regardless of the alcohol content of the finished beverage, when kombucha reaches 0.5% alcohol or more by volume at any time during the production process, it must be produced on a TTB-qualified premises and is subject to TTB regulation. Thus, for example, a producer of a kombucha-style beer that reaches an alcohol content of 1.2% alcohol by volume during production must qualify as a brewer and comply with TTB regulations in 27 CFR part 25, even if the finished product is a non-alcoholic beverage (containing less than 0.5% alcohol by volume)."[9]

57.     According to the TTB, "[e]ven though a kombucha beverage may have less than 0.5% alcohol by volume at the time of bottling, fermentation may continue in the bottle after it leaves the production facility, depending on how the kombucha beverage is made and stored.  As a result, the alcohol content may increase to 0.5% or more alcohol by volume.  Such a product is an alcohol beverage, which is subject

---

[8] https://web.archive.org/web/20150818084444/http://www.ttb.gov/faqs/kombucha-faqs.shtml
[9] https://www.ttb.gov/kombucha/kombucha-general#testing

to the laws and regulations governing the production, taxation, labeling, marketing, and distribution of alcohol beverages."[10]

58.    The TTB makes clear that distributors and manufacturers (such as Defendant) cannot escape liability for failing to include the required alcohol warning statement even if the beverages become alcoholic *after* they are sold downstream to retailers or consumers that fail to refrigerate the beverages.  "Refrigeration of the product is not an adequate method of ensuring that the alcohol content will not increase while in the original container after removal because, among other things, you cannot control whether the product will be refrigerated after removal."[11]

59.    In the Frequently Asked Questions portions of its website, the TTB explains in a series of questions and answers the various labeling requirements kombucha beverages must meet if they have more than 0.5 percent alcohol by volume.  One of the questions is "Are kombucha containers required to bear a health warning statement?"  The TTB answers, "Yes, if the kombucha beverage contains 0.5 percent or more alcohol by volume.  The container of any alcohol beverage sold or distributed in the United States with an alcohol content of 0.5 percent or more must bear the health warning statement required by the Alcoholic Beverage Labeling Act of 1988," citing 27 C.F.R. § 16.  In turn, 27 C.F.R. § 16.10 defines "Alcoholic beverage" as "any beverage in liquid form which contains not less than one-half of one percent (.5%) of alcohol by volume and is intended for human consumption." 27 C.F.R. § 16.20 goes on to state that "no person shall bottle for sale or distribution in the United States any alcoholic beverage unless the container of such beverage bears the health warning statement required by § 16.21."

60.    27 C.F.R. § 16.21 states that "[t]here shall be stated on the brand label or separate front label, or on a back or side label, separate and apart from all other

---

[10] *Id.*
[11] *Id.*

information, the following statement: GOVERNMENT WARNING: (1) According to the Surgeon General, women should not drink alcoholic beverages during pregnancy because of the risk of birth defects. (2) Consumption of alcoholic beverages impairs your ability to drive a car or operate machinery, and may cause health problems."  The labels of Enlightened Kombucha do not bear this warning.

61.   Within the past year, the TTB's website has also stated that certain "beers," including kombucha products, "that [are] made without both malted barley and hops .... must ... comply with FDA labeling requirements.  Such products are still subject to the marking requirements of the IRC and the health warning statement requirements of ABLA."[12]  The FDA clarifies that such alcoholic beverages are subject to the nutrition labeling requirements set out at 21 C.F.R. 101.9, and the general requirements of 21 C.F.R. 101.3 and 21 C.F.R. 101.4.[13]  Because Enlightened Kombucha is "made without both malted barley and hops," Enlightened Kombucha is also subject to the general nutrition labeling requirements set out by the FDA.  Accordingly, the labels of Enlightened Kombucha are subject to the "false and misleading" standard of 21 U.S.C. § 343(a)(1) and the corresponding state law counterparts that track the federal standards.  *See, e.g*., Cal. Health & Safety Code § 110100 ("All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act … shall be the food labeling regulations of this state."); 1 N.Y.C.R.R. § 259.1 (same).  Because Enlightened Kombucha contains alcohol above 0.5 percent by volume, it is misbranded under the FDA's labeling requirements, and the corresponding state law counterparts that track the federal standards.

[12]https://web.archive.org/web/20180726103232/https://www.ttb.gov/kombucha/kombucha-general.shtml (last accessed November 15, 2019).
[13] U.S. Food and Drug Administration, *Guidance for Industry: Labeling of Certain Beers Subject to the Labeling Jurisdiction of the Food and Drug Administration*, December 2014.  Available at https://www.fda.gov/regulatory-information/search-fda-guidance-documents/guidance-industry-labeling-certain-beers-subject-labeling-jurisdiction-food-and-drug-administration (last accessed November 15, 2019).

62.    Defendant's sale and marketing of Enlightened Kombucha as a non-alcoholic beverage also violates a host of State consumer health and safety regulations.  For example, California Health & Safety Code Section 25249.2 provides that "[n]o person in the course of doing business shall knowingly and intentionally expose any individual to a chemical known to the state to cause cancer or reproductive toxicity without first giving clear and reasonable warning to such individual, except as provided in Section 25249.10."  The method of warning should be a warning that appears on the product's label.  *See* 27 Cal. Code of Reg. § 25603(c).  Pursuant to Proposition 65, the Safe Drinking Water and Toxic Enforcement Act ("Proposition 65"), California recognizes "Ethyl alcohol in alcoholic beverages" as a chemical known to cause reproductive toxicity.  27 Cal. Code of Reg. § 27001(c).  "Alcoholic beverage" includes "every liquid or solid containing alcohol, spirits, wine, or beer, and which contains one-half of one percent or more of alcohol by volume and which is fit for beverage purposes either alone or when diluted, mixed, or combined with other substances."  *Consumer Cause, Inc. v. Arkopharma, Inc*. (2003) 106 Cal. App. 4th 824, 829 (citing Cal. Bus. & Prof. Code § 23004).  Because Enlightened Kombucha in fact contains "one-half of one percent or more of alcohol by volume," but the labels do not bear the appropriate warning, the products violate Proposition 65.  A warning statement identical to the one prescribed by 27 C.F.R. § 16.21 would suffice to comply with the law and to notify consumers.

63.    Under federal law, Defendant cannot turn a blind eye to what happens to Enlightened Kombucha products after they leave Defendant's facilities. Considering that Defendant has repeatedly been caught selling kombucha beverages that contained elevated amounts of alcohol, Plaintiff alleges on information and belief that Defendant knowingly and willfully distributes Enlightened Kombucha in

violation of Federal and State laws that require such beverages to contain the government warning, as set out above.

64.    Defendant's sale and marketing of Enlightened Kombucha as non-alcoholic, low sugar beverages, by omitting to disclose their true content, is highly misleading to a reasonable consumer, including Plaintiffs.  Because Enlightened Kombucha does not include the required warnings concerning the significant presence of alcohol, consumers, including Plaintiffs, are led to believe that the products are safe to consume when driving a car, operating machinery, and taking with potentially a deadly cocktail of incompatible medications.

65.    Defendant made, and continues to make, unlawful and misleading claims on the labels of Enlightened Kombucha that are prohibited by identical federal and state laws, and which render these products misbranded.  Under federal and state law, Enlightened Kombucha cannot legally be manufactured, distributed, held, or sold.

66.    Defendant's unwillingness to treat the 0.5 alcohol by volume threshold seriously can be seen through Defendant's C.E.O.'s statements in 2010 concerning being forced to release the Enlightened line due to the recall.  Defendant's C.E.O. stated in an interview:

> The whole .5% alcohol threshold is so arbitrary.  It's acting like .4% is not going to do anything but .6% is gonna get you wasted.  It's not.  A lot of these laws and regulations were created in the 1920's.  You can get more alcohol in your system from mouthwash, cough syrup, vanilla extract, cooking wine, an herbal tincture or a dozen other products…It's a little distorted.[14]

In another interview given around the same time, Defendant's C.E.O. stated:

---

[14] Kombuchakamp.com, *GT Dave – Exclusive Interview*, 2010.  Available at https://www.kombuchakamp.com/update-gts-original-enlightened-kombucha-on-the-way-will-stay-raw-and-true-to-ourselves (last accessed on November 15, 2019).

> Most of these laws [regarding alcohol content of store-sold beverages] were
> written around the prohibition period, and the .5 percent threshold is very
> arbitrary – **there is really no difference with a product that is slightly
> below or above**…Our long-term goal is to change legislation, a mission that
> will take some time. **We are being asked to control something that is out of
> our control**…That's why it was a confusing time.[15]

(emphasis added).  But whatever long-term goals Defendant may have about
changing legislation are irrelevant to the fact that the 0.5 alcohol by volume
threshold is the law of the land.  There is a very big difference between a beverage
under and over this limit, as underscored throughout federal and state law in this
field going back to the 1930's, the fall of prohibition, and before.  One is lawful and
the other is not.  Further, as discussed above, the Enlightened line is not "slightly"
above the legal limit.  In fact, many, if not most, of the beverages in the Enlightened
line are at least double the legal limit, with some reaching over four times the legal
limit.  If the natural fermentation of the Enlightened line, such that the beverages
become more alcoholic than permitted by law, is "something that is out of
[Defendant's] control," Defendant cannot and should not sell the products.

     67.     Defendant's marketing of the Enlightened line as the non-alcoholic
version of its Classic line is highly misleading to a reasonable consumer.  Because
the Enlightened products omit the appropriate warnings and are sold to consumers of
all ages, consumers, including Plaintiffs, are led to believe that the products are safe
to consume when driving a car or operating machinery and pose no safety concerns.
Like any other forms of alcohol, Enlightened Kombucha may in fact cause health
problems, is not safe to consume while driving or operating machinery, and may
increase the chance of birth defects if consumed during pregnancy.  For these

---

[15] Kelly Green, *What Happened to GT Dave's Kombucha?*, Phoenix New Times,
Oct. 21, 2010.  Available at http://www.phoenixnewtimes.com/restaurants/what-
happened-to-gt-daves-kombucha-6533129 (last accessed on November 15, 2019).

reasons, Enlightened Kombucha must bear the government warning mandated by 27 C.F.R. § 16.21 and is misbranded under State and Federal law.

68.    Defendant made, and continues to make, unlawful and misleading claims on the labels of Enlightened Kombucha that are prohibited by identical federal and state laws, and which render these products misbranded.  Under federal and state law, Enlightened Kombucha cannot legally be manufactured, distributed, held, or sold.

## CLASS REPRESENTATION ALLEGATIONS

69.    Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all persons in the United States who, between February 28, 2017 and the date that class notice is disseminated, purchased Enlightened Kombucha.

70.    Plaintiffs Weiler, Sharpe, Patel, and Nunez also seek to represent a subclass defined as all members of the Class who purchased Enlightened Kombucha in California (the "California Subclass").

71.    Plaintiffs Leder, DiGennaro, Schmidt, and Nunez also seek to represent a subclass defined as all members of the Class who purchased Enlightened Kombucha in New York (the "New York Subclass").

72.    Plaintiffs Sharpe and Nunez also seek to represent a subclass defined as all members of the Class who purchased Enlightened Kombucha and were between the ages of 18 to 21 (not including persons aged 21 or older, or under the age of 18) at the time of purchase (the "Under 21 Subclass").

73.    Plaintiffs reserve the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

74.    Excluded from the Class are the Defendant, the officers and directors of the Defendant at all relevant times, members of their immediate families and their

legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.

75.     Also excluded from the Class are persons or entities that purchased Enlightened Kombucha for purposes of resale.

76.     Plaintiffs are members of the Class they seek to represent.

77.     Defendant sell hundreds of thousands, if not millions, of bottles of Enlightened Kombucha.  Enlightened Kombucha is available in major supermarkets nationwide, including in California and New York.  Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable.  The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant, third party retailers, and vendors.

78.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to whether Enlightened Kombucha is misbranded, and whether the labeling, marketing and promotion of Enlightened Kombucha is false and misleading.

79.     The claims of the named Plaintiffs are typical of the claims of the Class in that the named Plaintiffs were exposed to and relied on Defendant's false, misleading and misbranded labels (and were influenced by the material omissions on the labels), purchased Enlightened Kombucha, and suffered losses as a result of those purchases.

80.     Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class members they seek to represent, they have retained competent counsel experienced in prosecuting class

SECOND AMENDED CLASS ACTION COMPLAINT                                    29

actions, and they intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

81. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I

### Violation Of California's Consumers Legal Remedies Act,
### California Civil Code §§ 1750, et seq.

82. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

83. Plaintiffs bring this claim individually and on behalf of members of the proposed Class against Defendant. Plaintiffs Weiler, Sharpe, Patel, and Nunez also bring this claim individually and on behalf of members of the proposed California Subclass against Defendant. Plaintiffs Sharpe and Nunez also bring this claim individually and on behalf of members of the proposed Under 21 Subclass.

84.    Plaintiffs and Class members are consumers who purchased Enlightened Kombucha for personal, family or household purposes.  Plaintiffs and the Class are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).

85.    The Enlightened Kombucha that Plaintiffs and Class members purchased from Defendant were "goods" within the meaning of Cal. Civ. Code § 1761(a).

86.    Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of goods to consumers.

87.    Defendant's marketing and labeling of Enlightened Kombucha as a non-alcoholic beverage, and the omission or absence of the government mandated warning for alcoholic beverages, makes such advertising false and misleading to a reasonable consumer, including Plaintiffs, because Enlightened Kombucha in fact contains above 0.5 percent alcohol by volume, making the product an alcoholic beverage that must bear the appropriate warning under state and federal law. Further, the lack of appropriate warning on the labels of Enlightened Kombucha, in addition to the fact that the beverage is sold to persons under 21 years of age, is a serious health hazard to consumers because uninformed consumers purchase the products before driving a vehicle, operating machinery, and during pregnancy.  The omission and lack of appropriate warning and disclaimers is further a health hazard because the beverages are unwittingly consumed by persons struggling with alcohol addiction.  Without the appropriate warning and notice that the beverage is alcoholic, Enlightened Kombucha is an unreasonably dangerous product that is unfit for sale.

88.    Further, Defendant's omission on the beverages' labels that Enlightened Kombucha contains at least 15 percent more sugar than listed on the labels makes such advertising false and misleading to a reasonable consumer, including Plaintiffs.

The excess amount of sugar in the beverages also makes Enlightened Kombucha less healthy than advertised.

89.     California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(5) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresents the particular characteristics, benefits and quantities of the goods.

90.     Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(7) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresents the particular standard, quality or grade of the goods.

91.     Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant advertises goods with the intent not to sell the goods as advertised.

92.     Plaintiffs and the Class acted reasonably when they purchased Enlightened Kombucha based on their belief that Defendant's representations were accurate, true and lawful.

93.    Plaintiffs and the Class suffered injuries caused by Defendant because (a) they would not have purchased Enlightened Kombucha absent Defendant's omission of a government warning concerning the product's alcohol content; (b) they would not have purchased Enlightened Kombucha on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Enlightened Kombucha due to Defendant's misrepresentations and omissions; and (d) Enlightened Kombucha did not have the characteristics, benefits, or quantities as promised.

94.    More than thirty-days prior to filing this action, CLRA notice letters were served on Defendant which comply in all respects with California Civil Code § 1782(a).  Plaintiffs, collectively, on behalf of themselves and the proposed Class, served letters via certified mail, return receipt requested, advising Defendant that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom.  True and correct copy of Plaintiffs' letters are attached hereto as Exhibits 3 and 4.

95.    Wherefore, Plaintiffs seek damages, restitution, and injunctive relief for these violations of the CLRA.

## COUNT II

### Violation Of California's Unfair Competition Law,
### California Business & Professions Code §§ 17200, et seq.

96.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

97.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Defendant.

98.    Plaintiff Weiler, Sharpe, Patel, and Nunez also bring this claim individually and on behalf of members of the proposed California Subclass against

Defendant.  Plaintiffs Sharpe and Nunez bring this claim individually and on behalf of members of the proposed Under 21 Subclass.

99.    Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

100.    Defendant's marketing and labeling of Enlightened Kombucha as a non-alcoholic beverage, and the omission and absence of the government mandated warning for alcoholic beverages, makes such advertising false and misleading to a reasonable consumer, including Plaintiffs, because Enlightened Kombucha in fact contains above 0.5 percent alcohol by volume, making the product an alcoholic beverage that must bear the appropriate warning under state and federal law. Further, the lack of appropriate warning on the labels of Enlightened Kombucha, in addition to the fact that the beverage is sold to persons under 21 years of age, is a serious health hazard to consumers because uninformed consumers purchase the products before driving a vehicle, operating machinery, and during pregnancy.  The lack of appropriate warning and disclaimers is further a health hazard because the beverages are unwittingly consumed by persons struggling with alcohol addiction. Without the appropriate warning and notice that the beverage is alcoholic, Enlightened Kombucha is an unreasonably dangerous product that is unfit for sale.

101.    Further, Defendant's omissions on the beverages' labels that Enlightened Kombucha contains at least 15 percent more sugar than listed on the labels makes such advertising false and misleading to a reasonable consumer, including Plaintiffs.  The excess amount of sugar in the beverages also makes Enlightened Kombucha less healthy than advertised.

102.    Defendant's business practices, described herein, violated the "unlawful" prong of the UCL by violating Section 403(r) of the FDCA [21 U.S.C.

343(r)(1)(a)], California Health & Safety Code § 110670, 27 C.F.R. § 16, California Health & Safety Code Section 25249.2, the CLRA, the FAL and other applicable law as described herein.

103.    Defendant's business practices, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.  Defendant's advertising is of no benefit to consumers, and has been declared misleading and harmful to consumers by the TTB and the FDA.  Creating consumer confusion regarding the amount of sugar and alcohol in Enlightened Kombucha is of no benefit to consumers.  Defendant's advertising of Enlightened Kombucha as the non-alcoholic version of Millennium's "Classic" line and the fact that the labels of Enlightened Kombucha do not bear the requisite government warnings concerning the presence of significant amounts of alcohol causes the products to pose a threat to public health, safety, and morality.  Consumers are unwittingly purchasing and consuming Enlightened Kombucha products prior to driving a car or operating machinery and while pregnant or under 21 years of age.  Such practices are of no benefit to consumers.

104.    Defendant violated the "fraudulent" prong of the UCL through omitting the required government warning concerning alcohol and selling the products alongside non-alcoholic beverages when, in fact, the products contain a substantial amount of alcohol.  Defendant also violated the fraudulent prong by omitting the fact that Enlightened Kombucha contains at least 15 percent more sugar than listed on the products' labels.

105.    Plaintiffs and the Class acted reasonably when they purchased Enlightened Kombucha based on their belief that Defendant's representations were not misleading, true and lawful.

---

SECOND AMENDED CLASS ACTION COMPLAINT                                           35

106.    Plaintiffs and the Class lost money or property as a result of Defendant's UCL violations because (a) they would not have purchased Enlightened Kombucha absent Defendant's omission of a government warning concerning the product's alcohol content; (b) they would not have purchased Enlightened Kombucha on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Enlightened Kombucha due to Defendant's misrepresentations and omissions; and (d) Enlightened Kombucha did not have the characteristics, benefits, or quantities as promised.

<u>**COUNT III**</u>

<u>**Violation Of California's False Advertising Law,**</u>

<u>**California Business & Professions Code §§ 17500, et seq.**</u>

107.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

108.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Defendant.

109.    Plaintiffs Weiler, Sharpe, Patel, and Nunez also bring this claim individually and on behalf of the members of the proposed California Subclass against Defendant.  Plaintiffs Sharpe and Nunez also bring this claim individually and on behalf of members of the proposed Under 21 Subclass.

110.    California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

111.    Defendant engaged in a scheme of offering misbranded bottles of Enlightened Kombucha for sale to Plaintiffs and the Class members by way of product packaging, labeling, and other promotional materials.  These materials misrepresented and/or omitted the true content and nature of the misbranded bottles of Enlightened Kombucha.  Defendant's advertisements, labeling, and inducements were made in and originated from California and come within the definition of advertising as contained in Bus. & Prof. Code § 17500, *et seq*. in that the product packaging, labeling, and promotional materials were intended as inducements to purchase Enlightened Kombucha, and are statements disseminated by Defendant to Plaintiffs and Class members.  Defendant knew that these statements were unauthorized, inaccurate, and misleading.

112.    Further, Defendant's marketing and labeling of Enlightened Kombucha as a non-alcoholic beverage, and the absence of the government mandated warning for alcoholic beverages, makes such advertising false and misleading to a reasonable consumer, including Plaintiffs, because Enlightened Kombucha in fact contains above 0.5 percent alcohol by volume, making the product an alcoholic beverage that must bear the appropriate warning under state and federal law.  Further, the lack of appropriate warning on the labels of Enlightened Kombucha, in addition to the fact that the beverage is sold to persons under 21 years of age, is a serious health hazard to consumers because consumers purchase the products before driving a vehicle, operating machinery, and during pregnancy.  The lack of appropriate warning and disclaimers is further a health hazard because the beverages are unwittingly consumed by persons struggling with alcohol addiction.  Without the appropriate warning and notice that the beverage is alcoholic, Enlightened Kombucha is an unreasonably dangerous product that is unfit for sale.

113.    Further, Defendant's omission on the beverages' labels that Enlightened Kombucha contains at least 15 percent more sugar than listed on the products' labels

makes such advertising false and misleading to a reasonable consumer, including Plaintiffs.  The excess amount of sugar in the beverages also makes Enlightened Kombucha less healthy than advertised.

114.   Defendant violated § 17500, *et seq*. by misleading Plaintiffs and the Class to believe that Enlightened Kombucha is a non-alcoholic beverage when, in fact, it contains a substantial amount of alcohol, and by omitting the true amount of sugar in the beverages.

115.   Defendant knew or should have known, through the exercise of reasonable care that Enlightened Kombucha was and continues to be misbranded, and that their omissions about the sugar and alcohol content of the beverages were unauthorized, inaccurate, and misleading.  Defendant also knew or should have known, through the exercise of reasonable care that Enlightened Kombucha is an alcoholic beverage and that Defendant's omissions are misleading.

116.   Plaintiffs and the Class lost money or property as a result of Defendant's FAL violation because (a) they would not have purchased Enlightened Kombucha absent Defendant's omission of a government warning concerning the product's alcohol content; (b) they would not have purchased Enlightened Kombucha on the same terms absent Defendant's representations; (c) they paid a price premium for Enlightened Kombucha due to Defendant's misrepresentations and omissions; and (d) Enlightened Kombucha did not have the characteristics, benefits, or quantities as promised.

## **COUNT IV**

### **Violation of New York's Deceptive and Unfair Trade Practices Act, New York General Business Law § 349, et seq.**

117.   Plaintiffs DiGennaro, Leder, and Schmidt hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

118.    Plaintiffs DiGennaro, Leder, Schmidt, and Nunez bring this claim individually and on behalf of the members of the proposed New York Subclass against both Defendants.

119.    Any person who has been injured by reason of any violation of the NY GBL § 349 may bring an action in her own name to enjoin such unlawful act or practice, an action to recover her actual damages or fifty dollars, whichever is greater, or both such actions.  The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section.  The court may award reasonable attorney's fees to a prevailing plaintiff.

120.    Defendant's marketing and labeling of Enlightened Kombucha as a non-alcoholic beverage, and the absence of the government mandated warning for alcoholic beverages, makes such advertising false and misleading to a reasonable consumer, including Plaintiffs, because Enlightened Kombucha in fact contains above 0.5 percent alcohol by volume, making the product an alcoholic beverage that must bear the appropriate warning under state and federal law.  Further, the lack of appropriate warning on the labels of Enlightened Kombucha, in addition to the fact that the beverage is sold to persons under 21 years of age, is a serious health hazard to consumers because uninformed consumers purchase the products before driving a vehicle, operating machinery, and during pregnancy.  The lack of appropriate warning and disclaimers is further a health hazard because the beverages are unwittingly consumed by persons struggling with alcohol addiction.  Without the appropriate warning and notice that the beverage is alcoholic, Enlightened Kombucha is an unreasonably dangerous product that is unfit for sale.  Defendant's failure to comply with FDCA and parallel New York labeling requirements and deceptive advertising concerning the alcohol content of Enlightened Kombucha offends the public policy advanced by the Act "to protect the public health" by

ensuring that "foods are safe, wholesome, sanitary, and properly labeled." 21 U.S.C. § 393(b)(2)(A). Accordingly, Defendant's practices are unfair, deceptive, misleading and are in violation of N.Y. Agriculture and Markets Law § 201 in that Enlightened Kombucha is misbranded.

121. Further, Defendant's omissions on the beverages' labels that Enlightened Kombucha contains at least 15 percent more sugar than listed on the products' labels makes such advertising false and misleading to a reasonable consumer, including Plaintiffs. The excess amount of sugar in the beverages also makes Enlightened Kombucha less healthy than advertised. Defendant's failure to comply with FDCA and parallel New York labeling requirements and deceptive advertising concerning the sugar content of Enlightened Kombucha offends the public policy advanced by the Act "to protect the public health" by ensuring that "foods are safe, wholesome, sanitary, and properly labeled." 21 U.S.C. § 393(b)(2)(A). Accordingly, Defendants' practices are unfair, deceptive, misleading and are in violation of N.Y. Agriculture and Markets Law § 201 in that Enlightened Kombucha is misbranded.

122. The foregoing deceptive acts and practices were directed at consumers.

123. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics of Enlightened Kombucha to induce consumers to purchase same.

124. Plaintiffs DiGennaro, Leder, Schmidt, and Nunez and the New York Subclass members suffered a loss as a result of Defendant's deceptive and unfair trade acts. Specifically, as a result of Defendant's deceptive and unfair trade acts and practices, Plaintiffs DiGennaro, Leder, Schmidt, and Nunez and the New York Subclass members suffered monetary losses associated with the purchase of Enlightened Kombucha because (a) they would not have purchased Enlightened Kombucha absent Defendant's omission of a government warning concerning the

product's alcohol content; (b) they would not have purchased Enlightened Kombucha on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Enlightened Kombucha due to Defendant's misrepresentations and omissions; and (d) Enlightened Kombucha did not have the characteristics, benefits, or quantities as promised.

## COUNT V

## Breach of Express Warranty

125.   Plaintiffs bring this claim individually and on behalf of the members of the proposed Class (and all of the Subclasses) against Defendant.

126.   In connection with the sale of Enlightened Kombucha, Defendant issues an express warranty that Enlightened Kombucha contains 15 percent less sugar (listed in explicit grams of sugar per serving) than is actually present in the beverages.

127.   Defendant's affirmation of fact and promise on Enlightened Kombucha's labels that the products contained at least 15 percent less sugar than actually present in the beverages became part of the basis of the bargain between Defendant and Plaintiffs and Class members, thereby creating express warranties that the products would conform to Defendant's affirmation of fact, representations, promise, and description.

128.   Defendant breached its express warranty because Enlightened Kombucha in fact contains at least 15 percent more sugar than promised on the labels.  In short, Enlightened Kombucha does not live up to Defendant's express warranty.

129.   Plaintiffs and the Class members were injured as a direct and proximate result of Defendant's breach because: (a) they would not have purchased Enlightened Kombucha if they had known the true facts; (b) they paid for Enlightened Kombucha due to the mislabeling of the products; (c) they would not have purchased

Enlightened Kombucha on the same terms if they had known the true facts; (d) they paid a price premium for Enlightened Kombucha due to Defendant's false warranties and affirmations of fact; and (e) Enlightened Kombucha did not have the characteristics or qualities as promised.

130.    Plaintiffs served Defendant with written notice of Defendant's breach of warranties at least 30 days prior to the filing of the Complaint.

## COUNT VI

## Breach of Implied Warranty of Merchantability

131.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Class (and all of the Subclasses) against Defendant.

132.    The Uniform Commercial Code § 2-314 provides that, unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. To be "merchantable," goods must, *inter alia*, "run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved," "are adequately contained, packaged, and labeled as the agreement may require," and "conform to the promise or affirmations of fact made on the container or label if any."

133.    Defendant, through their acts and omissions set forth herein, in their sale, marketing, and promotion of Enlightened Kombucha, impliedly warranted that (a) Enlightened Kombucha was a non-alcoholic beverage that could be lawfully purchased and safely consumed by anyone; and that (b) Enlightened Kombucha was a low-sugar beverage.

134.    Defendant was a merchant with respect to the goods of this kind which were sold to Plaintiffs and the Class, and there was in the sale to Plaintiffs and other consumers an implied warranty that those goods were merchantable.

135.   However, Defendant breached that warranty implied in the contract for the sale of Enlightened Kombucha in that the products do not contain the "quality and quantity" of kombucha beverages as impliedly warranted, and because Enlightened Kombucha do not conform to the promises made on their labels, as described herein.  Defendant also breached that implied warranty because Enlightened Kombucha is an unreasonably dangerous product that cannot be used or sold without the necessary government warnings concerning alcohol.

136.   As a result of Defendant's conduct, Plaintiffs and the Class did not receive goods as impliedly warranted by Defendant to be merchantable in that they did not conform to the promises and affirmations made on the container or label of the goods and because the goods were unreasonably dangerous and could not be used.

137.   Plaintiffs and the Class members were injured as a direct and proximate result of Defendant's breach because: (a) they would not have purchased Enlightened Kombucha if they had known the true facts; (b) they paid for Enlightened Kombucha due to Defendant's implied warranties; (c) they would not have purchased Enlightened Kombucha on the same terms if they had known the true facts; (d) they paid a price premium for Enlightened Kombucha due to Defendant's implied warranties; and (e) Enlightened Kombucha did not have the characteristics or qualities as impliedly warranted.

## COUNT VII

### Fraud

138.   Plaintiffs bring this claim individually and on behalf of the members of the proposed Class (and all Subclasses) against Defendant.

139.   As discussed above, Defendant failed to disclose material facts about Enlightened Kombucha, including by failing to include the government mandated alcohol warning on the products' labels and by failing to disclose the fact that the

---

SECOND AMENDED CLASS ACTION COMPLAINT                                    43

beverages contain at least 15 percent more sugar than listed on the products' labels. These omissions were made with knowledge that the labels are misleading.

140.   The omissions made by Defendant, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended and actually induced Plaintiffs and Class members to purchase Enlightened Kombucha.

141.   The fraudulent actions of Defendant caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VIII

### Unjust Enrichment

142.   Plaintiffs bring this claim individually and on behalf of the members of the proposed Class (and all Subclasses) against Defendant.

143.   Plaintiffs and members of the Class conferred benefits on Defendant by purchasing Enlightened Kombucha.

144.   Defendant has knowledge of such benefits.

145.   Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs' and Class members' purchases of Enlightened Kombucha.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant misleadingly omitted the required government alcohol warning on the labels of Enlightened Kombucha and misrepresented and omitted the true amount of sugar in Enlightened Kombucha.  These misrepresentations caused injuries to Plaintiffs and members of the Class because they would not have purchased Enlightened Kombucha had the true facts been known.

146.   Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiffs and members of the Class is unjust and inequitable, Defendant must pay restitution to Plaintiffs and members of the Class for their unjust enrichment, as ordered by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Plaintiffs' attorneys as Class Counsel to represent the Class members;

b) For an order certifying the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs Weiler, Sharpe, Patel, and Nunez as representative of the California Subclass and Plaintiffs' attorneys as Class Counsel to represent the California Subclass members;

c) For an order certifying the New York Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs DiGennaro, Leder, Schmidt, and Nunez as representatives of the New York Subclass and Plaintiffs' attorneys as Class Counsel to represent the New York Subclass members;

d) For an order certifying the Under 21 Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs Sharpe and Nunez as representative of the Under 21 Subclass and Plaintiffs' attorneys as Class Counsel to represent the Under 21 Subclass.

e) For an order declaring that Defendant's conduct violates the statutes referenced herein;

f) For an order finding in favor of Plaintiffs, the Class and the Subclasses on all counts asserted herein;

g) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

h) For prejudgment interest on all amounts awarded;

i) For an order of restitution and all other forms of equitable monetary relief;

j) For equitable or injunctive relief, including for restraining sales without truthful labeling, or as the Court may deem proper including public injunctive relief as may be permitted by applicable law; and

k) For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury of all issues so triable.

Dated: December 17, 2024                    Respectfully submitted,

                                            **DOVEL & LUNER, LLP**

                                            By:  _/s/ Simon Franzini_
                                                 Simon Franzini

                                            Simon Franzini (Cal. Bar No. 287631)
                                            simon@dovel.com
                                            Gabriel Z. Doble (Cal. Bar No. 335335)
                                            gabe@dovel.com
                                            Stephen Andrews (Cal. Bar No. 354327)
                                            stephen@dovel.com
                                            201 Santa Monica Blvd., Suite 600
                                            Santa Monica, California 90401
                                            Telephone: (310) 656-7066
                                            Facsimile: (310) 656-7069

                                            *Attorneys for Plaintiffs*