DAVIS WRIGHT TREMAINE LLP
  Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
  Heather F. Canner (SBN 292837)
  *heathercanner@dwt.com*
  Joseph Elie-Meyers (SBN 325183)
  *josepheliemeyers@dwt.com*
  Peter K. Bae (SBN 329158)
  *peterbae@dwt.com*
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant*
*GT's Living Foods, LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| DELANEY SHARPE, ERIN WEILER, JENNA LEDER, ADRIANNA DIGENARRO, AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ, on Behalf of Themselves and All Others Similarly Situated,<br><br>         Plaintiffs,<br><br>   vs.<br><br>GT'S LIVING FOODS, LLC,<br><br>         Defendant. | Case No. 2:19-cv-10920-FMO-GJS<br><br>Assigned to the Hon. Fernando M. Olguin<br><br>**REPLY IN SUPPORT OF GT'S LIVING FOODS LLC'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FOR LACK OF JURISDICTION, AND FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:    March 6, 2025<br>Time:   10:00 a.m.<br>Crtm:   6D<br>Complaint Filed: December 27, 2019<br>Trial Date: Not Set |

# TABLE OF CONTENTS

**Page**

## Contents

I.      SUMMARY OF ARGUMENT ...................................................... 1

II.     THE FAC HOLDOVER PLAINTIFFS MUST BE DISMISSED ................ 2

    A.      Holdover Plaintiffs' Claims Are Jurisdictionally Barred. ................... 2

        1.      The *Retta* Court Retains Exclusive Jurisdiction. ...................... 3

        2.      All Arguments for Transfer, Rather Than Dismissal, Fail. ....... 7

    B.      Judicial Estoppel Bars All Claims By Holdover Plaintiffs. ................ 8

        1.      SAC Claims Are Clearly Inconsistent with *Retta*. .................... 8

        2.      Judicial Estoppel Binds Holdover Plaintiffs. .......................... 11

        3.      The Equities Weigh In Favor of Estoppel. .............................. 12

III.    NEWLY ADDED PLAINTIFFS' CLAIMS MUST BE DISMISSED ........ 14

    A.      New Plaintiffs Seek To Litigate Barred Claims By Proxy. .............. 15

    B.      New Plaintiffs Were Adequately Represented in *Retta*. ................... 17

IV.     ALL CLAIMS FAIL ON THE MERITS AS TO ALL PLAINTIFFS ........ 18

    A.      Plaintiffs' Deceptive Labeling Claims Fails as a Matter of Law. ....... 18

    B.      Plaintiffs' Sugar Content Claims Are Expressly Preempted. ............. 20

REPLY ISO MOTION TO DISMISS SAC
AND FOR JUDGMENT ON THE PLEADINGS

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Am. Int'l Specialty Lines Ins. Co. v. United States*,
  2009 WL 1872975 (C.D. Cal. June 22, 2009) ..................................... 11

*Amity Rubberized Pen Co. v. Mkt. Quest Group Inc.*,
  793 F.3d 991 (9th Cir. 2015) ...............................................................8

*Beckerley v. Alorica, Inc.*,
  2014 WL 4670229 (C.D. Cal. Sept. 17, 2014) ........................... 11, 17

*Bennett v. Asuncion*,
  2018 WL 1392894 (E.D. Cal. Mar. 20, 2018) ....................................6

*Bird v. First Alert, Inc.*,
  2014 WL 7248734 (N.D. Cal. Dec. 19, 2014) .................................. 19

*Bowerman v. Field Asset Servs.*,
  2024 WL 218122 (N.D. Cal. Jan 19, 2024) ...................................... 12

*California v. IntelliGender, LLC*,
  771 F.3d 1169 (9th Cir. 2014) .............................................................7

*Cheslow v. Ghirardelli Chocolate Co.*,
  472 F. Supp. 3d 686 (N.D. Cal. 2020) .............................................. 19

*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir.1991) ........................................................... 17

*Cruz v. Dollar Tree Stores, Inc.*,
  2010 U.S. Dist. LEXIS 123039 (N.D. Cal. Nov. 19, 2010) .............. 12

*Dosier v. Miami Valley Broad. Corp.*,
  656 F.2d 1295 (9th Cir. 1981) .............................................................6

*Evanston Ins. Co. v. Bodee, LLC*,
  2009 WL 10669360 (C.D. Cal. May 19, 2009) ................................. 10

*Fiorilli v. Wells Fargo Bank, N.A.*,
  2014 WL 3908612 (N.D. Cal. Aug. 7, 2014) ......................................7

*Flanagan v. Arnaiz*,
  143 F.3d 540 (9th Cir. 1998) ..............................................................7

ii

*Gonzalez v. Wells Fargo Bank*,
   2012 WL 3627820 (N.D.Cal. Aug. 21, 2012) ....................................................... 7

*Gutierrez v. Johnson & Johnson Consumer Inc.*,
   2021 WL 822721 (S.D. Cal. Jan. 22, 2021)........................................................... 19

*Hadley v. Kellogg Sales Co.*,
   243 F. Supp. 3d 1074 (N.D. Cal. 2017) .............................................................. 18

*Hay v. Wells Cargo, Inc.*,
   596 F. Supp. 635 (D. Nev. 1984) ....................................................................... 13

*IMCO, LLC v. Ford*,
   2011 WL 5573887 (N.D. Cal. Nov. 16, 2011) ................................................... 13

*Krug v. Lutz*,
   329 F.3d 692 (9th Cir. 2003) ............................................................................... 6

*McClain v. 1st Sec. Bank of Washington*,
   2016 WL 8504775 (W.D. Wash. Apr. 21, 2016).............................................. 16

*McGinity v. Procter & Gamble Co.*,
   69 F.4th 1093 (9th Cir. 2023) ............................................................................ 19

*Mendoza v. Amalgamated Transit Union Int'l*,
   2020 WL 2112121 (D. Nev. May 4, 2020).......................................................... 16

*Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*,
   568 F. Supp. 2d 1152 (C.D. Cal. 2008) ............................................................ 13

*Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*,
   692 F.3d 983 (9th Cir. 2012) ...................................................................... 11, 14

*Mukadam v. GT's Living Foods*,
   No. 2:23-cv-10514 (C.D. Cal. Dec. 15, 2023)................................................... 13

*N.L.R.B. v. Sequoia District Council of Carpenters*,
   568 F.2d 628 (9th Cir.1977) .............................................................................. 13

*Nacarino v. Kashi Co.*,
   77 F.4th 1201 (9th Cir. 2023) ........................................................................... 20

*New Hampshire v. Maine*,
   532 U.S. 742 (2001)........................................................................................... 14

iii

*Pension Fund of Eighth Dist. Elec. Pension Fund v.*
   *Wasatch Front Elec. & Const., LLC*,
   No. 2:09-CV-0632, 2012 WL 2090061 (D. Utah June 8, 2012) ...................... 16

*Rattlesnake Coal. v. U.S. E.P.A.*,
   509 F.3d 1095 (9th Cir. 2007) ................................................................5

*Retta v. Millennium Prods., Inc.*,
   2017 WL 5479637 (C.D. Cal. Aug. 22, 2017)........................................2

*Rissetto v. Plumbers & Steamfitters Loc. 343*,
   94 F.3d 597 (9th Cir. 1996) ............................................................... 10

*Schroeder v. Envoy Air, Inc.*,
   2016 WL 11520388 (C.D. Cal. Sept. 27, 2016) ................................. 12

*Smith v. Bayer Corp.*,
   564 U.S. 299 (2011)........................................................................... 12

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*,
   322 F.3d 1064 (9th Cir. 2003) ..................................................... 11, 17

*Tapia v. Woods*,
   2007 WL 3047106 (E.D. Cal. Oct. 17, 2007).................................... 14

*Tomerlin v. Johns Hopkins Univ. Inc.*,
   2015 WL 13446285 (C.D. Cal. 2015) ..................................................7

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices,*
   *and Products Liab. Litig.*,
   2018 WL 1588012 (N.D. Cal. Mar. 30, 2018).................................. 17

*Whiteside v. Kimberly Clark Corp.*,
   108 F.4th 771 (9th Cir. 2024) ........................................................... 19

*Yerkovich v. MCA, Inc.*,
   11 F. Supp. 2d 1167 (C.D. Cal. 1997), *aff'd*, 211 F.3d 1276 (9th Cir. 2000).... 14

*Zakinov v. Blue Buffalo Pet Products, Inc.*,
   2018 WL 1426932 (S.D. Cal. Mar. 22, 2018) ................................... 12

**Statutes**

California Unfair Competition Law..................................................... 19

iv

**Rules**

Federal Rule of Civil Procedure 23.........................................................................4, 17

**Regulations**

21 C.F.R. § 101.9(g)(5) ...........................................................................................20

27 C.F.R. § 16 *et seq.* ...............................................................................................4

REPLY ISO MOTION TO DISMISS SAC
AND FOR JUDGMENT ON THE PLEADINGS

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.      SUMMARY OF ARGUMENT

Plaintiffs' position is untenable and unsupported by law or factual allegations, notwithstanding their last ditch effort to save their claims by adding new plaintiffs.  They concede the FAC Holdover Plaintiffs benefitted from a comprehensive settlement that, in the *Retta* plaintiffs' own words, "provides ***precisely the injunctive relief*** sought in the [*Retta*] Complaint," Dkt. 103-1 (emphasis added), including (a) the precise wording of a new alcohol warning label and (b) a comprehensive alcohol and sugar testing and relabeling protocol designed to ensure compliance with state and federal alcohol labeling standards.  Now, Plaintiffs claim, they can sue GT's for conduct that amounts to full compliance with the terms of the injunction *they negotiated* beginning they *day after* the *Retta* class period.  Such shifting positions are both judicially estopped and barred by the plain terms of the *Retta* settlement.

Recognizing this, Plaintiffs make sweeping pronouncements about the nature of class actions and ignore—or attempt to rewrite—the record.  The Opposition does not mention this Court's prior Order Denying Class Certification (Dkt. 129), which correctly cast significant doubt over whether plaintiffs in this action who are also *Retta* class members can state a claim or adequately represent the proposed class in this action.  And Plaintiffs invent, from whole cloth, qualifying statements about the scope and effect of the *Retta* litigation and injunction—including the outlandish claim that the same plaintiffs who were non-objecting members of the *Retta* class now take "no position" on whether that settlement was fair, reasonable, or adequate.  Opp. at 3.  They even attempt to rewrite the specific language of Judge Guttierez's order approving the settlement: Judge Guttierez clearly held the negotiated label "will adequately ensure that consumers are informed about the alcohol content in [Enlightened] products," *Retta v. Millennium Prods., Inc.*,

REPLY ISO MOTION TO DISMISS SAC
AND FOR JUDGMENT ON THE PLEADINGS

2017 WL 5479637, at *8 (C.D. Cal. Aug. 22, 2017), but now Plaintiffs claim, with no basis whatsoever, that Judge Guttierez meant "only" that the injunction was "'adequate' for purposes of class settlement." Opp. at 18.

The Court should put an end to Plaintiffs' newest attempt to duck and weave their way to a second, undeserved, payout. Every claim brought by the FAC Holdover Plaintiffs is jurisdictionally barred and judicially estopped. And Newly Added Plaintiffs cannot step into the shoes of *Retta* plaintiffs as proxies to advance arguments and claims that the *Retta* plaintiffs themselves are barred from making. Newly Added Plaintiffs are in privity with the *Retta* class, both because, by serving as named plaintiffs, they would be "bringing suit as the designated representative of a person who was a party to the prior adjudication," and because their interests were fully and adequately represented in *Retta*. *Taylor v. Sturgell*, 553 U.S. 880, 895 (2008).

In any case, their claims fail on the merits. The Court should dismiss all claims for want of jurisdiction or grant judgment on the pleadings to GT's.

## II.     THE FAC HOLDOVER PLAINTIFFS MUST BE DISMISSED

First, and at a minimum, the Court should dismiss or grant judgment on the pleadings against the *Retta* Holdover Plaintiffs Delaney Sharpe, Erin Weiler, Jenna Leder, and Adrianna DiGenarro (Holdover Plaintiffs). It is uncontested that the Holdover Plaintiffs were non-objecting members of the *Retta* class and beneficiaries of that settlement. As such, their claims are jurisdictionally barred and estopped.

### A.     Holdover Plaintiffs' Claims Are Jurisdictionally Barred.

Plaintiffs fail to address or respond to this Court's findings in the Order Denying Class Certification (Dkt. 129, the Order), which are dispositive and at a minimum require dismissal of Holdover Plaintiffs' claims. Instead, Plaintiffs attempt to muddy the record and re-frame their claims as arising from new, post-*Retta* conduct. Their arguments fail: the only "post-settlement conduct" Plaintiffs

2

challenge is compelled or governed by the *Retta* injunction and falls under that court's exclusive jurisdiction.  Dismissal, not transfer, is the only remedy.

### 1.    The *Retta* Court Retains Exclusive Jurisdiction.

This Opposition, like the prior opposition (Dkt. 161), bafflingly ignores this Court's Order Denying Class Certification, which (as before) largely resolves the jurisdictional dispute in GT's favor.  As the Court already held—and Plaintiffs do not respond to—the claims advanced by the Holdover Plaintiffs amount to a "collateral[] attack[] on the injunctive relief from a class settlement that [Holdover Plaintiffs'] counsel negotiated and obtained on their behalf."  Order at 3.  *Retta* involved the "same allegations regarding the alcohol and sugar levels in defendant's kombucha," asserted "the same claims for relief" and was "filed by the same attorneys as in this action."  Order at 2.  Now, Holdover Plaintiffs are "challenging the alcohol warning label they negotiated in *Retta*," as well as the "testing regime" for sugar and alcohol they also negotiated.  Order at 3, 4.  But Judge Guttierez retains "exclusive jurisdiction over Defendants and the Settlement Class Members for all matters relating to this litigation, including the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this Order."  *Retta*, 2017 WL 5479637, at *19; Order at 6.  Plaintiffs' objections to the *Retta* injunction should have been raised as a "proper motion filed with the judge who issued the injunctive relief" – Judge Guttierez. Order at 5, 6.

The Court's prior findings are sufficient to dismiss for lack of jurisdiction, at least as to Holdover Plaintiffs, and Plaintiffs still do not respond to them.

### a.    The SAC is Covered by the *Retta* Injunction.

Plaintiffs fail in their attempt to characterize the SAC as arising from new conduct separate from the *Retta* settlement, (Opp. at 4–7), because *all* allegations in the SAC amount to claims that the *Retta* label and testing regimes are "insufficient or need to be modified," or that GT's is not complying with them.  Order at 5;

3

*Retta*, 2017 WL 5479637 at *19. In fact, every theory of liability Plaintiffs advance in the SAC – including the alleged violations of federal alcohol warning label requirements – was raised in the *Retta* Complaint, resolved through the *Retta* settlement, and directly implicates the adequacy of the *Retta* Injunction. *Compare Retta* Fifth Amended Complaint, Dkt. 68 ¶¶ 47–60 ("*Retta* Complaint") (alleging violations of 27 C.F.R. § 16 *et seq.*) *with* SAC ¶¶ 59-62 (similar). The two sets of claims advanced in the SAC—which form the basis of all Plaintiffs' causes of action—make this clear:

*Alcohol Content Mislabeling*. In alleging that Enlightened Kombucha labels are "mislabeled as non-alcoholic" and do not disclose the true alcohol content of the product, SAC ¶¶ 1, 47–68, the SAC directly challenges the adequacy of the *Retta* alcohol warning label, which Judge Guttierez held would "adequately ensure that consumers are informed about the alcohol content" of Enlightened Kombucha. *See Retta*, 2017 WL 5479637 at *8; *Retta* Dkt. 103-3 ¶ 47(b)-(d) ("*Retta* Settlement"); *Retta* Dkt. 117-1 at 9–10; *Retta* Dkt. 136-1 ¶ 3 and Ex. 1 (proposed label). If Plaintiffs do not challenge the *adequacy* of that label, as they now assert, Opp. at 7, then by alleging that Enlightened Kombucha contains significant alcohol levels, they necessarily claim that GT's is not complying with the injunction's requirements that they engage in regular alcohol testing to ensure compliance with state and federal alcohol labeling standards, or that the testing regime is in adequate. *See Retta* Setlement ¶ 47(e). Either claim falls under the exclusive jurisdiction of Judge Guttierez.

*Sugar Content Mislabeling*. In alleging that Enlightened Kombucha "contains at least 15 percent more sugar than listed on the labels," SAC ¶¶ 2, 48, 88, the SAC also directly challenges the provisions of the *Retta* injunction compelling GT's to engage in specific sugar testing protocols and to ensure Enlightened Kombucha continues to "comply with federal and state labeling standards." *Retta*

Settlement ¶ 47(e).  Again, Plaintiffs' allegations amount to claims that either the sugar testing regime ordered by Judge Guttierez was inadequate, or that GT's has not complied with it.  Either falls under Judge Guttierez's exclusive jurisdiction.

The SAC therefore gives lie to Plaintiffs' argument that this lawsuit only challenges "post-settlement conduct" and not the injunction itself.  Opp. at 5–7.  As described above, all of the conduct Plaintiffs challenge is either compelled or directly governed by the injunction and therefore implicates "the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this Order."  *Retta.*, 2017 WL 5479637, at \*19.  Judge Guttierez has exclusive jurisdiction over these claims.

> ### b.    Nothing in the SAC Falls Outside Judge Guttierez's Exclusive Jurisdiction.

In attempting to recharacterize the SAC as not implicating the *Retta* injunction, Plaintiffs do not cite a single allegation other than the proposed class period.  Opp. at 4-11; SAC ¶ 69.  This failure is damning, because it is Plaintiffs who bear the burden of showing the Court has jurisdiction in response to a Rule 12(b)(1) motion to dismiss for lack of jurisdiction.  *Rattlesnake Coal. v. U.S. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007).

The class period they rely on leaves no room for doubt that Plaintiffs' claims are jurisdictionally barred: it is Plaintiffs' position that GT's conduct was unlawful beginning *the day after* the *Retta* class period ended, and therefore that the *Retta* injunction was inadequate and unlawful the moment it was entered.  But Plaintiffs cannot file a separate lawsuit beginning immediately after the *Retta* class period just because they "simply aren't satisfied with the injunctive relief they negotiated and had approved by the *Retta* Court."  Order at 5.  Plaintiffs instead should have: (a) timely objected to the settlement; or (b) moved for post-judgment relief before Judge Guttierez.  *See* Order at 5.  Plaintiffs have done neither.  That the proposed

class period begins the day after the *Retta* class period highlights that Plaintiffs are simply unsatisfied with the relief they achieved in *Retta*. *See* Order at 5.

Plaintiffs also argue that the exclusive remedies provision of the *Retta* settlement does not bar their claims, because the separate release provision does not extend to post-settlement claims. Opp. at 5-8. But the scope of the release is an entirely distinct question from the exclusive *jurisdiction* of the *Retta* court over the permanent injunction's interpretation and enforcement, which is necessarily forward looking. Such challenges to the *Retta* injunction are barred regardless of the claims release agreed to in *Retta*.

The cases Plaintiffs cite are inapposite. In *Dosier v. Miami Valley Broad. Corp.*, 656 F.2d 1295 (9th Cir. 1981), Opp. at 4-5, the Ninth Circuit distinguished between the employment discrimination claims covered by the settlement at issue and the new claims of post-settlement retaliation by the employer—clearly new and distinct wrongful conduct. *Id.* at 1298. And *Dosier* recognized that if class members were "dissatisfied with the settlement," they were required to directly challenge it on appeal. *Id.* Plaintiffs also cite to *Krug v. Lutz*, 329 F.3d 692 (9th Cir. 2003) and *Bennett v. Asuncion*, 2018 WL 1392894 (E.D. Cal. Mar. 20, 2018), Opp. at 7, but the new claims at issue in those cases were wholly distinct from the judgments in the prior class actions. *Krug*, 329 F.3d at 695-96; *Bennet*, 2018 WL 1392894 at *6. In fact, in *Bennett*, the court dismissed all claims that were "essentially the same" or that did "not go beyond the allegations and relief requested" in prior settlements. *Id.* at *6-8.

Last, Plaintiffs' repeated statement that they "take no position on whether the *Retta* settlement was a fair, reasonable, or adequate way to resolve the *Retta* class claims," Opp. at 3, 7, borders on the absurd—particularly as to the Holdover Plaintiffs, who *already* took the position it was adequate, through the statements of counsel in *Retta* and their own decisions not to object to the agreement. *See Retta*,

6

2017 WL 5479637, at *8, 19.  Because it is "axiomatic that final, court-approved settlements preclude class members from seeking the same relief for the same claims a second time," Plaintiffs are precluded "from contesting matters they have had a full and fair opportunity to litigate…"  *California v. IntelliGender, LLC*, 771 F.3d 1169, 1180 (9th Cir. 2014).  Holdover Plaintiffs, having retained new counsel, cannot wash their hands of being *Retta* class members in order to mount a direct attack on that settlement.  Their claims are barred.

### 2.    All Arguments for Transfer, Rather Than Dismissal, Fail.

The only appropriate remedy is dismissal, not transfer, as Plaintiffs request. Opp. at 11–12.  Courts regularly dismiss claims for lack of subject matter jurisdiction when they are precluded by prior class action settlements.  *See Tomerlin v. Johns Hopkins Univ. Inc.*, 2015 WL 13446285, *1–2 (C.D. Cal. 2015) (dismissing for lack of subject matter jurisdiction due to prior class settlement); *Flanagan v. Arnaiz*, 143 F.3d 540, 544–45 (9th Cir. 1998) (same). Plaintiffs' request for transfer would be futile, because the jurisdictionally-barred claims are subject to the exclusive jurisdiction of the court overseeing the settlement and so "cannot be brought independently."  *Fiorilli v. Wells Fargo Bank, N.A.*, 2014 WL 3908612, at *2 (N.D. Cal. Aug. 7, 2014).  The *Retta* settlement provides a single and "exclusive mechanism" for Plaintiffs to assert their claims, a properly filed motion in *Retta* itself, and so requires the same outcome as in *Fiorilli*: dismissal.  *See Retta* Settlement ¶¶ 10, 14, 42(h), 111; *Fiorilli,* 2014 WL 3908612, at *2; *see also Gonzalez v. Wells Fargo Bank,* 2012 WL 3627820 at *3 (N.D.Cal. Aug. 21, 2012) (denying leave to amend where plaintiff "intend[ed] to transform this case into one seeking to enforce a settlement agreement in another case"). While Plaintiffs raise their belated notice of related cases as weighing in favor of transfer, Opp. at 7 n.2, Judge Guttierez's decision to decline transfer merely

REPLY ISO MOTION TO DISMISS SAC
AND FOR JUDGMENT ON THE PLEADINGS

reinforces the conclusion that Plaintiffs' only remedy was to bring an appropriate motion before the *Retta* court.

*Amity Rubberized Pen Co. v. Mkt. Quest Group Inc.*, 793 F.3d 991 (9th Cir. 2015), the sole case Plaintiffs cite here, Opp. at 11, is inapposite, as that case involved a patent appeal improperly brought before the Ninth Circuit when it fell within the exclusive appellate jurisdiction of the Federal Circuit. *Id.* at 994. There was no question that the Federal Circuit had jurisdiction over the appeal—unlike here, where no court has jurisdiction over a separate lawsuit challenging the *Retta* injunction.  Order at 5.

The Court should dismiss the SAC as to all Holdover Plaintiffs with prejudice for lack of jurisdiction.

**B.      Judicial Estoppel Bars All Claims By Holdover Plaintiffs.**

Judicial estoppel also bars all of Holdover Plaintiffs' claims and requires that the Court grant judgment on the pleading to GT's as to those plaintiffs.  Relying on inapposite cases and sweeping generalizations about the nature of class actions, Opp. at 12-14 and *passim*, Plaintiffs attempt to minimize the scope and effect of their numerous statements in *Retta* that are clearly and directly inconsistent with the claims they now bring in this action.  Judicial estoppel bars such nonsense. Plaintiffs' arguments are unpersuasive and contradicted by this Court's prior holdings.  And they do not dispute that, as *Retta* class members, the Holdover Plaintiffs are in privity with and bound by the statements made in support of the *Retta* settlement.  Judicial estoppel prevents them from benefiting from this calculated shift in positions.

**1.      SAC Claims Are Clearly Inconsistent with *Retta*.**

Plaintiffs' argument that their positions in this lawsuit are not clearly inconsistent with representations in *Retta* is directly contradicted by this Court's Order, which Plaintiffs do not even cite.  Opp. at 12-14.  As this Court already held,

8

there are at least three ways the positions Plaintiffs have adopted in this action are clearly inconsistent with their positions in *Retta*:

**First**, Plaintiffs' previously touted the "significant expansive injunctive relief" afforded them by the settlement, but now conflictingly allege that the exact relief they sought and obtained is inadequate, misleading, and violates the same state and federal regulations as they raised in *Retta*. *See* Order at 2-3; SAC ¶¶ 1, 47–68, 88; *Retta* Dkt. 103-1 at 1, 2, 17; *Retta*, Dkt. 136-1, Decl. of George Thomas Dave ¶ 3 & Exh. 1. Disregarding this Court's Order, Plaintiffs attempt to minimize the relief they achieved as a "compromise of disputed claims" which did not necessarily achieve "perfect compliance with the law," Opp. at 1, 2, 7, 12. But that is not what they said in *Retta*, where they alleged violations of the same alcohol labeling regulations as here, *Retta* Compl. ¶¶ 47-60, and then later asserted that the Settlement "provides ***precisely the injunctive relief*** sought in the Complaint," *Retta* Dkt. 103-1 at 23 (emphasis added). Their attempt to limit the scope of the injunction in *Retta,* Opp. at 11, is newly fabricated and inconsistent with their prior statements as well as the forward-looking permanent injunction they negotiated in *Retta*.

**Second**, Plaintiffs' assertion that there are no "statements by the *Retta* plaintiffs undermining Plaintiffs' consumer deception claims," Opp. at 13, is false, as the Court highlighted in its Order: *Retta* Plaintiffs not only negotiated the exact label they challenge in this action, they also relied on the adequacy of that warning label to beat back an objector's challenge to the adequacy of the settlement, arguing the objector had "overlooked entirely that the Settlement provides injunctive relief with respect to the alcohol claims." *Retta* Dkt. 135 at 8; Order at 3 (citing same). Judge Guttierez accepted these representations in overruling the objection and holding that the injunctive relief in the settlement would "adequately ensure that

REPLY ISO MOTION TO DISMISS SAC
AND FOR JUDGMENT ON THE PLEADINGS

consumers are informed about the alcohol content" in Enlightened Kombucha. *Retta*, 2017 WL 5479637, at *8.

**Third**, the *Retta* injunction's requirement that GT's adopt regular sugar testing and adjust the label to ensure it complied with federal or state standards, *Retta* Settlement ¶ 47(e), is directly at odds with Plaintiffs' claims here, which effectively challenge the *Retta* testing protocol by asserting sugar content claims based on testing that is not compliant with the agreed-upon methodology. SAC ¶ 48. While Plaintiffs now point to more recent testing, Opp. at 13–14, that is not the allegation they made in the SAC, which directly undermines the testing regime Plaintiffs previously asserted was adequate.[1] *See* Order at 4.

Plaintiffs also unconvincingly argue that class action settlements may "require less than perfect compliance with the law," and so cannot form the basis of later judicial estoppel claims. Opp. at 2, 7, 12, 14. But it is well established that judicial estoppel applies to statements made in obtaining a favorable settlement. *Rissetto v. Plumbers & Steamfitters Loc. 343*, 94 F.3d 597, 606 (9th Cir. 1996). And judicial estoppel does not only prevent litigants from shifting to *frivolous* litigation positions. If that were the case, there would be no "advantage" to be unfairly gained by "later taking an incompatible position," *see Evanston Ins. Co. v. Bodee, LLC*, 2009 WL 10669360, at *8 (C.D. Cal. May 19, 2009), and the doctrine would be unnecessary, since courts would simply set aside the later litigation position on the merits. What Plaintiffs plainly cannot do is obtain a class settlement

---

[1] In a Hail Mary, Plaintiffs also assert that GT's reformulation of its products in early 2017 – prior to the *Retta* settlement – means that "any statements made by the *Retta* plaintiffs regarding Defendant's prior formulations do not apply to these reformulated beverages." Opp. at 14. Plaintiffs make no argument as to why that would be the case, and all of the statements at issue refer to either the product labeling or sugar and alcohol testing regime – neither of which are affected by product reformulation.

REPLY ISO MOTION TO DISMISS SAC
AND FOR JUDGMENT ON THE PLEADINGS

agreement based on one position, and then attack exactly that position in subsequent litigation.

### 2. Judicial Estoppel Binds Holdover Plaintiffs.

Plaintiffs effectively concede that judicial estoppel applies to them, as privies of the *Retta* named plaintiffs. They do not contest that judicial estoppel binds not only parties to prior litigation, but also those in privity with them. *See* Mot. at 9–11, 14; *Am. Int'l Specialty Lines Ins. Co. v. United States*, 2009 WL 1872975, at *4 (C.D. Cal. June 22, 2009). And they do not dispute they are in privity with the *Retta* class for purposes of judicial estoppel because they "share the same interests" as the *Retta* named plaintiffs, and their interests were "adequately represented" in that action. *See* Mot. at 9-11; *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1082, 1084 n.18 (9th Cir. 2003). Nor could they: until recently, Holdover Plaintiffs and *Retta* plaintiffs were represented by identical counsel pressing nearly identical claims, and all named plaintiffs were acting in a representative capacity as class representatives. *See Beckerley v. Alorica, Inc.,* 2014 WL 4670229, at *5 (C.D. Cal. Sept. 17, 2014) (describing elements of adequate representation for purposes of estoppel). These concessions require that judicial estoppel be applied here.

Plaintiffs also offer no reason why they should *not* be bound as privies to the *Retta* named plaintiffs. They instead concoct a single objection – with no citation to authority – about the lack of prior notice to "absent class members" of "every statement made in litigation filings." Opp. at 14–15. This argument is entirely untethered from law, and ignores that privity of parties requires no such "notice" for judicial estoppel to attach. *See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 996 (9th Cir. 2012); *Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1082, 1084 n.18. Indeed, Plaintiffs' concerns about "notice" are already subsumed by the privity inquiry itself, which permits a non-party to be bound by

REPLY ISO MOTION TO DISMISS SAC
AND FOR JUDGMENT ON THE PLEADINGS

statements made by a party to a prior proceeding when they share the same interest and are adequately represented. *Id.* Such requirement would be directly at odds with well established privity doctrine, and Courts routinely apply this doctrine to hold that unnamed class members are parties or privies to prior class actions for purposes of estoppel. *See Schroeder v. Envoy Air, Inc.*, 2016 WL 11520388, at *5 (C.D. Cal. Sept. 27, 2016) (finding that previous class members that failed to opt out or object to a prior class settlement were "a party or in privity with a party" to the previous proceeding); *Zakinov v. Blue Buffalo Pet Products, Inc.*, 2018 WL 1426932, at *4 n.2 (S.D. Cal. Mar. 22, 2018) (class member in privity with plaintiffs in prior class action); *see also Smith v. Bayer Corp.*, 564 U.S. 299, 314 (2011) (recognizing "non-party preclusion" permits "unnamed class members of a class action to be bound, even though they are not parties to the suit"); *Taylor v. Sturgell*, 553 U.S. 880, 894–95 (2008) ("Representative suits with preclusive effect on nonparties include properly conducted class actions[.]").

Plaintiffs again misleadingly cite inapposite cases involving litigants who failed to disclose information in *bankruptcy proceedings*, not those who made prior affirmative inconsistent statements – even though this precise error was pointed out in the prior round of briefing. *See* Dkt. 163 at 11; *Cruz v. Dollar Tree Stores, Inc.*, 2010 U.S. Dist. LEXIS 123039 (N.D. Cal. Nov. 19, 2010) (failure to disclose claims in separate bankruptcy proceedings); *Bowerman v. Field Asset Servs.*, 2024 WL 218122 (N.D. Cal. Jan 19, 2024) (same). Those cases are inapplicable here, and the doctrine of privity does not require the high showing of notice that Plaintiffs demand. Judicial estoppel applies to Holdover Plaintiffs, at a minimum.

### 3. The Equities Weigh In Favor of Estoppel.

Not contesting that they were in privity with the *Retta* named plaintiffs, Plaintiffs instead argue that it would be inequitable to apply judicial estoppel to

Holdover Plaintiffs.  Opp. at 14-15.  But the equities weigh heavily in favor of estopping their claims, and the Plaintiffs' inapposite cases do not suggest otherwise.

First, Plaintiffs do not dispute they intentionally changed positions.  Holdover Plaintiffs' prior counsel Yeremey Krivoshey and Bursor & Fisher were class counsel in both *Retta* and this action, and their knowledge and understanding of the scope and terms of the *Retta* settlement are assumed and imputed to Holdover Plaintiffs.  *See, e.g., IMCO, LLC v. Ford*, 2011 WL 5573887, at \*3 (N.D. Cal. Nov. 16, 2011) (presuming counsel had knowledge of prior complaints); *Hay v. Wells Cargo, Inc.*, 596 F. Supp. 635, 640 (D. Nev. 1984), *aff'd,* 796 F.2d 478 (9th Cir. 1986) (attorney's constructive knowledge of the law is imputed to clients) (citing *N.L.R.B. v. Sequoia District Council of Carpenters*, 568 F.2d 628, 633 (9th Cir.1977)).

Despite this, Plaintiffs **(1)** did not move to enforce before Judge Guttierez; **(2)** failed to mention the *Retta* lawsuit, settlement, or injunction either in the original complaint in this action, the FAC, the SAC, or the now-dismissed complaint in their copycat lawsuit *Mukadam v. GT's Living Foods*, No. 2:23-cv-10514 (C.D. Cal. Dec. 15, 2023); and **(3)** failed to file a notice of related case until after this Court raised their failure to do so in its Order Denying Class Certification.  Such an intentional change of position weighs heavily in favor of estoppel.  *See Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc*., 568 F. Supp. 2d 1152, 1164 (C.D. Cal. 2008).  The Court need not close its eyes to the obvious strategic and financial advantages Plaintiffs gained through their decisions, and should be mindful that this is a consumer class action driven by counsel who withdrew only after this Court pointed out the manifest inconsistencies in their positions.

Second, even though they have replaced former counsel, Holdover Plaintiffs continue to rely on the same shift in litigation positions to seek a benefit – specifically, the ability to seek further monetary relief based on their challenge to

REPLY ISO MOTION TO DISMISS SAC
AND FOR JUDGMENT ON THE PLEADINGS

the exact label negotiated on their behalf and to which they did not object.  And while Plaintiffs now seek to distance themselves from prior counsel's statements, they are bound by prior counsel's strategic decisions.  *See Tapia v. Woods*, 2007 WL 3047106, at *1 (E.D. Cal. Oct. 17, 2007) ("The Federal Rules of Civil Procedure, Local Rules, and Court's scheduling orders are not to be set aside or disregarded because an attorney new to the case has different ideas . . ."); *see also Milton H. Greene Archives, Inc.*, 692 F.3d at 996 ("[I]dentity of parties is not a mere matter of form, but of substance.").

Third, judicial estoppel protects the integrity and dignity of the judicial process, which is precisely what is implicated here.  Plaintiffs' change in position invites this Court to issue an order finding Judge Guttierez's ongoing permanent injunction to be inadequate and/or unlawful.  That would also place GT's in the unjust posture of attempting to comply with two potentially conflicting injunctions governing its product label.  Judicial estoppel is intended to prevent such an outcome, and Plaintiffs give no reason why GT's or the courts should bear the costs of their strategic change in position.  *See New Hampshire v. Maine*, 532 U.S. 742, 743 (2001) (the purpose of judicial estoppel is to "protect the integrity of the judicial process" and prevent "improper use of the judicial machinery.").

Holdover Plaintiffs, at a minimum, should be estopped from benefitting from their change in litigation position, and all of their claims should be dismissed with prejudice.  *See Yerkovich v. MCA, Inc.*, 11 F. Supp. 2d 1167, 1177–78 (C.D. Cal. 1997), *aff'd*, 211 F.3d 1276 (9th Cir. 2000) (dismissing claims based on inconsistent position barred by estoppel).

## III.    NEWLY ADDED PLAINTIFFS' CLAIMS MUST BE DISMISSED.

The claims of newly added plaintiffs Amit Patel, Lauren Schmidt, and Christopher Nunez (the Newly Added Plaintiffs) should also be dismissed for lack of jurisdiction and judgment on the pleadings entered for GT's.

REPLY ISO MOTION TO DISMISS SAC
AND FOR JUDGMENT ON THE PLEADINGS

Under binding Supreme Court precedent on nonparty preclusion—which Plaintiffs selectively and misleadingly quote (Opp. at 9, quoting *Taylor v. Sturgell*, 553 U.S. 880, 895 (2008))—Newly Added plaintiffs are in privity with the *Retta* plaintiffs for at least two independent reasons.  **First**, they seek to "bring[] suit as the designated representative of a person who was party to the prior adjudication"— that is, to bring this case as proxies of the *Retta* plaintiffs and class members. *Taylor*, 553 U.S. at 895.   But Newly Added Plaintiffs are independently barred from representing *Retta* class members here, since doing so would necessarily allow Newly Added Plaintiffs to unfairly advance arguments and claims that *Retta* plaintiffs are barred from bringing.  **Second**, Newly Added Plaintiffs were "adequately represented by someone with the same interests who was a party to the suit"—that is, by the *Retta* plaintiffs themselves.  *Taylor*, 553 U.S. at 895.

Because they are in privity with the *Retta* class, Newly Added Plaintiffs are both bound by the exclusive-jurisdiction provision of the *Retta* Settlement (Mot. at 11–12) and also estopped from the contradictory positions on which their claims are based (Mot. at 18).

### A. New Plaintiffs Seek To Litigate Barred Claims By Proxy.

By seeking to serve as representatives of a class that includes *Retta* plaintiffs and class members, Newly Added Plaintiffs have stepped into privity with the *Retta* class and are bound by the *Retta* settlement and representations in support thereof. In opposition, Plaintiffs attempt to narrow the scope of nonparty preclusion to class actions and their equivalents (Opp. at 9–10), but in *Taylor* the Supreme Court recognized multiple other circumstances in which nonparties may be bound by a prior judgment.  That includes claims brought by "a person who did not participate in a litigation [and] later brings suit as the designated representative of a person who was a party to the prior adjudication."  *Id.*, 553 U.S. at 895.

REPLY ISO MOTION TO DISMISS SAC
AND FOR JUDGMENT ON THE PLEADINGS

That is exactly what Newly Added Plaintiffs seek to do here.  Having recently been brought into this lawsuit in a transparent, last-ditch effort to save Holdover Plaintiffs' claims from dismissal, they now seek to serve as class representatives *on behalf of a class that admittedly, and necessarily, includes* Retta *class members*— and likely the *Retta* named plaintiffs themselves—while advancing claims and arguments that *Retta* class members themselves are barred from making.

*Taylor* does not allow this outcome.  Even if Newly Added Plaintiffs were not adequately represented in *Retta*, they cannot bring claims here as proxies of the *Retta* plaintiffs and class members.  *See Mendoza v. Amalgamated Transit Union Int'l*, 2020 WL 2112121, at *13 (D. Nev. May 4, 2020), aff'd, No. 20-16079, 2022 WL 1045603 (9th Cir. Apr. 7, 2022) (applying *Taylor* to dismiss claims where plaintiffs were adequately represented in prior litigation and "[t]o the extent they were not adequately represented, plaintiffs are nothing but proxies for [the plaintiff in the prior action], who wants as many bites at the apple as he can get."); *McClain v. 1st Sec. Bank of Washington*, 2016 WL 8504775, at *3 (W.D. Wash. Apr. 21, 2016) (dismissing claims as barred by res judicata where plaintiff attempted to relitigate them in subsequent action through a proxy).  Indeed, allowing Newly Added Plaintiffs to bring claims on behalf of *Retta* plaintiffs that the *Retta* plaintiffs themselves could not bring "would create a path for abusive litigation whereby two colluding parties could attempt to avoid a detrimental judgment by later re-litigating the same issue through a proxy," thereby allowing cooperating parties "to attempt two bites at the very same apple."  *See Pension Fund of Eighth Dist. Elec. Pension Fund v. Wasatch Front Elec. & Const., LLC,* No. 2:09-CV-0632, 2012 WL 2090061, at *7 (D. Utah June 8, 2012) (dismissing claims as barred by *Taylor*).

Newly Added Plaintiffs cannot advance claims on behalf of *Retta* class members that are both jurisdictionally barred and collaterally estopped–and that

REPLY ISO MOTION TO DISMISS SAC
AND FOR JUDGMENT ON THE PLEADINGS

*Retta* class members therefore could not bring on their own behalf.  All claims should be dismissed, and judgment on the pleadings entered for GT's, as to Newly Added Plaintiffs' claims.

## B. New Plaintiffs Were Adequately Represented in *Retta*.

It is well established that non-parties may be bound by a prior judgment, when they were "adequately represented by someone with the same interests who was a party to the suit."  *Taylor*, 553 U.S. at 894.  Plaintiffs argue that applying this well-established doctrine here would "flaunt the procedural safeguards of Rule 23." Opp. at 10.  Nonsense.  The Ninth Circuit has squarely held that, when non-class members are in privity with prior class plaintiffs, they may be bound by the prior class action litigation.  *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regl. Plan. Agency*, 322 F.3d 1064, 1084 n.18 (9th Cir. 2003) (citing *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276–80 (9th Cir.1991)).  Indeed in *Taylor*, the Supreme Court recognized that class actions are just *one example* of "representative suits with preclusive effect on nonparties."  *Id.*, 553 U.S. at 894.

Plaintiffs attempt to distinguish *Tahoe-Sierra* on the facts, but cannot escape this clear holding—or that Ninth Circuit district courts continue to apply *Taylor* to hold that that non-parties to a prior class action may still be bound by that action when their interests are "sufficiently parallel to the class members' interests such that privity [can] be implied."  *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Products Liab. Litig.*, 2018 WL 1588012, at *1 (N.D. Cal. Mar. 30, 2018)  (enjoining claims by plaintiffs who were in privity with prior class plaintiffs, but not members of the prior class).

Such parallel interests plainly exist here.  The Newly Added Plaintiffs have an identity of interests with the *Retta* class (even if they do not actually belong to it), as they bring identical claims based on the same alleged conduct.  *See* Mot. at 11-12; *Beckerley v. Alorica,* Inc., 2014 WL 4670229, at *5 (C.D. Cal. Sept. 17,

17

2014).  Their interests—as alleged, in GT's Kombucha being accurately labeled as to alcohol and sugar content—were represented by the *Retta* plaintiffs and resulted in the ongoing injunctive relief they now seek to enforce or challenge.  That the *same counsel* filed and actively litigated these claims on their behalf for nearly five years merely reinforces this conclusion.  As a result, they are both bound by the *Retta* Settlement's exclusive jurisdiction provision and also estopped from advancing claims that are directly contrary to the positions taken by their privies in *Retta*.

## IV.    ALL CLAIMS FAIL ON THE MERITS AS TO ALL PLAINTIFFS.

### A.    Plaintiffs' Deceptive Labeling Claims Fails as a Matter of Law.

Enlightened Kombucha's court-approved alcohol warning label is not deceptive as a matter of law, warranting judgment on the pleadings for GT's.

Plaintiffs argue this is a question of fact, but "dismissal is appropriate" on the pleadings "where a Court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging."  *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1099 (N.D. Cal. 2017).  That is the case here, where all Enlightened Kombucha products undisputedly include a clear alcohol warning label, which Judge Guttierez held "adequately ensure[s] that consumers are informed about the alcohol content" of Enlightened Kombucha.  *Retta*, 2017 WL 5479637 at *8.

Plaintiffs again try to muddy the waters, despite Judge Guttierez's clear and unambiguous holding.  They claim that even if the label warns plaintiffs about the presence of alcohol, it does not adequately warn them about the *amount* of alcohol and does not include the Surgeon General's warning they claim is mandatory.  Opp. at 15-18.  Their argument fails for two reasons.  **First**, it is belied by the record in *Retta*, where plaintiffs made identical allegations about alleged violations of federal regulations governing alcohol warning labels.  *Retta* Compl. ¶¶ 47-60.  It was against the background of these allegations, and objections regarding the rights of

minor class members, that Judge Guttierez found the label provided an adequate warning about the products' alcohol content – a warning that Plaintiffs agreed was "precisely" the injunction they sought.  *Retta*, 2017 WL 5479637 at *8; *Retta* Dkt. 103-1 at 23.  **Second**, Plaintiffs' new argument that the warning label is inadequate is not supported by the allegations in the SAC, which never even mentions the *Retta* warning label, much less allege that it is deceptive.  It should be rejected.

Plaintiffs also ask the Court to disregard the alcohol warning label entirely, claiming it is a "question of fact for the jury" whether consumers would even see it. Opp. at 17.  But the authority they rely on applies only where the front label contains "unambiguously deceptive" statements.  *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 780 (9th Cir. 2024); *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1099 (9th Cir. 2023).  Plaintiffs make no such claims in the SAC, and Ninth Circuit courts consistently hold that potentially misleading front label *omissions* are cured by the presence of clear warning labels.  *See Cheslow v. Ghirardelli Chocolate Co.*, 472 F. Supp. 3d 686, 695 (N.D. Cal. 2020); *Bird v. First Alert, Inc.*, 2014 WL 7248734, at *6–7 (N.D. Cal. Dec. 19, 2014); *Gutierrez v. Johnson & Johnson Consumer Inc.*, 2021 WL 822721, at *5 (S.D. Cal. Jan. 22, 2021), *aff'd* 2024 WL 1854288 (9th Cir. Apr. 29, 2024).

Here there is no deceptive statement on Enlightened Kombucha bottles, and the alcohol warning label clearly and obviously discloses that the product contains alcohol.  All of Plaintiffs' claims based on deceptive labeling should be dismissed.[2]

---

[2] Plaintiffs' claim for violations of the California Unfair Competition Law (Count 2) is the only claim that does not entirely rely on allegations of deceptive labeling. Opp. at 18-19.  At a minimum, the Court should grant judgment on the pleadings to GT's on every other Count.

**B.     Plaintiffs' Sugar Content Claims Are Expressly Preempted.**

Finally, Plaintiffs do not meaningfully contest that their claims based on Enlightened Kombucha's sugar content labeling are expressly preempted by federal law.  The SAC alleges that the product labels are deceptive because they do not disclose that the Enlightened Kombucha contains "at least 15 percent more sugar than listed."  SAC ¶¶ 48, 88.  As Plaintiffs concede, this seeks to impose liability beyond the requirements set forth by applicable Food and Drug Administration regulations, which include a safe harbor provision under which a product may be considered misbranded only "if the nutrient content of the composite is greater than 20 percent in excess of the value for that nutrient declared on the label."  21 C.F.R. § 101.9(g)(5).  Plaintiffs' only response is to point to later-discovered evidence that some Enlightened Kombucha samples contain sugar beyond the applicable safe harbor provision.  Opp. at 20.   But Plaintiffs are bound by the allegations in the SAC, which seek to impose liability beyond what is contemplated by the applicable federal regulations.  Plaintiffs' sugar labeling claims are therefore expressly preempted and must be dismissed.  *See Nacarino v. Kashi Co.*, 77 F.4th 1201, 1204 (9th Cir. 2023).[3]


DATED: February 20, 2025             DAVIS WRIGHT TREMAINE LLP
                                     Jacob M. Harper
                                     Heather F. Canner
                                     Joseph Elie-Meyers
                                     Peter K. Bae

                                     By: */s/Jacob M. Harper*

                                        Attorneys for Defendant,
                                        GT's Living Foods, LLC

---

[3] Plaintiffs *again* argue that, in the alternative, they should be given leave to amend this claim, even though they previously acknowledged, and then failed to correct, this exact pleading deficiency in their prior opposition brief.  Dkt. 161 at 18.

REPLY ISO MOTION TO DISMISS SAC
AND FOR JUDGMENT ON THE PLEADINGS

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for defendant GT's Living Foods, LLC, certifies that this brief contains 6,392 words, which complies with the word limit of L.R. 11-6.1.

DATED: February 20, 2025          DAVIS WRIGHT TREMAINE LLP
                                  Jacob M. Harper
                                  Heather F. Canner
                                  Joseph Elie-Meyers
                                  Peter K. Bae

                                  By: */s/Jacob M. Harper*

                                      Attorneys for Defendant,
                                      GT's Living Foods, LLC