Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

DELANEY SHARPE, ERIN WEILER, JENNA LEDER, ADRIANA DIGENNARO, AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ, on Behalf of Themselves and all Others Similarly Situated,

*Plaintiffs*,

v.

GT'S LIVING FOODS, LLC.,

*Defendant*.

Case No. 2:19-cv-10920-FMO-DSR

**DECLARATION OF MARTIN BRENNER RE: DISCOVERY JOINT STIPULATION**

Hon. Fernando M. Olguin
Magistrate Judge Daniel S. Roberts

**DISCOVERY MATTER**

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

# DECLARATION OF MARTIN BRENNER

I, Martin Brenner, declare as follows:

1. I am an attorney at the law firm Dovel & Luner, LLP, a member of the California bar, and counsel for Plaintiffs in this action. I make this declaration in support of Plaintiffs' portion of the discovery joint stipulation.

2. On February 2, 2026, the Parties conferred regarding Defendant's LR 37-1 discovery dispute letter (which was served on January 23). During that meet and confer, Plaintiffs' counsel (myself and my colleague, Simon Franzini), explained that any motion to compel would be untimely under Judge Olguin's orders given the March 5, 2026, discovery cut off and Judge Olguin's scheduling order.

3. The attorneys at Dovel & Luner working on this case had multiple other professional and personal commitments the week of January 25, after receiving Defendant's LR 37-1 letter. These included (without limitation) working on the class certification papers for this case, which are due in a few weeks; three substantive motions for other cases, including a motion for final approval of a class action settlement; two medical appointments; and several other pre-scheduled meet-and-confer calls for other cases, in addition to various other meetings and commitments.

4. Plaintiffs completed their production of documents on December 23, 2025.

5. Dovel & Luner is a California law firm located in Santa Monica, California. The attorneys at Dovel & Luner primarily litigating this case live and primarily practice in California, and are California bar members.

6. Attached as **Exhibit A** is a true and correct copy of Plaintiff Amit Patel's Responses and Objections to Defendant GT's Living Foods, LLC's Requests for Production to Plaintiff Amit Patel, Set One, dated December 15, 2025.

7. Attached as **Exhibit B** is a true and correct copy of Plaintiff Lauren Schmidt's Responses and Objections to Defendant GT's Living Foods, LLC's Requests for Production to Plaintiff Lauren Schmidt, Set One, dated December 15, 2025.

8. Attached as **Exhibit C** is a true and correct copy of Plaintiff Christopher

Nunez's Responses and Objections to Defendant GT's Living Foods, LLC's Requests for Production to Plaintiff Christopher Nunez, Set One, dated December 15, 2025.

9. Attached as **Exhibit D** is a true and correct copy of the Court's November 13, 2025, Order Re: Further Proceedings, obtained from the Docket (Dkt. 183).

10. Attached as **Exhibit E** is a true and correct copy of the Court's March 20, 2020 Order Re: Motions for Class Certification, obtained from the Docket (Dkt. 26).

11. Attached as **Exhibit F** is a true and correct copy of the Parties' December 18, 2025, Stipulated Request to Further Amend Discovery Deadline, obtained from the Docket (Dkt. 184).

12. Attached as **Exhibit G** is a true and correct copy of excerpts from the January 16, 2026 deposition transcript of Amit Patel.

13. Attached as **Exhibit H** is a true and correct copy of excerpts from the January 14, 2026 deposition transcript of Lauren Schmidt.

14. Attached as **Exhibit I** is a true and correct copy of excerpts from the January 8, 2026 deposition transcript of Christopher Nunez.

15. Attached as **Exhibit J** is a true and correct copy of the Court's December 17, 2024, Order Re: Pending Motions, obtained from the Docket (Dkt. 167).

16. Attached as **Exhibit K** is a true and correct compilation of the Court's August 12, 2024, August 13, 2024, and August 14, 2024, orders granting prior counsel's motions to substitute, obtained from the Docket (Dkts. 156-158, 160).

17. One of the documents at issue in Defendant's Motion to Compel is titled Joint Prosecution Agreement and is dated July 7, 2024. Plaintiffs have already produced the execution copy of the Joint Prosecution Agreement, signed by all parties to the agreement. A true and correct copy of this document, which was produced by Plaintiffs with Bates Number PLAINTIFFS000042 – '46 and designated Highly Confidential under the Protective Order, is attached as **Exhibit L**.

18. One of the documents at issue in Defendant's Motion to Compel is titled Agreement Concerning *Sharpe* Litigation and is dated July 16, 2024. Plaintiffs have already

produced the execution copy of the Agreement Concerning *Sharpe* Litigation, signed by all parties to the agreement. A true and correct copy of this document, which was produced by Plaintiffs with Bates Number PLAINTIFFS000047 – '50 and designated Highly Confidential under the Protective Order, is attached as **Exhibit M**.

I declare under penalty of perjury, under the laws of the United States and the State of California, that the foregoing is true and correct to the best of my knowledge.

Dated: February 11, 2026 By: */s/ Martin Brenner*
Martin Brenner

# EXHIBIT A

Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

DELANEY SHARPE, ERIN WEILER, JENNA LEDER, ADRIANA DIGENNARO, AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ, on Behalf of Themselves and all Others Similarly Situated,

*Plaintiffs*,

v.

GT'S LIVING FOODS, LLC.,

*Defendant*.

Case No. 2:19-cv-10920-FMO-DSR

**PLAINTIFF AMIT PATEL'S RESPONSES AND OBJECTIONS TO DEFENDANT GT'S LIVING FOODS, LLC'S REQUESTS FOR PRODUCTION TO PLAINTIFF AMIT PATEL, SET ONE**

Plaintiff Amit Patel ("Plaintiff") hereby responds to Defendant GT's Living Foods, LLC's ("Defendant" or "GT's") Requests for Production, Set One, as follows:

**PRELIMINARY STATEMENT**

Plaintiff responds to these requests based upon the investigation conducted thus far. Accordingly, these responses are based upon information now known and presently available to Plaintiff and that Plaintiff believes to be relevant to the subject matter covered by the requests for production. It is anticipated that further discovery, independent investigation, and legal research and analysis could supply additional facts, add meaning to the known facts, as well as establish entirely new factual contentions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions set forth herein. The following responses are given without prejudice to Plaintiff's right to produce evidence of any subsequently discovered fact or facts which Plaintiff may recall later. Plaintiff accordingly reserves the right to supplement Plaintiff's responses should additional responsive, non-privileged documents and/or information be located and change all answers herein as additional facts are ascertained, analysis is made, and legal research is completed.

Plaintiff will respond as required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and this Court's orders, but will not comply with instructions that exceed those requirements. Pursuant to the Federal Rules of Civil Procedure and applicable law, when Plaintiff agrees to produce documents, Plaintiff will only produce documents in his possession, custody or control and that can be located after a reasonable search. Plaintiff's agreement to produce responsive documents does not mean that any responsive documents exist.

Where Plaintiff agrees to produce documents, Plaintiff will produce documents within his possession, custody, or control that were located after a reasonably diligent search within two weeks of serving these written responses.

## GENERAL OBJECTIONS

Plaintiff incorporates by reference the following general objections and responses to each of the requests for production, whether or not stated as a specific objection to each request.

1. In responding to Defendant's requests for production, Plaintiff does not concede that any of the documents provided are relevant or material to the subject matter of this litigation, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. Plaintiff reserves the right to object to the admissibility at trial, or at any other stage of the litigation, of any of the information or documents produced in response to Defendant's requests for production.

2. Plaintiff objects to Defendant's requests for production to the extent that they purport to impose any obligations upon Plaintiff beyond the obligations imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or any applicable Local Rules or other court order.

3. Plaintiff generally objects to the requests for production on the grounds that the requests, individually and taken as a whole, are overbroad, unduly burdensome, oppressive, and seek to impose broader response obligations on Plaintiff than those imposed by the Federal Rules of Civil Procedure.

4. Plaintiff further objects to Defendant's requests for production to the extent that the documents sought: (a) contain privileged attorney client communications; (b) constitute protected attorney work product; (c) were prepared in anticipation of or in connection with litigation or trial; (d) disclose the mental impressions, conclusions, opinions, or legal theories of any attorney for or other representative of Plaintiff; (e) are subject to the common-interest or joint-defense privileges; or (f) are otherwise privileged or exempt from discovery (collectively, "privileged documents or information"). Plaintiff does not intend to provide any privileged documents or information. Any disclosure of privileged documents or information in these responses is inadvertent and shall not be

deemed waiver of any applicable privileges or protections, and Plaintiff requests that any such information be discarded and disregarded promptly.

5. Plaintiff further objects to Defendant's requests for production on the grounds and to the extent that they seek documents that are irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the case.

6. Plaintiff further objects to the requests on the grounds and to the extent that they call for legal conclusions or assume or appear to assume that any fact or event is true. By responding to any such discovery request, Plaintiff does not concede the accuracy or any such conclusion or assumption.

7. Plaintiff further objects to Defendant's requests on the grounds and to the extent that they are vague, ambiguous, and lacking particularity.

8. Plaintiff further objects to Defendant's requests on the ground and to the extent that they are not limited to the time period relevant to this litigation.

9. Plaintiff further objects to Defendant's requests on the ground and to the extent that they call for the production of documents that are equally available to Defendant or are in Defendant's possession. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

10. Plaintiff further objects to Defendant's requests on the grounds and to the extent that they are cumulative or duplicative of other requests and/or to the extent that they seek information obtainable from other more convenient and less burdensome or expensive sources, including public sources.

11. Plaintiff objects to the "DEFINITIONS" on the grounds that they are vague, ambiguous, and overbroad and seek to change the ordinary meaning of the terms and phrases they define. Plaintiff interprets these terms and phrases according to their common meaning and usage. Plaintiff also objects to the extent the definitions call for

premature disclosure of expert opinion, call for legal conclusions, or seek privilege or work-product confidential information.

12. Plaintiff further objects to the definition of the terms "DOCUMENT," "DOCUMENTS," "COMMUNICATION," and "COMMUNICATIONS" to the extent they seek to impose the obligation on Plaintiff to produce documents not in Plaintiff's possession or seek privileged information. Plaintiff responds to these requests solely on Plaintiff's behalf and will only produce documents in Plaintiff's possession, custody, or control.

13. Plaintiff objects to the definition of the terms "PLAINTIFF," "YOU," and "YOUR" to the extent they seek to impose the obligation on Plaintiff to produce documents not in Plaintiff's possession, custody, or control.

14. Plaintiff objects to the definition of the terms "RELATE(S)" and "RELATING" because they are overbroad and unduly burdensome. Plaintiff further objects on the ground and to the extent that the terms seek information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence, and because the term is not limited to the time period relevant to this litigation.

15. Plaintiff further objects to the definition of the term "PROMOTIONAL MATERIALS" because it is overbroad and unduly burdensome. Plaintiff further objects on the ground and to the extent that the term seeks information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence, and because the term is not limited to the time period relevant to this litigation.

16. Plaintiff further objects to the definition of the terms "ALCOHOL CLAIMS" and "SUGAR CLAIMS" because they are overbroad and unduly burdensome. Plaintiff further objects on the ground and to the extent that the terms seek information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence, and because the terms are not limited to the time period relevant to this litigation.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR purchases of the PRODUCT during the RELEVANT TIME PERIOD, including but not limited to receipts and bank statements reflecting such purchase.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" relating to Plaintiff's purchases of the PRODUCTS regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it seeks bank statements as irrelevant and seeking information protected by Plaintiff's right to privacy.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce bank statements, documents or communications to or from his attorneys, or attorney work product.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS that RELATE to where YOU purchased the PRODUCT(S), including from online personal grocery shipping services

(e.g., Instacart, DoorDash, Uber Eats, Postmates, GrubHub, Amazon Flex, Caviar, Shipt, Favor, and ChowNow), or brick-and-mortar retail stores, during the RELEVANT TIME PERIOD.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 2:</u>**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" relating to where Plaintiff purchased the PRODUCTS regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATE to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production No. 1.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**<u>REQUEST FOR PRODUCTION NO. 3:</u>**

All DOCUMENTS and COMMUNICATIONS RELATING to when YOU purchased the PRODUCT during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" relating to when Plaintiff purchased the PRODUCTS regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production No. 1. Plaintiff further objects to this request as vague and ambiguous as to "when." Plaintiff will interpret the term to mean the date Plaintiff purchased the PRODUCTS during the RELEVANT TIME PERIOD.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS RELATING to any PROMOTIONAL MATERIALS YOU relied upon in making YOUR purchase of the PRODUCT during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" relating to PROMOTIONAL MATERIALS Plaintiff relied upon in making Plaintiff's purchase regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production No. 1.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 5:**

All labels, packaging, advertisements, and other PROMOTIONAL MATERIALS for the PRODUCT, including photographs, pictures, or other copies, during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll labels, packaging,

advertisements, and other PROMOTIONAL MATERIALS" for the PRODUCTs, regardless of whether Plaintiff purchased those PRODUCTS or whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request to the extent it is duplicative of Request for Production No. 4.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS that RELATE to the PRODUCT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS that RELATE to the PRODUCT" in any way, regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects that this request lacks reasonable particularity such that Plaintiff does not understand what documents are being requested. Plaintiff further objects to the term "RELATE to" as overbroad, vague, and ambiguous. Plaintiff further objects to the request as overbroad, irrelevant, and not proportional to the needs of the case because it lacks any reasonable time limit. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents

protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production Nos. 1-5 and 9.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, documents and communications from or to Plaintiff that relate to the sugar or alcohol content of the PRODUCTS, or that reflect any complaints or benefits of the PRODUCT during the RELEVANT TIME PERIOD that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS containing, reflecting, or referencing COMMUNICATIONS or other interactions between you and GT'S during the RELEVANT TIME PERIOD, including complaints, feedback, and refund requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS" regarding any interaction between Plaintiff and GT's regardless of whether those documents or interactions have anything to do with the issues in this litigation. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control. Plaintiff will not produce any documents or

communications to or from his attorneys or attorney work product. After a reasonably diligent search, Plaintiff is not in possession of any responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR purchase(s) of any non-GT'S brand kombucha product during the RELEVANT TIME PERIOD, including but not limited to bank statements reflecting such purchase, DOCUMENTS and COMMUNICATIONS concerning when and where such purchases were made, and materials you relied upon in making the purchase.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" relating to Plaintiff's purchases of non-GT's brand kombucha products regardless of whether non-GT's brand kombucha products or those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as vague and ambiguous as to "when." Plaintiff will interpret the term to mean the date Plaintiff purchased the non-GT's brand kombucha products during the RELEVANT TIME PERIOD. Plaintiff further objects to this request to the extent it purports to seek documents not in Plaintiff's possession, custody, or control. Plaintiff further objects to the request to the extent it seeks bank statements as irrelevant and seeking information protected by Plaintiff's right to privacy.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce bank statements, documents or communications to or from his attorneys, or attorney work product.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that reflect, refer, or RELATE to any COMMUNICATION between YOU and any PERSON concerning the PRODUCT during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS" relating to any COMMUNICATIONS Plaintiff had "concerning the PRODUCT" in any way, regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATE to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production Nos. 1-6.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if

any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS, including without limitation correspondence, notes of telephone conversations and electronic mail, that reflect, refer, or RELATE to any COMMUNICATION, written or oral, between YOU or YOUR attorney(s) or other representative(s) and any other members of the proposed class you seek to represent, regarding YOUR COMPLAINT or the subject matter of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS" relating to any COMMUNICATIONS Plaintiff or his attorneys have had with any other members of the proposed class regarding the complaint or subject matter of the complaint, regardless of whether those documents have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATE to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents that concern or constitute a communication concerning the complaint or subject matter of this lawsuit, made between Plaintiff and any other member of the proposed class, that can be located after a

reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS, including without limitation correspondence, notes of telephone conversations and electronic mail, that reflect, refer, or RELATE to any COMMUNICATION, written or oral, between YOU or YOUR attorney(s) or other representative(s) and any other members of the proposed class you seek to represent, regarding GT'S.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS" relating to any COMMUNICATIONS Plaintiff or his attorneys have had with any other members of the proposed class regarding GT's, regardless of whether those documents have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATE to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents that concern or constitute a communication regarding DEFENDANT, made between Plaintiff and any other member of the proposed class, that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that evidence, refer to, or RELATE to any COMMUNICATION that YOU or YOUR attorney(s) or other representative(s) made or received RELATING to GT'S or the PRODUCT at issue in the COMPLAINT, on any publicly accessible medium, including without limitation, Internet websites, social networking sites, news groups, chat rooms, and online services (such as Facebook, Instagram, Twitter, or LinkedIn).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS" relating to any COMMUNICATIONS on a publicly accessible medium relating to GT's or the PRODUCTS, regardless of whether those documents have anything to do with the issues in this litigation. Plaintiff further objects to the terms "RELATE to" and "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the extent that the request calls for the production of attorney-directed advertising. Attorney advertising is not relevant to the case. *Prescott v. Reckitt Benckiser LLC*, 2021 U.S. Dist. LEXIS 146130, at *4-5 (N.D. Cal. Aug. 4, 2021).

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged documents concerning or constituting communications Plaintiff has made or received concerning GT's or the PRODUCTS at issue in the complaint on any publicly accessible medium in Plaintiff's possession, custody, or control that can be

located after a reasonably diligent search, if any. Plaintiff will not produce attorney advertising, documents or communications to or from his attorneys, or attorney work product.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and COMMUNICATIONS that RELATE to the manner in which YOU became a party to this action, including, but not limited to advertisements or news articles, solicitations, emails, notices, or correspondence to which YOU responded and YOUR response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATE to" as overbroad, vague, and ambiguous. Plaintiff further objects to the request because it seeks production of documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as irrelevant and not proportional to the needs of the case. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 79 of YOUR COMPLAINT that "[t]he claims of the named Plaintiffs are typical of the claims of the Class."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client

privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 80 of YOUR COMPLAINT that "Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class members they seek to represent … and they intend to prosecute this action vigorously."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this

lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 80 of YOUR COMPLAINT that "Plaintiffs … have retained competent counsel[.]"

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 80 of YOUR COMPLAINT that "[t]he interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 81 of YOUR COMPLAINT that "[t]he class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. . . . Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and

ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS and COMMUNICATIONS RELATING to actual or potential conflicts of interest YOU may have with putative or purported class members that make up the alleged class as pled in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not

produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS and COMMUNICATIONS RELATING to any representations, agreements, promises or assurances YOU received about any monetary recovery YOU might receive as a result of YOUR participation as a plaintiff in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to the request because it seeks production of documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request as irrelevant and not proportional to the needs of the case. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product. After a reasonably diligent search, there are no non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS and COMMUNICATIONS RELATING the terms by which YOU retained attorneys for the preparation and filing of any complaint in this Action and the prosecution of this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to this request as unintelligible with respect to "COMMUNICATIONS RELATING the terms by which … ." Plaintiff will interpret this phrase as "COMMUNICATIONS RELATING to the terms by which … ." Plaintiff further objects to the term "RELATING" as overbroad, vague, and ambiguous. Plaintiff further objects to the request because it seeks production of documents protected by the

attorney-client privilege and the attorney work product doctrine. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product. After a reasonably diligent search, there are no non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS RELATED to any agreement YOU have with YOUR attorneys, or any other PERSON or entity, or any agreement YOUR attorneys have with any other PERSON or entity, concerning:

i. the payment or advancement of attorneys' fees, expenses, and costs with respect to this lawsuit;

ii. who will advance, and who is responsible for, payment of the costs and expenses incurred in connection with the prosecution of this lawsuit;

iii. whether a fee in this lawsuit will be shared with any PERSON not a member of YOUR attorneys' law firm; or

iv. the fee sharing arrangement by or among Dovel & Luner, LLP, Smith Krivoshey, PC, Bibiyan Law Group, Freeman Mathis and Gary, Bursor and Fisher PA, and/or any other lawyer, firm, or PERSON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production No. 21. Plaintiff further objects to this request as irrelevant to the extent it seeks documents unrelated to this lawsuit.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff entered a retention agreement with Dovel & Luner, LLP on or around July 16, 2024.

Plaintiff's retention agreement with his lawyers is protected by the attorney-client privilege and will not be produced. Plaintiff will produce a copy of the July 9, 2024, Joint Prosecution Agreement between Dovel & Luner, LLP; Smith Krivoshey, PC; Bursor & Fisher, P.A.; and Zimmerman Reed LLP and Westerman Law Corp. relating to this lawsuit. Plaintiff will also produce a copy of the July 16, 2024, Agreement Concerning *Sharpe* Litigation between Dovel & Luner, LLP; Smith Krivoshey, PC; Bursor & Fisher, P.A.; and Zimmerman Reed LLP and Westerman Law Corp. relating to this lawsuit, which superseded the July 9 joint prosecution agreement. Other than the Plaintiffs' retention agreements with Dovel & Luner, LLP, and the aforementioned agreements, there are no other agreements between Dovel & Luner, LLP and any other lawyer, law firm, entity, or person that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 1 of YOUR COMPLAINT that GT'S "has passed off millions of bottles of its wildly successful Enlightened Kombucha beverages as non-alcoholic, when, in fact, the beverages contain 18 to 442 percent more alcohol than the legal limit for non-alcoholic beverages."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this

lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 1 of YOUR COMPLAINT that "the purported distinction between the 'Classic' and 'Enlightened' lines is a sham designed to confuse the public and government regulators."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's

possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 2 of YOUR COMPLAINT that "the undeclared high sugar content of Defendant's Enlightened Kombucha beverages contributes to the continued fermentation of the beverages after bottling."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 37 of YOUR COMPLAINT that "Defendant actively promotes Enlightened Kombucha as non-alcoholic and promotes its consumption even for children and pregnant women."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR contention that the GT'S made false ALCOHOL CLAIMS with respect to the PRODUCTS, including but not limited to all DOCUMENTS and

COMMUNICATIONS YOU contend show or suggest that the PRODUCTS contain more than 0.5% alcohol by volume.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR contention that GT'S made false SUGAR CLAIMS with respect to the PRODUCTS, including but not limited to all DOCUMENTS and COMMUNICATIONS YOU contend show or suggest that the PRODUCTS more sugar than indicated on the nutritional label.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 28:</u>**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as unintelligible with respect to "YOU contend show or suggest that the PRODUCTS more sugar … ." Plaintiff will interpret this phrase as "YOU contend show or suggest that the PRODUCTS contain more sugar … ." Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**<u>REQUEST FOR PRODUCTION NO. 29:</u>**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR purchase or consumption of any alcoholic beverage during the RELEVANT TIME PERIOD, including but not limited to receipts, online purchase history records, text messages, direct messages, photographs, and videos.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" relating to Plaintiff's purchase or consumption of any alcoholic beverage over an eight-year period, regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as irrelevant and not proportional to the needs of the case. Plaintiff further objects to the request to the extent it seeks documents protected by Plaintiff's right to privacy.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged documents and communications reflecting Plaintiff's purchase of alcoholic beverages during the period Plaintiff purchased GT's kombucha PRODUCTS in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 30:**

DOCUMENTS sufficient to show all food and beverage purchases YOU made, or others made on YOUR behalf, during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents relating to every food or beverage purchase Plaintiff made over an eight-year period, regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents relating to every food or beverage purchase made on Plaintiff's behalf over an eight-year period, regardless of whether those documents or communications have anything to do with the issues in this litigation. Every food or beverage purchase made by Plaintiff or on Plaintiff's behalf since 2017 is not relevant to the issues in this case, and documents reflecting those purchases is not proportional to the needs of the case. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request to the extent it is duplicative of Request for Production Nos. 1-3, 6, 8, and 30.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged documents and communications reflecting Plaintiff's purchase of kombucha beverages or alcoholic beverages during the period Plaintiff purchased GT's kombucha PRODUCTS in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce documents sufficient to show all food or beverage purchases Plaintiff made or that were made on Plaintiff's behalf, any documents or communications to or from his attorneys, or attorney work product.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS and COMMUNICATIONS REGARDING when YOU became aware that the PRODUCT(S) allegedly contain more than 0.5% alcohol by volume.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS REGARDING when YOU became aware that the PRODUCT(S) allegedly contain more sugar than indicated on the nutritional label.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's

possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS and COMMUNICATIONS referencing, reflecting, or RELATING to kombucha-related websites YOU visited before or after purchasing any kombucha product, including but not limited to the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff objects to the phrase "kombucha-related websites" as vague and ambiguous. Plaintiff will interpret the phrase to mean webpages that sell or discuss kombucha products. Plaintiff further objects to the request to the extent it seeks documents protected by Plaintiff's right to privacy.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications from the RELEVANT TIME PERIOD in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS and COMMUNICATIONS RELATING to any economic or other injury YOU claim to have sustained as a result of any of GT'S acts, representations, or omissions alleged in the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS and COMMUNICATIONS RELATING to any harm, damage or loss YOU incurred that YOU contend was caused by any of the ALCOHOL CLAIMS, including, without limitation, all COMMUNICATIONS RELATING to such harm, damage, or loss, and all DOCUMENTS RELATING to the calculation and/or measurement of such harm, damage, or loss.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and

ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production No. 34. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS and COMMUNICATIONS RELATING to any harm, damage or loss YOU incurred that YOU contend was caused by any of the SUGAR CLAIMS, including, without limitation, and all DOCUMENTS RELATING to the calculation and/or measurement of such harm, damage, or loss.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client

privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production No. 34. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS on which YOU intend to rely in support of YOUR claims or alleged damages in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as premature. Plaintiff further objects to this request as duplicative of Request for Production Nos. 34, 35, and 36. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR connection to the RETTA ACTION, YOUR notice of the RETTA ACTION settlement, YOUR RETTA ACTION class membership, YOUR opt out of the RETTA ACTION class, or RETTA ACTION settlement cash payments or product vouchers given to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control. After a reasonably diligent search, Plaintiff is not in possession of any responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS and COMMUNICATIONS, if any, that YOU intend to rely on in this litigation to show that YOU were not a member of the RETTA ACTION settlement class.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff further objects to this request as premature. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR purchase(s) of the PRODUCT between March 11, 2011, and February 26, 2017, including but not limited to dates of purchase, receipts, and bank statements reflecting such purchase(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if

any. After a reasonably diligent search, Plaintiff is not in possession of any non-privileged responsive documents.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS on which YOU intend to rely in support of YOUR motion for class certification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as premature. Plaintiff further objects to this request to the extent it seeks documents not in Plaintiff's possession, custody, or control. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, documents and communications in Plaintiff's possession, custody, or control that Plaintiff presently intends to rely upon in support of Plaintiffs' motion for class certification that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS that RELATE to any legal proceedings commenced at any time in any court or with any arbitration organization in which YOU have sought to be a class representative in a class action, in which you have participated as a class representative, in

which YOU brought suit derivatively on behalf of a corporation, or in which YOU represented or assisted in the representation of any plaintiffs, defendants, or other PERSONS in a legal proceeding brought as a class, derivative or private attorney general action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as vague and ambiguous with respect to the phrase "or in which YOU represented or assisted in the representation of any plaintiffs, defendants, or other PERSONS in a legal proceeding … ." Plaintiff will interpret this request as seeking documents relating to any legal proceeding in which Plaintiff has sought to be a class representative (other than this lawsuit), participated as a class representative, or brought a derivative suit on behalf of a corporation. Plaintiff further objects to the term "RELATE to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product. After a reasonably diligent search, Plaintiff is not in possession of any responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS evidencing, referring or RELATING to any other actions, lawsuits, arbitrations, bankruptcies, insolvency proceedings, criminal proceedings, or other

adjudicatory proceedings or regulatory enforcement actions or investigations to which YOU are or have been a party during the past ten years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production No. 43. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff's involvement in unrelated "other actions, lawsuits, arbitrations, bankruptcies, insolvency proceedings, criminal proceedings, or other adjudicatory proceedings or regulatory enforcement actions or investigations" over the last ten years is not relevant to any issue in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged documents and communications in Plaintiff's possession, custody, or control relating to legal proceedings in which Plaintiff sought to be a class representative, participated as a class representative, or brought suit derivatively on behalf of a corporation, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product. After a reasonably diligent search, Plaintiff is not in possession of any responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS containing, reflecting, or referencing COMMUNICATIONS between YOU and any retailer from which YOU purchased the product during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents containing, reflecting, or reference all communications between Plaintiff and any retailer from which Plaintiff has ever purchased GT's kombucha PRODUCTS during the RELEVANT TIME PERIOD, regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged documents and concerning or constituting communications regarding the PRODUCTS or the allegations in the complaint between Plaintiff and any retailer from which Plaintiff purchased PRODUCTS during the RELEVANT TIME PERIOD, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS that YOU relied upon or referenced when answering GT'S Interrogatories, Set One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents

protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS and COMMUNICATIONS that YOU contend evidence or support YOUR claim against GT'S.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 17 of YOUR COMPLAINT that "Plaintiff Patel drinks alcohol very rarely. He would not have purchased the products had he known that they contained significant levels of alcohol and were considered alcoholic beverages."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it seeks documents protected by Plaintiff's right to privacy.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications during the period Plaintiff purchased GT's kombucha PRODUCTS in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 17 of YOUR COMPLAINT that "Plaintiff Patel is a health-conscious individual and would not have purchased Enlighted Kombucha had he known that the products mischaracterized the level of sugar in the bottles."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, ambiguous,

and not proportional to the needs of the case. Plaintiff further objects that this request lacks reasonable particularity such that Plaintiff does not understand what documents are being requested. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it seeks documents protected by Plaintiff's right to privacy.

Dated: December 15, 2025

By: */s/ Martin Brenner*

Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiffs*

## PROOF OF SERVICE

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to the within action. My business address is 201 Santa Monica Blvd., Suite 600, Santa Monica, CA 90401.

On December 15, 2025, I served the foregoing document(s) described as PLAINTIFF AMIT PATEL'S RESPONSES AND OBJECTIONS TO DEFENDANT GT'S LIVING FOODS, LLC'S REQUESTS FOR PRODUCTION TO PLAINTIFF AMIT PATEL, SET ONE on all interested parties in this action as follows:

| | |
|---|---|
| Jacob M. Harper (SBN 259463)<br>jacobharper@dwt.com<br>Heather F. Canner (SBN 292837)<br>heathercanner@dwt.com<br>Joseph Elie-Meyers (SBN 325183)<br>josepheliemeyers@dwt.com<br>Peter K. Bae (SBN 329158)<br>peterbae@dwt.com<br>DAVIS WRIGHT TREMAINE LLP<br>350 South Grand Avenue, 27th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 633-6800<br>Fax: (213) 633-6899 | *Attorneys for Defendant GT's Living Foods, LLC* |

**[X] (VIA ELECTRONIC SERVICE):** I served the document(s) listed above electronically via email or electronic transmission. I caused the documents to be sent to the persons at the email addresses above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 15, 2025, at Santa Monica, California.

Rachel Ong (signature)

Rachel Ong

# EXHIBIT B

Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DELANEY SHARPE, ERIN WEILER, JENNA LEDER, ADRIANA DIGENNARO, AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>GT'S LIVING FOODS, LLC.,<br><br>*Defendant.* | Case No. 2:19-cv-10920-FMO-DSR<br><br>**PLAINTIFF LAUREN SCHMIDT'S RESPONSES AND OBJECTIONS TO DEFENDANT GT'S LIVING FOODS, LLC'S REQUESTS FOR PRODUCTION TO PLAINTIFF LAUREN SCHMIDT, SET ONE** |

Plaintiff Lauren Schmidt ("Plaintiff") hereby responds to Defendant GT's Living Foods, LLC's ("Defendant" or "GT's") Requests for Production, Set One, as follows:

**PRELIMINARY STATEMENT**

Plaintiff responds to these requests based upon the investigation conducted thus far. Accordingly, these responses are based upon information now known and presently available to Plaintiff and that Plaintiff believes to be relevant to the subject matter covered by the requests for production. It is anticipated that further discovery, independent investigation, and legal research and analysis could supply additional facts, add meaning to the known facts, as well as establish entirely new factual contentions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions set forth herein. The following responses are given without prejudice to Plaintiff's right to produce evidence of any subsequently discovered fact or facts which Plaintiff may recall later. Plaintiff accordingly reserves the right to supplement Plaintiff's responses should additional responsive, non-privileged documents and/or information be located and change all answers herein as additional facts are ascertained, analysis is made, and legal research is completed.

Plaintiff will respond as required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and this Court's orders, but will not comply with instructions that exceed those requirements. Pursuant to the Federal Rules of Civil Procedure and applicable law, when Plaintiff agrees to produce documents, Plaintiff will only produce documents in her possession, custody or control and that can be located after a reasonable search. Plaintiff's agreement to produce responsive documents does not mean that any responsive documents exist.

Where Plaintiff agrees to produce documents, Plaintiff will produce documents within her possession, custody, or control that were located after a reasonably diligent search within two weeks of serving these written responses.

**GENERAL OBJECTIONS**

Plaintiff Lauren Schmidt ("Plaintiff") incorporates by reference the following general objections and responses to each of the requests for production, whether or not stated as a specific objection to each request.

1. In responding to Defendant's requests for production, Plaintiff does not concede that any of the documents provided are relevant or material to the subject matter of this litigation, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. Plaintiff reserves the right to object to the admissibility at trial, or at any other stage of the litigation, of any of the information or documents produced in response to Defendant's requests for production.

2. Plaintiff objects to Defendant's requests for production to the extent that they purport to impose any obligations upon Plaintiff beyond the obligations imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or any applicable Local Rules or other court order.

3. Plaintiff generally objects to the requests for production on the grounds that the requests, individually and taken as a whole, are overbroad, unduly burdensome, oppressive, and seek to impose broader response obligations on Plaintiff than those imposed by the Federal Rules of Civil Procedure.

4. Plaintiff further objects to Defendant's requests for production to the extent that the documents sought: (a) contain privileged attorney client communications; (b) constitute protected attorney work product; (c) were prepared in anticipation of or in connection with litigation or trial; (d) disclose the mental impressions, conclusions, opinions, or legal theories of any attorney for or other representative of Plaintiff; (e) are subject to the common-interest or joint-defense privileges; or (f) are otherwise privileged or exempt from discovery (collectively, "privileged documents or information"). Plaintiff does not intend to provide any privileged documents or information. Any disclosure of privileged documents or information in these responses is inadvertent and shall not be

deemed waiver of any applicable privileges or protections, and Plaintiff requests that any such information be discarded and disregarded promptly.

5. Plaintiff further objects to Defendant's requests for production on the grounds and to the extent that they seek documents that are irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the case.

6. Plaintiff further objects to the requests on the grounds and to the extent that they call for legal conclusions or assume or appear to assume that any fact or event is true. By responding to any such discovery request, Plaintiff does not concede the accuracy or any such conclusion or assumption.

7. Plaintiff further objects to Defendant's requests on the grounds and to the extent that they are vague, ambiguous, and lacking particularity.

8. Plaintiff further objects to Defendant's requests on the ground and to the extent that they are not limited to the time period relevant to this litigation.

9. Plaintiff further objects to Defendant's requests on the ground and to the extent that they call for the production of documents that are equally available to Defendant or are in Defendant's possession. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

10. Plaintiff further objects to Defendant's requests on the grounds and to the extent that they are cumulative or duplicative of other requests and/or to the extent that they seek information obtainable from other more convenient and less burdensome or expensive sources, including public sources.

11. Plaintiff objects to the "DEFINITIONS" on the grounds that they are vague, ambiguous, and overbroad and seek to change the ordinary meaning of the terms and phrases they define. Plaintiff interprets these terms and phrases according to their common meaning and usage. Plaintiff also objects to the extent the definitions call for

premature disclosure of expert opinion, call for legal conclusions, or seek privilege or work-product confidential information.

12. Plaintiff further objects to the definition of the terms "DOCUMENT," "DOCUMENTS," "COMMUNICATION," and "COMMUNICATIONS" to the extent they seek to impose the obligation on Plaintiff to produce documents not in Plaintiff's possession or seek privileged information. Plaintiff responds to these requests solely on Plaintiff's behalf and will only produce documents in Plaintiff's possession, custody, or control.

13. Plaintiff objects to the definition of the terms "PLAINTIFF," "YOU," and "YOUR" to the extent they seek to impose the obligation on Plaintiff to produce documents not in Plaintiff's possession, custody, or control.

14. Plaintiff objects to the definition of the terms "RELATE(S)" and "RELATING" because they are overbroad and unduly burdensome. Plaintiff further objects on the ground and to the extent that the terms seek information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence, and because the term is not limited to the time period relevant to this litigation.

15. Plaintiff further objects to the definition of the term "PROMOTIONAL MATERIALS" because it is overbroad and unduly burdensome. Plaintiff further objects on the ground and to the extent that the term seeks information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence, and because the term is not limited to the time period relevant to this litigation.

16. Plaintiff further objects to the definition of the terms "ALCOHOL CLAIMS" and "SUGAR CLAIMS" because they are overbroad and unduly burdensome. Plaintiff further objects on the ground and to the extent that the terms seek information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence, and because the terms are not limited to the time period relevant to this litigation.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR purchases of the PRODUCT during the RELEVANT TIME PERIOD, including but not limited to receipts and bank statements reflecting such purchase.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" relating to Plaintiff's purchases of the PRODUCTS regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it seeks bank statements as irrelevant and seeking information protected by Plaintiff's right to privacy.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce bank statements, documents or communications to or from her attorneys, or attorney work product.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS that RELATE to where YOU purchased the PRODUCT(S), including from online personal grocery shipping services

(e.g., Instacart, DoorDash, Uber Eats, Postmates, GrubHub, Amazon Flex, Caviar, Shipt, Favor, and ChowNow), or brick-and-mortar retail stores, during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" relating to where Plaintiff purchased the PRODUCTS regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATE to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production No. 1.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS RELATING to when YOU purchased the PRODUCT during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" relating to when Plaintiff purchased the PRODUCTS regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production No. 1. Plaintiff further objects to this request as vague and ambiguous as to "when." Plaintiff will interpret the term to mean the date Plaintiff purchased the PRODUCTS during the RELEVANT TIME PERIOD.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS RELATING to any PROMOTIONAL MATERIALS YOU relied upon in making YOUR purchase of the PRODUCT during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" relating to PROMOTIONAL MATERIALS Plaintiff relied upon in making Plaintiff's purchase regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production No. 1.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 5:**

All labels, packaging, advertisements, and other PROMOTIONAL MATERIALS for the PRODUCT, including photographs, pictures, or other copies, during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll labels, packaging,

advertisements, and other PROMOTIONAL MATERIALS" for the PRODUCTs, regardless of whether Plaintiff purchased those PRODUCTS or whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request to the extent it is duplicative of Request for Production No. 4.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS that RELATE to the PRODUCT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS that RELATE to the PRODUCT" in any way, regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects that this request lacks reasonable particularity such that Plaintiff does not understand what documents are being requested. Plaintiff further objects to the term "RELATE to" as overbroad, vague, and ambiguous. Plaintiff further objects to the request as overbroad, irrelevant, and not proportional to the needs of the case because it lacks any reasonable time limit. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents

protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production Nos. 1-5 and 9.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, documents and communications from or to Plaintiff that relate to the sugar or alcohol content of the PRODUCTS, or that reflect any complaints or benefits of the PRODUCT during the RELEVANT TIME PERIOD that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS containing, reflecting, or referencing COMMUNICATIONS or other interactions between you and GT'S during the RELEVANT TIME PERIOD, including complaints, feedback, and refund requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS" regarding any interaction between Plaintiff and GT's regardless of whether those documents or interactions have anything to do with the issues in this litigation. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control. Plaintiff will not produce any documents or

communications to or from her attorneys or attorney work product. After a reasonably diligent search, Plaintiff is not in possession of any responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR purchase(s) of any non-GT'S brand kombucha product during the RELEVANT TIME PERIOD, including but not limited to bank statements reflecting such purchase, DOCUMENTS and COMMUNICATIONS concerning when and where such purchases were made, and materials you relied upon in making the purchase.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" relating to Plaintiff's purchases of non-GT's brand kombucha products regardless of whether non-GT's brand kombucha products or those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as vague and ambiguous as to "when." Plaintiff will interpret the term to mean the date Plaintiff purchased the non-GT's brand kombucha products during the RELEVANT TIME PERIOD. Plaintiff further objects to this request to the extent it purports to seek documents not in Plaintiff's possession, custody, or control. Plaintiff further objects to the request to the extent it seeks bank statements as irrelevant and seeking information protected by Plaintiff's right to privacy.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce bank statements, documents or communications to or from her attorneys, or attorney work product.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that reflect, refer, or RELATE to any COMMUNICATION between YOU and any PERSON concerning the PRODUCT during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS" relating to any COMMUNICATIONS Plaintiff had "concerning the PRODUCT" in any way, regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATE to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production Nos. 1-6.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if

any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS, including without limitation correspondence, notes of telephone conversations and electronic mail, that reflect, refer, or RELATE to any COMMUNICATION, written or oral, between YOU or YOUR attorney(s) or other representative(s) and any other members of the proposed class you seek to represent, regarding YOUR COMPLAINT or the subject matter of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS" relating to any COMMUNICATIONS Plaintiff or her attorneys have had with any other members of the proposed class regarding the complaint or subject matter of the complaint, regardless of whether those documents have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATE to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents that concern or constitute a communication concerning the complaint or subject matter of this lawsuit, made between Plaintiff and any other member of the proposed class, that can be located after a

reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS, including without limitation correspondence, notes of telephone conversations and electronic mail, that reflect, refer, or RELATE to any COMMUNICATION, written or oral, between YOU or YOUR attorney(s) or other representative(s) and any other members of the proposed class you seek to represent, regarding GT'S.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS" relating to any COMMUNICATIONS Plaintiff or her attorneys have had with any other members of the proposed class regarding GT's, regardless of whether those documents have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATE to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents that concern or constitute a communication regarding DEFENDANT, made between Plaintiff and any other member of the proposed class, that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that evidence, refer to, or RELATE to any COMMUNICATION that YOU or YOUR attorney(s) or other representative(s) made or received RELATING to GT'S or the PRODUCT at issue in the COMPLAINT, on any publicly accessible medium, including without limitation, Internet websites, social networking sites, news groups, chat rooms, and online services (such as Facebook, Instagram, Twitter, or LinkedIn).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS" relating to any COMMUNICATIONS on a publicly accessible medium relating to GT's or the PRODUCTS, regardless of whether those documents have anything to do with the issues in this litigation. Plaintiff further objects to the terms "RELATE to" and "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the extent that the request calls for the production of attorney-directed advertising. Attorney advertising is not relevant to the case. *Prescott v. Reckitt Benckiser LLC*, 2021 U.S. Dist. LEXIS 146130, at *4-5 (N.D. Cal. Aug. 4, 2021).

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged documents concerning or constituting communications Plaintiff has made or received concerning GT's or the PRODUCTS at issue in the complaint on any publicly accessible medium in Plaintiff's possession, custody, or control that can be

located after a reasonably diligent search, if any. Plaintiff will not produce attorney advertising, documents or communications to or from her attorneys, or attorney work product.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and COMMUNICATIONS that RELATE to the manner in which YOU became a party to this action, including, but not limited to advertisements or news articles, solicitations, emails, notices, or correspondence to which YOU responded and YOUR response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATE to" as overbroad, vague, and ambiguous. Plaintiff further objects to the request because it seeks production of documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as irrelevant and not proportional to the needs of the case. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 79 of YOUR COMPLAINT that "[t]he claims of the named Plaintiffs are typical of the claims of the Class."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client

privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 80 of YOUR COMPLAINT that "Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class members they seek to represent … and they intend to prosecute this action vigorously."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this

lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 80 of YOUR COMPLAINT that "Plaintiffs … have retained competent counsel[.]"

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 80 of YOUR COMPLAINT that "[t]he interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 81 of YOUR COMPLAINT that "[t]he class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. . . . Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and

ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS and COMMUNICATIONS RELATING to actual or potential conflicts of interest YOU may have with putative or purported class members that make up the alleged class as pled in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not

produce any documents or communications to or from her attorneys or attorney work product.

**<u>REQUEST FOR PRODUCTION NO. 20:</u>**

All DOCUMENTS and COMMUNICATIONS RELATING to any representations, agreements, promises or assurances YOU received about any monetary recovery YOU might receive as a result of YOUR participation as a plaintiff in this lawsuit.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 20:</u>**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to the request because it seeks production of documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request as irrelevant and not proportional to the needs of the case. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product. After a reasonably diligent search, there are no non-privileged documents responsive to this request.

**<u>REQUEST FOR PRODUCTION NO. 21:</u>**

All DOCUMENTS and COMMUNICATIONS RELATING the terms by which YOU retained attorneys for the preparation and filing of any complaint in this Action and the prosecution of this lawsuit.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 21:</u>**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to this request as unintelligible with respect to "COMMUNICATIONS RELATING the terms by which … ." Plaintiff will interpret this phrase as "COMMUNICATIONS RELATING to the terms by which … ." Plaintiff further objects to the term "RELATING" as overbroad, vague, and ambiguous. Plaintiff further objects to the request because it seeks production of documents protected by the

attorney-client privilege and the attorney work product doctrine. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product. After a reasonably diligent search, there are no non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS RELATED to any agreement YOU have with YOUR attorneys, or any other PERSON or entity, or any agreement YOUR attorneys have with any other PERSON or entity, concerning:

i. the payment or advancement of attorneys' fees, expenses, and costs with respect to this lawsuit;

ii. who will advance, and who is responsible for, payment of the costs and expenses incurred in connection with the prosecution of this lawsuit;

iii. whether a fee in this lawsuit will be shared with any PERSON not a member of YOUR attorneys' law firm; or

iv. the fee sharing arrangement by or among Dovel & Luner, LLP, Smith Krivoshey, PC, Bibiyan Law Group, Freeman Mathis and Gary, Bursor and Fisher PA, and/or any other lawyer, firm, or PERSON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production No. 21. Plaintiff further objects to this request as irrelevant to the extent it seeks documents unrelated to this lawsuit.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff entered a retention agreement with Dovel & Luner, LLP on or around August 2, 2024.

Plaintiff's retention agreement with her lawyers is protected by the attorney-client privilege and will not be produced. Plaintiff will produce a copy of the July 9, 2024, Joint Prosecution Agreement between Dovel & Luner, LLP; Smith Krivoshey, PC; Bursor & Fisher, P.A.; and Zimmerman Reed LLP and Westerman Law Corp. relating to this lawsuit. Plaintiff will also produce a copy of the July 16, 2024, Agreement Concerning *Sharpe* Litigation between Dovel & Luner, LLP; Smith Krivoshey, PC; Bursor & Fisher, P.A.; and Zimmerman Reed LLP and Westerman Law Corp. relating to this lawsuit, which superseded the July 9 joint prosecution agreement. Other than the Plaintiffs' retention agreements with Dovel & Luner, LLP, and the aforementioned agreements, there are no other agreements between Dovel & Luner, LLP and any other lawyer, law firm, entity, or person that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 1 of YOUR COMPLAINT that GT'S "has passed off millions of bottles of its wildly successful Enlightened Kombucha beverages as non-alcoholic, when, in fact, the beverages contain 18 to 442 percent more alcohol than the legal limit for non-alcoholic beverages."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this

lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 1 of YOUR COMPLAINT that "the purported distinction between the 'Classic' and 'Enlightened' lines is a sham designed to confuse the public and government regulators."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's

possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 2 of YOUR COMPLAINT that "the undeclared high sugar content of Defendant's Enlightened Kombucha beverages contributes to the continued fermentation of the beverages after bottling."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 37 of YOUR COMPLAINT that "Defendant actively promotes Enlightened Kombucha as non-alcoholic and promotes its consumption even for children and pregnant women."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR contention that the GT'S made false ALCOHOL CLAIMS with respect to the PRODUCTS, including but not limited to all DOCUMENTS and

COMMUNICATIONS YOU contend show or suggest that the PRODUCTS contain more than 0.5% alcohol by volume.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR contention that GT'S made false SUGAR CLAIMS with respect to the PRODUCTS, including but not limited to all DOCUMENTS and COMMUNICATIONS YOU contend show or suggest that the PRODUCTS more sugar than indicated on the nutritional label.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as unintelligible with respect to "YOU contend show or suggest that the PRODUCTS more sugar … ." Plaintiff will interpret this phrase as "YOU contend show or suggest that the PRODUCTS contain more sugar … ." Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR purchase or consumption of any alcoholic beverage during the RELEVANT TIME PERIOD, including but not limited to receipts, online purchase history records, text messages, direct messages, photographs, and videos.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" relating to Plaintiff's purchase or consumption of any alcoholic beverage over an eight-year period, regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as irrelevant and not proportional to the needs of the case. Plaintiff further objects to the request to the extent it seeks documents protected by Plaintiff's right to privacy.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged documents and communications reflecting Plaintiff's purchase of alcoholic beverages during the period Plaintiff purchased GT's kombucha PRODUCTS in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 30:**

DOCUMENTS sufficient to show all food and beverage purchases YOU made, or others made on YOUR behalf, during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents relating to every food or beverage purchase Plaintiff made over an eight-year period, regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents relating to every food or beverage purchase made on Plaintiff's behalf over an eight-year period, regardless of whether those documents or communications have anything to do with the issues in this litigation. Every food or beverage purchase made by Plaintiff or on Plaintiff's behalf since 2017 is not relevant to the issues in this case, and documents reflecting those purchases is not proportional to the needs of the case. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request to the extent it is duplicative of Request for Production Nos. 1-3, 6, 8, and 30.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged documents and communications reflecting Plaintiff's purchase of kombucha beverages or alcoholic beverages during the period Plaintiff purchased GT's kombucha PRODUCTS in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce documents sufficient to show all food or beverage purchases Plaintiff made or that were made on Plaintiff's behalf, any documents or communications to or from her attorneys, or attorney work product.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS and COMMUNICATIONS REGARDING when YOU became aware that the PRODUCT(S) allegedly contain more than 0.5% alcohol by volume.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS REGARDING when YOU became aware that the PRODUCT(S) allegedly contain more sugar than indicated on the nutritional label.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's

possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS and COMMUNICATIONS referencing, reflecting, or RELATING to kombucha-related websites YOU visited before or after purchasing any kombucha product, including but not limited to the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff objects to the phrase "kombucha-related websites" as vague and ambiguous. Plaintiff will interpret the phrase to mean webpages that sell or discuss kombucha products. Plaintiff further objects to the request to the extent it seeks documents protected by Plaintiff's right to privacy.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications from the RELEVANT TIME PERIOD in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS and COMMUNICATIONS RELATING to any economic or other injury YOU claim to have sustained as a result of any of GT'S acts, representations, or omissions alleged in the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS and COMMUNICATIONS RELATING to any harm, damage or loss YOU incurred that YOU contend was caused by any of the ALCOHOL CLAIMS, including, without limitation, all COMMUNICATIONS RELATING to such harm, damage, or loss, and all DOCUMENTS RELATING to the calculation and/or measurement of such harm, damage, or loss.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and

ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production No. 34. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS and COMMUNICATIONS RELATING to any harm, damage or loss YOU incurred that YOU contend was caused by any of the SUGAR CLAIMS, including, without limitation, and all DOCUMENTS RELATING to the calculation and/or measurement of such harm, damage, or loss.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client

privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production No. 34. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS on which YOU intend to rely in support of YOUR claims or alleged damages in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as premature. Plaintiff further objects to this request as duplicative of Request for Production Nos. 34, 35, and 36. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR connection to the RETTA ACTION, YOUR notice of the RETTA ACTION settlement, YOUR RETTA ACTION class membership, YOUR opt out of the RETTA ACTION class, or RETTA ACTION settlement cash payments or product vouchers given to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control. After a reasonably diligent search, Plaintiff is not in possession of any responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS and COMMUNICATIONS, if any, that YOU intend to rely on in this litigation to show that YOU were not a member of the RETTA ACTION settlement class.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff further objects to this request as premature. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR purchase(s) of the PRODUCT between March 11, 2011, and February 26, 2017, including but not limited to dates of purchase, receipts, and bank statements reflecting such purchase(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if

any. After a reasonably diligent search, Plaintiff is not in possession of any non-privileged responsive documents.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS on which YOU intend to rely in support of YOUR motion for class certification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as premature. Plaintiff further objects to this request to the extent it seeks documents not in Plaintiff's possession, custody, or control. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, documents and communications in Plaintiff's possession, custody, or control that Plaintiff presently intends to rely upon in support of Plaintiffs' motion for class certification that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS that RELATE to any legal proceedings commenced at any time in any court or with any arbitration organization in which YOU have sought to be a class representative in a class action, in which you have participated as a class representative, in

which YOU brought suit derivatively on behalf of a corporation, or in which YOU represented or assisted in the representation of any plaintiffs, defendants, or other PERSONS in a legal proceeding brought as a class, derivative or private attorney general action.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 42:</u>**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as vague and ambiguous with respect to the phrase "or in which YOU represented or assisted in the representation of any plaintiffs, defendants, or other PERSONS in a legal proceeding … ." Plaintiff will interpret this request as seeking documents relating to any legal proceeding in which Plaintiff has sought to be a class representative (other than this lawsuit), participated as a class representative, or brought a derivative suit on behalf of a corporation. Plaintiff further objects to the term "RELATE to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product. After a reasonably diligent search, Plaintiff is not in possession of any responsive, non-privileged documents.

**<u>REQUEST FOR PRODUCTION NO. 43:</u>**

All DOCUMENTS evidencing, referring or RELATING to any other actions, lawsuits, arbitrations, bankruptcies, insolvency proceedings, criminal proceedings, or other

adjudicatory proceedings or regulatory enforcement actions or investigations to which YOU are or have been a party during the past ten years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production No. 43. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff's involvement in unrelated "other actions, lawsuits, arbitrations, bankruptcies, insolvency proceedings, criminal proceedings, or other adjudicatory proceedings or regulatory enforcement actions or investigations" over the last ten years is not relevant to any issue in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged documents and communications in Plaintiff's possession, custody, or control relating to legal proceedings in which Plaintiff sought to be a class representative, participated as a class representative, or brought suit derivatively on behalf of a corporation, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product. After a reasonably diligent search, Plaintiff is not in possession of any responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS containing, reflecting, or referencing COMMUNICATIONS between YOU and any retailer from which YOU purchased the product during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents containing, reflecting, or reference all communications between Plaintiff and any retailer from which Plaintiff has ever purchased GT's kombucha PRODUCTS during the RELEVANT TIME PERIOD, regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged documents and concerning or constituting communications regarding the PRODUCTS or the allegations in the complaint between Plaintiff and any retailer from which Plaintiff purchased PRODUCTS during the RELEVANT TIME PERIOD, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS that YOU relied upon or referenced when answering GT'S Interrogatories, Set One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents

protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS and COMMUNICATIONS that YOU contend evidence or support YOUR claim against GT'S.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 22 of YOUR COMPLAINT that "Plaintiff Schmidt would not have purchased the products had she known that they contained significant levels of alcohol and were considered alcoholic beverages."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it seeks documents protected by Plaintiff's right to privacy.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications during the period Plaintiff purchased GT's kombucha PRODUCTS in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 22 of YOUR COMPLAINT that "Plaintiff is a health-conscious individual, and she would not have purchased the products had she known that the products mischaracterized the level of sugar in the bottles."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, ambiguous,

and not proportional to the needs of the case. Plaintiff further objects that this request lacks reasonable particularity such that Plaintiff does not understand what documents are being requested. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it seeks documents protected by Plaintiff's right to privacy.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 23 of YOUR COMPLAINT that "Plaintiff Schmidt was sober (she did not knowingly consume alcohol) in 2021, and she relied on kombucha products as an alternative to alcohol. She would not have risked breaking her sobriety by purchasing Enlightened Kombucha had she known that it contained spiked levels of alcohol."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, ambiguous, and not proportional to the needs of the case. Plaintiff further objects that this request lacks reasonable particularity such that Plaintiff does not understand what documents are being requested. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it seeks documents protected by Plaintiff's right to privacy.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged documents and communications concerning Plaintiff's decision to consume Defendant's Enlightened Kombucha PRODUCTS as an alternative to alcoholic beverages in light of her sobriety during the period Plaintiff purchased Defendant's

kombucha PRODUCTS that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from her attorneys or attorney work product.

Dated: December 15, 2025

By: */s/ Martin Brenner*
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to the within action. My business address is 201 Santa Monica Blvd., Suite 600, Santa Monica, CA 90401.

On December 15, 2025, I served the foregoing document(s) described as PLAINTIFF LAUREN SCHMIDT'S RESPONSES AND OBJECTIONS TO DEFENDANT GT'S LIVING FOODS, LLC'S REQUESTS FOR PRODUCTION TO PLAINTIFF LAUREN SCHMIDT, SET ONE on all interested parties in this action as follows:

| | |
|---|---|
| Jacob M. Harper (SBN 259463)<br>jacobharper@dwt.com<br>Heather F. Canner (SBN 292837)<br>heathercanner@dwt.com<br>Joseph Elie-Meyers (SBN 325183)<br>josepheliemeyers@dwt.com<br>Peter K. Bae (SBN 329158)<br>peterbae@dwt.com<br>DAVIS WRIGHT TREMAINE LLP<br>350 South Grand Avenue, 27th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 633-6800<br>Fax: (213) 633-6899 | *Attorneys for Defendant GT's Living Foods, LLC* |

**[X] (VIA ELECTRONIC SERVICE):** I served the document(s) listed above electronically via email or electronic transmission. I caused the documents to be sent to the persons at the email addresses above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 15, 2025, at Santa Monica, California.

Rachel Ong

# EXHIBIT C

Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

DELANEY SHARPE, ERIN WEILER, JENNA LEDER, ADRIANA DIGENNARO, AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ, on Behalf of Themselves and all Others Similarly Situated,

*Plaintiffs*,

v.

GT'S LIVING FOODS, LLC.,

*Defendant.*

Case No. 2:19-cv-10920-FMO-DSR

**PLAINTIFF CHRISTOPHER NUNEZ'S RESPONSES AND OBJECTIONS TO DEFENDANT GT'S LIVING FOODS, LLC'S REQUESTS FOR PRODUCTION TO PLAINTIFF CHRISTOPHER NUNEZ, SET ONE**

Plaintiff Christopher Nunez ("Plaintiff") hereby responds to Defendant GT's Living Foods, LLC's ("Defendant" or "GT's") Requests for Production, Set One, as follows:

**PRELIMINARY STATEMENT**

Plaintiff responds to these requests based upon the investigation conducted thus far. Accordingly, these responses are based upon information now known and presently available to Plaintiff and that Plaintiff believes to be relevant to the subject matter covered by the requests for production. It is anticipated that further discovery, independent investigation, and legal research and analysis could supply additional facts, add meaning to the known facts, as well as establish entirely new factual contentions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions set forth herein. The following responses are given without prejudice to Plaintiff's right to produce evidence of any subsequently discovered fact or facts which Plaintiff may recall later. Plaintiff accordingly reserves the right to supplement Plaintiff's responses should additional responsive, non-privileged documents and/or information be located and change all answers herein as additional facts are ascertained, analysis is made, and legal research is completed.

Plaintiff will respond as required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and this Court's orders, but will not comply with instructions that exceed those requirements. Pursuant to the Federal Rules of Civil Procedure and applicable law, when Plaintiff agrees to produce documents, Plaintiff will only produce documents in his possession, custody or control and that can be located after a reasonable search. Plaintiff's agreement to produce responsive documents does not mean that any responsive documents exist.

Where Plaintiff agrees to produce documents, Plaintiff will produce documents within his possession, custody, or control that were located after a reasonably diligent search within two weeks of serving these written responses.

## GENERAL OBJECTIONS

Plaintiff Christopher Nunez ("Plaintiff") incorporates by reference the following general objections and responses to each of the requests for production, whether or not stated as a specific objection to each request.

1. In responding to Defendant's requests for production, Plaintiff does not concede that any of the documents provided are relevant or material to the subject matter of this litigation, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. Plaintiff reserves the right to object to the admissibility at trial, or at any other stage of the litigation, of any of the information or documents produced in response to Defendant's requests for production.

2. Plaintiff objects to Defendant's requests for production to the extent that they purport to impose any obligations upon Plaintiff beyond the obligations imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or any applicable Local Rules or other court order.

3. Plaintiff generally objects to the requests for production on the grounds that the requests, individually and taken as a whole, are overbroad, unduly burdensome, oppressive, and seek to impose broader response obligations on Plaintiff than those imposed by the Federal Rules of Civil Procedure.

4. Plaintiff further objects to Defendant's requests for production to the extent that the documents sought: (a) contain privileged attorney client communications; (b) constitute protected attorney work product; (c) were prepared in anticipation of or in connection with litigation or trial; (d) disclose the mental impressions, conclusions, opinions, or legal theories of any attorney for or other representative of Plaintiff; (e) are subject to the common-interest or joint-defense privileges; or (f) are otherwise privileged or exempt from discovery (collectively, "privileged documents or information"). Plaintiff does not intend to provide any privileged documents or information. Any disclosure of privileged documents or information in these responses is inadvertent and shall not be

deemed waiver of any applicable privileges or protections, and Plaintiff requests that any such information be discarded and disregarded promptly.

5. Plaintiff further objects to Defendant's requests for production on the grounds and to the extent that they seek documents that are irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the case.

6. Plaintiff further objects to the requests on the grounds and to the extent that they call for legal conclusions or assume or appear to assume that any fact or event is true. By responding to any such discovery request, Plaintiff does not concede the accuracy or any such conclusion or assumption.

7. Plaintiff further objects to Defendant's requests on the grounds and to the extent that they are vague, ambiguous, and lacking particularity.

8. Plaintiff further objects to Defendant's requests on the ground and to the extent that they are not limited to the time period relevant to this litigation.

9. Plaintiff further objects to Defendant's requests on the ground and to the extent that they call for the production of documents that are equally available to Defendant or are in Defendant's possession. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

10. Plaintiff further objects to Defendant's requests on the grounds and to the extent that they are cumulative or duplicative of other requests and/or to the extent that they seek information obtainable from other more convenient and less burdensome or expensive sources, including public sources.

11. Plaintiff objects to the "DEFINITIONS" on the grounds that they are vague, ambiguous, and overbroad and seek to change the ordinary meaning of the terms and phrases they define. Plaintiff interprets these terms and phrases according to their common meaning and usage. Plaintiff also objects to the extent the definitions call for

premature disclosure of expert opinion, call for legal conclusions, or seek privilege or work-product confidential information.

12. Plaintiff further objects to the definition of the terms "DOCUMENT," "DOCUMENTS," "COMMUNICATION," and "COMMUNICATIONS" to the extent they seek to impose the obligation on Plaintiff to produce documents not in Plaintiff's possession or seek privileged information. Plaintiff responds to these requests solely on Plaintiff's behalf and will only produce documents in Plaintiff's possession, custody, or control.

13. Plaintiff objects to the definition of the terms "PLAINTIFF," "YOU," and "YOUR" to the extent they seek to impose the obligation on Plaintiff to produce documents not in Plaintiff's possession, custody, or control.

14. Plaintiff objects to the definition of the terms "RELATE(S)" and "RELATING" because they are overbroad and unduly burdensome. Plaintiff further objects on the ground and to the extent that the terms seek information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence, and because the term is not limited to the time period relevant to this litigation.

15. Plaintiff further objects to the definition of the term "PROMOTIONAL MATERIALS" because it is overbroad and unduly burdensome. Plaintiff further objects on the ground and to the extent that the term seeks information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence, and because the term is not limited to the time period relevant to this litigation.

16. Plaintiff further objects to the definition of the terms "ALCOHOL CLAIMS" and "SUGAR CLAIMS" because they are overbroad and unduly burdensome. Plaintiff further objects on the ground and to the extent that the terms seek information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence, and because the terms are not limited to the time period relevant to this litigation.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR purchases of the PRODUCT during the RELEVANT TIME PERIOD, including but not limited to receipts and bank statements reflecting such purchase.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" relating to Plaintiff's purchases of the PRODUCTS regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it seeks bank statements as irrelevant and seeking information protected by Plaintiff's right to privacy.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce bank statements, documents or communications to or from his attorneys, or attorney work product.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS that RELATE to where YOU purchased the PRODUCT(S), including from online personal grocery shipping services

(e.g., Instacart, DoorDash, Uber Eats, Postmates, GrubHub, Amazon Flex, Caviar, Shipt, Favor, and ChowNow), or brick-and-mortar retail stores, during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" relating to where Plaintiff purchased the PRODUCTS regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATE to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production No. 1.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS RELATING to when YOU purchased the PRODUCT during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" relating to when Plaintiff purchased the PRODUCTS regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production No. 1. Plaintiff further objects to this request as vague and ambiguous as to "when." Plaintiff will interpret the term to mean the date Plaintiff purchased the PRODUCTS during the RELEVANT TIME PERIOD.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS RELATING to any PROMOTIONAL MATERIALS YOU relied upon in making YOUR purchase of the PRODUCT during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" relating to PROMOTIONAL MATERIALS Plaintiff relied upon in making Plaintiff's purchase regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production No. 1.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 5:**

All labels, packaging, advertisements, and other PROMOTIONAL MATERIALS for the PRODUCT, including photographs, pictures, or other copies, during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll labels, packaging,

advertisements, and other PROMOTIONAL MATERIALS" for the PRODUCTs, regardless of whether Plaintiff purchased those PRODUCTS or whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request to the extent it is duplicative of Request for Production No. 4.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS that RELATE to the PRODUCT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS that RELATE to the PRODUCT" in any way, regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects that this request lacks reasonable particularity such that Plaintiff does not understand what documents are being requested. Plaintiff further objects to the term "RELATE to" as overbroad, vague, and ambiguous. Plaintiff further objects to the request as overbroad, irrelevant, and not proportional to the needs of the case because it lacks any reasonable time limit. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents

protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production Nos. 1-5 and 9.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, documents and communications from or to Plaintiff that relate to the sugar or alcohol content of the PRODUCTS, or that reflect any complaints or benefits of the PRODUCT during the RELEVANT TIME PERIOD that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS containing, reflecting, or referencing COMMUNICATIONS or other interactions between you and GT'S during the RELEVANT TIME PERIOD, including complaints, feedback, and refund requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS" regarding any interaction between Plaintiff and GT's regardless of whether those documents or interactions have anything to do with the issues in this litigation. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control. Plaintiff will not produce any documents or

communications to or from his attorneys or attorney work product. After a reasonably diligent search, Plaintiff is not in possession of any responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR purchase(s) of any non-GT'S brand kombucha product during the RELEVANT TIME PERIOD, including but not limited to bank statements reflecting such purchase, DOCUMENTS and COMMUNICATIONS concerning when and where such purchases were made, and materials you relied upon in making the purchase.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" relating to Plaintiff's purchases of non-GT's brand kombucha products regardless of whether non-GT's brand kombucha products or those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as vague and ambiguous as to "when." Plaintiff will interpret the term to mean the date Plaintiff purchased the non-GT's brand kombucha products during the RELEVANT TIME PERIOD. Plaintiff further objects to this request to the extent it purports to seek documents not in Plaintiff's possession, custody, or control. Plaintiff further objects to the request to the extent it seeks bank statements as irrelevant and seeking information protected by Plaintiff's right to privacy.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce bank statements, documents or communications to or from his attorneys, or attorney work product.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that reflect, refer, or RELATE to any COMMUNICATION between YOU and any PERSON concerning the PRODUCT during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS" relating to any COMMUNICATIONS Plaintiff had "concerning the PRODUCT" in any way, regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATE to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production Nos. 1-6.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if

any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS, including without limitation correspondence, notes of telephone conversations and electronic mail, that reflect, refer, or RELATE to any COMMUNICATION, written or oral, between YOU or YOUR attorney(s) or other representative(s) and any other members of the proposed class you seek to represent, regarding YOUR COMPLAINT or the subject matter of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS" relating to any COMMUNICATIONS Plaintiff or his attorneys have had with any other members of the proposed class regarding the complaint or subject matter of the complaint, regardless of whether those documents have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATE to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents that concern or constitute a communication concerning the complaint or subject matter of this lawsuit, made between Plaintiff and any other member of the proposed class, that can be located after a

reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS, including without limitation correspondence, notes of telephone conversations and electronic mail, that reflect, refer, or RELATE to any COMMUNICATION, written or oral, between YOU or YOUR attorney(s) or other representative(s) and any other members of the proposed class you seek to represent, regarding GT'S.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS" relating to any COMMUNICATIONS Plaintiff or his attorneys have had with any other members of the proposed class regarding GT's, regardless of whether those documents have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATE to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents that concern or constitute a communication regarding DEFENDANT, made between Plaintiff and any other member of the proposed class, that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that evidence, refer to, or RELATE to any COMMUNICATION that YOU or YOUR attorney(s) or other representative(s) made or received RELATING to GT'S or the PRODUCT at issue in the COMPLAINT, on any publicly accessible medium, including without limitation, Internet websites, social networking sites, news groups, chat rooms, and online services (such as Facebook, Instagram, Twitter, or LinkedIn).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS" relating to any COMMUNICATIONS on a publicly accessible medium relating to GT's or the PRODUCTS, regardless of whether those documents have anything to do with the issues in this litigation. Plaintiff further objects to the terms "RELATE to" and "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the extent that the request calls for the production of attorney-directed advertising. Attorney advertising is not relevant to the case. *Prescott v. Reckitt Benckiser LLC*, 2021 U.S. Dist. LEXIS 146130, at *4-5 (N.D. Cal. Aug. 4, 2021).

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged documents concerning or constituting communications Plaintiff has made or received concerning GT's or the PRODUCTS at issue in the complaint on any publicly accessible medium in Plaintiff's possession, custody, or control that can be

located after a reasonably diligent search, if any. Plaintiff will not produce attorney advertising, documents or communications to or from his attorneys, or attorney work product.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and COMMUNICATIONS that RELATE to the manner in which YOU became a party to this action, including, but not limited to advertisements or news articles, solicitations, emails, notices, or correspondence to which YOU responded and YOUR response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATE to" as overbroad, vague, and ambiguous. Plaintiff further objects to the request because it seeks production of documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as irrelevant and not proportional to the needs of the case. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 79 of YOUR COMPLAINT that "[t]he claims of the named Plaintiffs are typical of the claims of the Class."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client

privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 80 of YOUR COMPLAINT that "Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class members they seek to represent … and they intend to prosecute this action vigorously."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this

lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 80 of YOUR COMPLAINT that "Plaintiffs … have retained competent counsel[.]"

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**<u>REQUEST FOR PRODUCTION NO. 17:</u>**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 80 of YOUR COMPLAINT that "[t]he interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel."

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 17:</u>**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**<u>REQUEST FOR PRODUCTION NO. 18:</u>**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 81 of YOUR COMPLAINT that "[t]he class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. . . . Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues."

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 18:</u>**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and

ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS and COMMUNICATIONS RELATING to actual or potential conflicts of interest YOU may have with putative or purported class members that make up the alleged class as pled in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not

produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS and COMMUNICATIONS RELATING to any representations, agreements, promises or assurances YOU received about any monetary recovery YOU might receive as a result of YOUR participation as a plaintiff in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to the request because it seeks production of documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request as irrelevant and not proportional to the needs of the case. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product. After a reasonably diligent search, there are no non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS and COMMUNICATIONS RELATING the terms by which YOU retained attorneys for the preparation and filing of any complaint in this Action and the prosecution of this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to this request as unintelligible with respect to "COMMUNICATIONS RELATING the terms by which … ." Plaintiff will interpret this phrase as "COMMUNICATIONS RELATING to the terms by which … ." Plaintiff further objects to the term "RELATING" as overbroad, vague, and ambiguous. Plaintiff further objects to the request because it seeks production of documents protected by the

attorney-client privilege and the attorney work product doctrine. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product. After a reasonably diligent search, there are no non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS RELATED to any agreement YOU have with YOUR attorneys, or any other PERSON or entity, or any agreement YOUR attorneys have with any other PERSON or entity, concerning:

i. the payment or advancement of attorneys' fees, expenses, and costs with respect to this lawsuit;

ii. who will advance, and who is responsible for, payment of the costs and expenses incurred in connection with the prosecution of this lawsuit;

iii. whether a fee in this lawsuit will be shared with any PERSON not a member of YOUR attorneys' law firm; or

iv. the fee sharing arrangement by or among Dovel & Luner, LLP, Smith Krivoshey, PC, Bibiyan Law Group, Freeman Mathis and Gary, Bursor and Fisher PA, and/or any other lawyer, firm, or PERSON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production No. 21. Plaintiff further objects to this request as irrelevant to the extent it seeks documents unrelated to this lawsuit.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff entered a retention agreement with Dovel & Luner, LLP on or around July 13, 2024.

Plaintiff's retention agreement with his lawyers is protected by the attorney-client privilege and will not be produced. Plaintiff will produce a copy of the July 9, 2024, Joint Prosecution Agreement between Dovel & Luner, LLP; Smith Krivoshey, PC; Bursor & Fisher, P.A.; and Zimmerman Reed LLP and Westerman Law Corp. relating to this lawsuit. Plaintiff will also produce a copy of the July 16, 2024, Agreement Concerning *Sharpe* Litigation between Dovel & Luner, LLP; Smith Krivoshey, PC; Bursor & Fisher, P.A.; and Zimmerman Reed LLP and Westerman Law Corp. relating to this lawsuit, which superseded the July 9 joint prosecution agreement. Other than the Plaintiffs' retention agreements with Dovel & Luner, LLP, and the aforementioned agreements, there are no other agreements between Dovel & Luner, LLP and any other lawyer, law firm, entity, or person that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 1 of YOUR COMPLAINT that GT'S "has passed off millions of bottles of its wildly successful Enlightened Kombucha beverages as non-alcoholic, when, in fact, the beverages contain 18 to 442 percent more alcohol than the legal limit for non-alcoholic beverages."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this

lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 1 of YOUR COMPLAINT that "the purported distinction between the 'Classic' and 'Enlightened' lines is a sham designed to confuse the public and government regulators."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's

possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 2 of YOUR COMPLAINT that "the undeclared high sugar content of Defendant's Enlightened Kombucha beverages contributes to the continued fermentation of the beverages after bottling."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**<u>REQUEST FOR PRODUCTION NO. 26:</u>**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 37 of YOUR COMPLAINT that "Defendant actively promotes Enlightened Kombucha as non-alcoholic and promotes its consumption even for children and pregnant women."

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 26:</u>**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**<u>REQUEST FOR PRODUCTION NO. 27:</u>**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR contention that the GT'S made false ALCOHOL CLAIMS with respect to the PRODUCTS, including but not limited to all DOCUMENTS and

COMMUNICATIONS YOU contend show or suggest that the PRODUCTS contain more than 0.5% alcohol by volume.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR contention that GT'S made false SUGAR CLAIMS with respect to the PRODUCTS, including but not limited to all DOCUMENTS and COMMUNICATIONS YOU contend show or suggest that the PRODUCTS more sugar than indicated on the nutritional label.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as unintelligible with respect to "YOU contend show or suggest that the PRODUCTS more sugar … ." Plaintiff will interpret this phrase as "YOU contend show or suggest that the PRODUCTS contain more sugar … ." Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR purchase or consumption of any alcoholic beverage during the RELEVANT TIME PERIOD, including but not limited to receipts, online purchase history records, text messages, direct messages, photographs, and videos.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" relating to Plaintiff's purchase or consumption of any alcoholic beverage over an eight-year period, regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as irrelevant and not proportional to the needs of the case. Plaintiff further objects to the request to the extent it seeks documents protected by Plaintiff's right to privacy.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged documents and communications reflecting Plaintiff's purchase of alcoholic beverages during the period Plaintiff purchased GT's kombucha PRODUCTS in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 30:**

DOCUMENTS sufficient to show all food and beverage purchases YOU made, or others made on YOUR behalf, during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents relating to every food or beverage purchase Plaintiff made over an eight-year period, regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents relating to every food or beverage purchase made on Plaintiff's behalf over an eight-year period, regardless of whether those documents or communications have anything to do with the issues in this litigation. Every food or beverage purchase made by Plaintiff or on Plaintiff's behalf since 2017 is not relevant to the issues in this case, and documents reflecting those purchases is not proportional to the needs of the case. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request to the extent it is duplicative of Request for Production Nos. 1-3, 6, 8, and 30.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged documents and communications reflecting Plaintiff's purchase of kombucha beverages or alcoholic beverages during the period Plaintiff purchased GT's kombucha PRODUCTS in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce documents sufficient to show all food or beverage purchases Plaintiff made or that were made on Plaintiff's behalf, any documents or communications to or from his attorneys, or attorney work product.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS and COMMUNICATIONS REGARDING when YOU became aware that the PRODUCT(S) allegedly contain more than 0.5% alcohol by volume.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS REGARDING when YOU became aware that the PRODUCT(S) allegedly contain more sugar than indicated on the nutritional label.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's

possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS and COMMUNICATIONS referencing, reflecting, or RELATING to kombucha-related websites YOU visited before or after purchasing any kombucha product, including but not limited to the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term “RELATING to” as overbroad, vague, and ambiguous. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff objects to the phrase “kombucha-related websites” as vague and ambiguous. Plaintiff will interpret the phrase to mean webpages that sell or discuss kombucha products. Plaintiff further objects to the request to the extent it seeks documents protected by Plaintiff’s right to privacy.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications from the RELEVANT TIME PERIOD in Plaintiff’s possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS and COMMUNICATIONS RELATING to any economic or other injury YOU claim to have sustained as a result of any of GT’S acts, representations, or omissions alleged in the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS and COMMUNICATIONS RELATING to any harm, damage or loss YOU incurred that YOU contend was caused by any of the ALCOHOL CLAIMS, including, without limitation, all COMMUNICATIONS RELATING to such harm, damage, or loss, and all DOCUMENTS RELATING to the calculation and/or measurement of such harm, damage, or loss.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and

ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production No. 34. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS and COMMUNICATIONS RELATING to any harm, damage or loss YOU incurred that YOU contend was caused by any of the SUGAR CLAIMS, including, without limitation, and all DOCUMENTS RELATING to the calculation and/or measurement of such harm, damage, or loss.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client

privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production No. 34. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS on which YOU intend to rely in support of YOUR claims or alleged damages in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as premature. Plaintiff further objects to this request as duplicative of Request for Production Nos. 34, 35, and 36. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR connection to the RETTA ACTION, YOUR notice of the RETTA ACTION settlement, YOUR RETTA ACTION class membership, YOUR opt out of the RETTA ACTION class, or RETTA ACTION settlement cash payments or product vouchers given to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control. After a reasonably diligent search, Plaintiff is not in possession of any responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS and COMMUNICATIONS, if any, that YOU intend to rely on in this litigation to show that YOU were not a member of the RETTA ACTION settlement class.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff further objects to this request as premature. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR purchase(s) of the PRODUCT between March 11, 2011, and February 26, 2017, including but not limited to dates of purchase, receipts, and bank statements reflecting such purchase(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if

any. After a reasonably diligent search, Plaintiff is not in possession of any non-privileged responsive documents.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS on which YOU intend to rely in support of YOUR motion for class certification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as premature. Plaintiff further objects to this request to the extent it seeks documents not in Plaintiff's possession, custody, or control. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, documents and communications in Plaintiff's possession, custody, or control that Plaintiff presently intends to rely upon in support of Plaintiffs' motion for class certification that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS that RELATE to any legal proceedings commenced at any time in any court or with any arbitration organization in which YOU have sought to be a class representative in a class action, in which you have participated as a class representative, in

which YOU brought suit derivatively on behalf of a corporation, or in which YOU represented or assisted in the representation of any plaintiffs, defendants, or other PERSONS in a legal proceeding brought as a class, derivative or private attorney general action.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 42:</u>**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as vague and ambiguous with respect to the phrase "or in which YOU represented or assisted in the representation of any plaintiffs, defendants, or other PERSONS in a legal proceeding … ." Plaintiff will interpret this request as seeking documents relating to any legal proceeding in which Plaintiff has sought to be a class representative (other than this lawsuit), participated as a class representative, or brought a derivative suit on behalf of a corporation. Plaintiff further objects to the term "RELATE to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product. After a reasonably diligent search, Plaintiff is not in possession of any responsive, non-privileged documents.

**<u>REQUEST FOR PRODUCTION NO. 43:</u>**

All DOCUMENTS evidencing, referring or RELATING to any other actions, lawsuits, arbitrations, bankruptcies, insolvency proceedings, criminal proceedings, or other

adjudicatory proceedings or regulatory enforcement actions or investigations to which YOU are or have been a party during the past ten years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to this request as duplicative of Request for Production No. 43. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff's involvement in unrelated "other actions, lawsuits, arbitrations, bankruptcies, insolvency proceedings, criminal proceedings, or other adjudicatory proceedings or regulatory enforcement actions or investigations" over the last ten years is not relevant to any issue in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged documents and communications in Plaintiff's possession, custody, or control relating to legal proceedings in which Plaintiff sought to be a class representative, participated as a class representative, or brought suit derivatively on behalf of a corporation, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product. After a reasonably diligent search, Plaintiff is not in possession of any responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS containing, reflecting, or referencing COMMUNICATIONS between YOU and any retailer from which YOU purchased the product during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents containing, reflecting, or reference all communications between Plaintiff and any retailer from which Plaintiff has ever purchased GT's kombucha PRODUCTS during the RELEVANT TIME PERIOD, regardless of whether those documents or communications have anything to do with the issues in this litigation. Plaintiff further objects to this request to the extent it calls for documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged documents and concerning or constituting communications regarding the PRODUCTS or the allegations in the complaint between Plaintiff and any retailer from which Plaintiff purchased PRODUCTS during the RELEVANT TIME PERIOD, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS that YOU relied upon or referenced when answering GT'S Interrogatories, Set One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents

protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS and COMMUNICATIONS that YOU contend evidence or support YOUR claim against GT'S.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it purports to require the production of documents previously produced, filed, or otherwise exchanged in this lawsuit by any party. Plaintiff will not reproduce documents that have already been produced, filed, or otherwise exchanged in this litigation.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search and that have not previously been produced, filed, or otherwise exchanged in this lawsuit by another party, if any.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 19 of YOUR COMPLAINT that "Plaintiff Nunez would not have purchased the products at the time had he known that they contained significant levels of alcohol and were considered alcoholic beverages."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, and ambiguous. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it seeks documents protected by Plaintiff's right to privacy.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications during the period Plaintiff purchased GT's kombucha PRODUCTS in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 19 of YOUR COMPLAINT that "Plaintiff Nunez is a health-conscious individual who began drinking Enlightened Kombucha as an alternative to soda, and he would not have purchased the products had he known that the products mischaracterized the level of sugar in the bottles."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the term "RELATING to" as overbroad, vague, ambiguous, and not proportional to the needs of the case. Plaintiff further objects that this request lacks reasonable particularity such that Plaintiff does not understand what documents are being requested. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it seeks documents protected by Plaintiff's right to privacy.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged documents and communications concerning Plaintiff's decision to consume Defendant's Enlightened Kombucha PRODUCTS as an alternative to soda during the period Plaintiff purchased Defendant's kombucha PRODUCTS that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 20 of YOUR COMPLAINT that "Plaintiff Nunez was under the age of 21 (and over the age of 18) when he purchased Enlightened Kombucha, and he was under 21 years of age as of the date of the filing of the original Complaint."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS RELATING to" Plaintiff's allegation that he was under the age of 21 and over the age of 18 when he purchased Defendant's Enlightened Kombucha

PRODUCTS and under the age of 21 when the original complaint in this case was filed. Plaintiff further objects to the term "RELATING to" as overbroad, vague, ambiguous, and not proportional to the needs of the case. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it seeks documents protected by Plaintiff's right to privacy.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged documents sufficient to show that Plaintiff was under the age of 21 and over the age of 18 during the period he purchased Defendant's Enlightened Kombucha PRODUCTS, and non-privileged documents sufficient to show that Plaintiff was under the age of 21 when the original complaint was filed in this case. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 20 of YOUR COMPLAINT that "[a]t the time of the relevant purchases, Plaintiff Nunez could not lawfully purchase alcoholic beverages and, accordingly, would not have purchased Enlightened Kombucha had he known that it is an alcoholic beverage."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS RELATING to" Plaintiff's allegation that Plaintiff could not legally purchase alcoholic beverages when he made purchases of Defendant's Enlightened

Kombucha PRODUCTS. Plaintiff further objects to the term "RELATING to" as overbroad, vague, ambiguous, and not proportional to the needs of the case. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it seeks documents protected by Plaintiff's right to privacy.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged documents sufficient to show that Plaintiff was under the age of 21 during the period he purchased Defendant's Enlightened Kombucha PRODUCTS. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR allegation in Paragraph 21 of YOUR COMPLAINT that "Plaintiff Nunez continues to purchase kombucha products, although he does not currently purchase Enlightened Kombucha beverages, and he intends on continuing purchasing kombucha products in the future."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Plaintiff incorporates the General Objections above as if fully stated herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS RELATING to" Plaintiff's intent to continue purchasing kombucha beverages other than Defendant's kombucha. Plaintiff further objects to the term "RELATING to" as overbroad, vague, ambiguous, and not proportional to the needs of the case. Plaintiff further objects to the extent the request purports to seek production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff will not produce

documents protected by any such privilege or protection. Plaintiff further objects to the request to the extent it seeks documents protected by Plaintiff's right to privacy. Plaintiff objects to this request as duplicative of Request for Production No. 8.

Notwithstanding the above objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents and communications in Plaintiff's possession, custody, or control that can be located after a reasonably diligent search, if any. Plaintiff will not produce any documents or communications to or from his attorneys or attorney work product.

Dated: December 15, 2025

By: */s/ Martin Brenner*

Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to the within action. My business address is 201 Santa Monica Blvd., Suite 600, Santa Monica, CA 90401.

On December 15, 2025, I served the foregoing document(s) described as PLAINTIFF CHRISTOPHER NUNEZ'S RESPONSES AND OBJECTIONS TO DEFENDANT GT'S LIVING FOODS, LLC'S REQUESTS FOR PRODUCTION TO PLAINTIFF CHRISTOPHER NUNEZ, SET ONE on all interested parties in this action as follows:

| | |
|---|---|
| Jacob M. Harper (SBN 259463)<br>jacobharper@dwt.com<br>Heather F. Canner (SBN 292837)<br>heathercanner@dwt.com<br>Joseph Elie-Meyers (SBN 325183)<br>josepheliemeyers@dwt.com<br>Peter K. Bae (SBN 329158)<br>peterbae@dwt.com<br>DAVIS WRIGHT TREMAINE LLP<br>350 South Grand Avenue, 27th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 633-6800<br>Fax: (213) 633-6899 | *Attorneys for Defendant GT's Living Foods, LLC* |

**[X] (VIA ELECTRONIC SERVICE):** I served the document(s) listed above electronically via email or electronic transmission. I caused the documents to be sent to the persons at the email addresses above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 15, 2025, at Santa Monica, California.

Rachel Ong

# EXHIBIT D

Case 2:19-cv-10920-FMO-GJS Document 183 Filed 11/13/25 Page 1 of 1 Page ID #:15418

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 19-10920 FMO (GJSx)** | Date | **November 13, 2025** |
| Title | **Delaney Sharpe, et al. v. GT's Living Foods, LLC** | | |

| | |
|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge |

| | | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorney Present for Plaintiffs: | Attorney Present for Defendant: |
| None Present | None Present |

**Proceedings:** **(In Chambers) Order Re: Further Proceedings**

Having reviewed the parties' Stipulated Request to Amend Discovery and Class Certification Deadlines (Dkt. 181, "Stipulation") and the docket in this action, IT IS ORDERED THAT:

1. The Stipulation **(Document No. 181)** is **granted** as set forth in this Order.

2. Any remaining discovery (related solely to the newly added named plaintiffs) shall be completed by **January 29, 2026**.

3. Any renewed motion for class certification shall be filed no later than **March 30, 2026**, and noticed for hearing regularly under the Local Rules.

00 : 00

Initials of Preparer vdr

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DELANEY SHARPE, et al.<br>Plaintiff(s),<br>v.<br>GTS LIVING FOODS, LLC<br>Defendant(s). | Case No. 2:19−cv−10920−FMO−GJS<br><br>**ORDER Re: MOTIONS FOR CLASS CERTIFICATION** |

A deadline for motion for class certification[1] has been set in the above-captioned case. Any motion(s) for class certification **shall** comply with all Federal Rules of Civil Procedure and Local Rules, as well as this Order. Please be advised that this Order contains requirements more specific than the Local Rules and Federal Rules of Civil Procedure.

1. Joint Brief: The parties shall work cooperatively to create a single, *fully integrated* joint brief covering each party's position, in which each issue (or sub-issue) raised by a party is immediately followed by the opposing party's/parties' response. The joint brief shall set out each issue (or sub-issue), including legal argument and direct citation to the evidence, followed seriatim

[1] This Order applies to any motion for certification pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. It also applies to any motion for decertification of a previously certified class.

by the response with respect to that issue (or sub-issue), including legal argument and direct citation to evidence.

2. Citation to Evidence: All citation to evidence in the joint brief shall be directly to the exhibit and page number(s) of the evidentiary appendix, (see infra at ¶ 5), or page and line number(s) of a deposition. Parenthetical explanations are encouraged. The parties shall cite to relevant evidence to support factual assertions throughout the joint brief. Failure to cite to evidence in support of a factual assertion may be deemed the party's admission that the party lacks evidence of that fact. Evidence not cited by a party in the joint brief may be deemed admitted to be irrelevant.

3. Unnecessary Sections: The parties need not include a "procedural history" section, since the court will be familiar with the procedural history. The court is also familiar with the general standard for class certification, so that need not be argued. However, if a party believes a specialized standard is applicable, the party may brief such a standard. If preliminary issues - such as choice of law - are in dispute, the parties shall brief such issues in accordance with ¶ 1, supra.

4. Page Limitation: Each separately-represented party shall be limited to twenty-five (25) pages, exclusive of tables of contents and authorities. Repetition shall be avoided and, as always, brevity is preferred. Leave for additional space will be given only in extraordinary cases. The excessive use of footnotes in an attempt to avoid the page limitation shall not be tolerated. All substantive material, other than brief argument on tangential issues, shall be in the body of the brief.

5. Evidentiary Appendix: The joint brief shall be accompanied by one separate, tabbed appendix of declarations and written evidence (including documents, photographs, deposition excerpts, etc.). See Local Rule 7-6. Declarations shall set out facts that would be admissible in evidence, and shall *not* contain argument. See Local Rule 7-7. Depositions, see Local Rule 32-1, and physical exhibits shall be lodged separately. The evidentiary appendix shall

include a table of contents.

If the evidentiary appendix exceeds 50 pages, the evidence must be separately bound and tabbed and include an index. If such evidence exceeds **300** pages, the documents shall be placed in **three-ring binders**, with an index and with each item of evidence separated by a divider with a tab on the right side. In addition, counsel shall provide an electronic copy (i.e., cd, dvd, or flash drive) of the documents in a single, OCR-scanned, .pdf file with each item of evidence separated by labeled bookmarks. Counsel shall ensure that all documents are legible.

6. Evidentiary Objections: All necessary evidentiary objections shall be made in the relevant section(s) of the joint brief.

7. Schedule for Preparation and Filing of Joint Brief: The briefing schedule for the joint brief shall be as follows:

A. **Meet and Confer**: In order for a motion for class certification to be filed in a timely manner, the meet and confer must take place no later than thirty-five (35) days before the deadline for class certification motions set forth in the Court's Case Management and Scheduling Order. It shall be the responsibility of counsel for the moving party to arrange for this conference. Counsel for the parties shall meet and confer in person at an agreed-upon location within the Central District of California to narrow and crystallize the issues to be argued in the class certification motion. The parties shall discuss each issue to be raised in the motion, as well as the law and evidence relevant to that issue, so that the parties' briefing reflects that they are fully cognizant of the other side's position(s). If the briefing reveals that the parties are not on the same page with respect to the issues and position(s) presented, the motion shall be stricken.

B. No later than seven (7) days after the meet and confer, the moving party shall personally deliver or e-mail to the opposing party an electronic copy of the moving party's portion of the joint brief, together with the

moving party's portion of the evidentiary appendix.

C. No later than fourteen (14) days after receiving the moving party's papers, the opposing party shall personally deliver or e-mail to the moving party an electronic copy of the integrated motion, which shall include the opposing party's portion of the joint brief, together with the opposing party's portion of the evidentiary appendix.

D. No later than two (2) days after receiving the integrated version of the motion and related papers, the moving party shall finalize it for filing. The moving party may not make any further revisions to the joint brief other than finalizing the document for filing. Once finalized, the joint brief shall be provided to the opposing party's counsel who shall sign it and return it to the moving party's counsel no later than the end of the next business day. The moving party's counsel shall sign and electronically file the joint brief, the evidentiary appendix, and joint appendix of undisputed and disputed facts no later than one business day after receiving the opposing party's signed copy. The joint brief shall be accompanied by a Notice of Motion and Motion for Class Certification, and shall be calendared pursuant to the Local Rules.

E. **Supplemental Memorandum**: After the joint brief is filed, each party may file a supplemental memorandum of points and authorities no later than fourteen (14) days prior to the hearing date. The supplemental memorandum shall not exceed ten (10) pages in length. No other separate memorandum of points and authorities shall be filed by either party in connection with the motion for class certification.

8. Failure to Comply with this Order: If it appears from the joint brief that the parties have not discharged their meet and confer obligations in good faith, that the parties have not worked to fully integrate the document, or that the parties have otherwise failed to fully comply with this Order, the motion

shall be stricken, and the parties shall be required to repeat the process. If it appears that one (or more) of the parties is primarily responsible for the failure to properly file an adequate joint brief, the primarily responsible party or parties shall be subject to appropriate sanctions.

**IT IS SO ORDERED.**

DATED: March 20, 2020

/s/
Fernando M. Olguin
United States District Judge

# EXHIBIT F

Jacob M. Harper (SBN 259463)
*jacobharper@dwt.com*
Heather F. Canner (SBN 292837)
*heathercanner@dwt.com*
Joseph Elie-Meyers (SBN 325183)
*josepheliemeyers@dwt.com*
Peter K. Bae (SBN 329158)
*peterbae@dwt.com*
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant*
*GT's Living Foods, LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GT'S LIVING FOODS, LLC,<br><br>Defendant. | Case No. 2:19-cv-10920-FMO-GJS<br><br>Assigned to the Hon. Fernando M. Olguín<br><br>**STIPULATED REQUEST TO FURTHER AMEND DISCOVERY DEADLINE**<br><br>*[Declaration of Jacob M. Harper; [PROPOSED] Order filed concurrently]*<br><br>Complaint Filed: December 27, 2019<br>SAC Filed: December 17, 2024<br>Trial Date: Not Set |



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Pursuant to Section VII of this Court's Standing Order and Local Rules 7-1 and 8-3, Plaintiffs Amit Patel, Lauren Schmidt, and Christopher Nunez ("Plaintiffs") and Defendant GT's Living Foods, LLC ("Defendant" or "GT's") (together, the "Parties"), by and through their counsel of record, hereby jointly stipulate and respectfully request that the Court enter an order modifying the schedule previously set in this action on November 13, 2025 (Dkt. 183) to continue the deadline to complete remaining discovery related to the newly added named plaintiffs from January 29, 2026, to **March 5, 2026**. The Parties do not request any change to the deadline to move for class certification.

Despite diligent and prompt efforts to complete discovery by the January 29, 2026 deadline set by the Court, the Parties require an additional, short extension of the deadline due to Plaintiffs' unavailability during the week of Christmas and the need to preserve the Parties' ability to file any necessary motions arising from those depositions before the end of the discovery cut off. The Parties submit declarations of counsel in support of this stipulation under separate cover.

On September 20, 2025, the Court granted in part and denied in part Defendant's motion to dismiss. Dkt. 178. The Court then issued a scheduling order on October 23, 2025, setting a December 29, 2025 deadline for limited discovery as to the newly added named Plaintiffs and a February 27, 2026 deadline for any renewed motion for class certification. Dkt. 180 (the "Order").

After meeting and conferring, on November 7, 2025, the Parties filed a joint stipulated request to amend the Court's discovery and class certification deadlines. Dkt. 181. On November 13, 2025, the Court granted the Parties' joint request in part, setting a January 29, 2026 deadline to complete remaining discovery and a March 30, 2026 deadline for any renewed motion for class certification. Dkt. 183.

The Parties respectfully submit that good cause exists to further amend the Court's amended discovery and class certification scheduling order (*see* Dkt. 183) for the following reasons:



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

The parties have moved expeditiously to timely complete discovery. On October 29, 2025, GT's served plaintiffs Patel, Schmidt, and Nunez with notices of deposition for mid- and late-December 2025. Harper Decl. ¶ 3. On November 13, 2025, GT's served plaintiffs Patel, Schmidt, and Nunez with written discovery requests, with a return date of December 15, 2025. Harper Decl. ¶ 3. The parties have since been in active communication regarding efforts to reschedule Plaintiffs' depositions to accommodate holiday schedules without prejudicing Defendant.

Notwithstanding the diligent efforts of the Parties to complete discovery by the current discovery cutoff of January 29, 2026, additional time is necessary to allow the Parties to complete depositions without requiring Plaintiffs to attend depositions immediately before and after Christmas (when they are unavailable), while leaving sufficient time for the parties to conduct any necessary motion practice to resolve potential issues regarding the adequacy of discovery responses.

GT's initially noticed depositions of individual plaintiffs for dates beginning on December 22, 2025, and continuing through the week of Christmas, just one week after the deadline for Plaintiffs to respond to the written discovery requests, which GT's viewed as necessary in light of the prior scheduling order notwithstanding the preexisting holiday plans of counsel. *See* Dkt. 181-1 (Harper Decl.) (Describing preexisting holiday travel plans of defense counsel). However, Plaintiffs have represented that they are unable to attend depositions on those dates—December 22, 23, and 26—due to the Christmas holidays and travel plans. And moving those depositions earlier would prejudice GT's ability to meaningfully review Plaintiffs' written discovery responses in advance of their depositions.

The Parties have met and conferred and agreed to reschedule the depositions of Plaintiffs Patel, Nunez, and Schmidt to the following dates and locations to accommodate the holiday schedules of Plaintiffs and counsel for all Parties:



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

| | |
|---|---|
| **Christopher Nunez:** | January 8, 2026, at 10:00 a.m.Pacific<br>Los Angeles office of Davis Wright Tremaine, LLP<br>350 South Grand Avenue, 27th Floor<br>Los Angeles, CA 90071 |
| **Lauren Schmidt:** | January 14, 2026, at 10:00 a.m. Eastern<br>New York City office of Davis Wright Tremaine, LLP<br>1251 Avenue of the Americas, 21st Floor<br>New York, NY 10020-1104 |
| **Amit Patel:** | January 16, 2026, at 10:00 a.m. Pacific<br>Los Angeles office of Davis Wright Tremaine, LLP<br>350 South Grand Avenue, 27th Floor<br>Los Angeles, CA 90071 |

Harper Decl. ¶ 5.

A modest extension of the current discovery deadline to **March 5, 2026**, will avoid the necessity of scheduling depositions during the week of Christmas, while preserving the ability of the Parties to meaningfully meet and confer and, if necessary, file any discovery motions, and thus will better permit orderly finalization of discovery without prejudicing any party. While the Parties are hopeful that no discovery disputes will arise, these new deposition dates, without a modest extension of the discovery deadline, would prejudice the parties' ability to resolve discovery disputes.

Additionally, because the Parties do not seek to extend the deadline to move for class certification, this extension would not delay the resolution of any renewed motion for class certification.

Pursuant to the Standing Order, the Parties note that they previously stipulated to extend Defendant's time to answer the opening Complaint. Dkt. 12. This Court has previously granted in full or in part each stipulation to continue fact and expert discovery and other briefing deadlines. Dkts. 44, 51, 56, 62, 96, 124, 133, 154, 170.

The Parties remain keenly aware of the Court's attention to the speedy disposition of this matter. The Parties respectfully submit that the proposed extension



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

will not delay the resolution of this case, will avoid undue inconvenience, and will not thwart the interests of justice and judicial economy. Granting the proposed continuance will allow any forthcoming motion for class certification to be heard by this Court without undue delay.

Accordingly, by this stipulation and for good cause set forth above and in the attached declarations, the Parties respectfully request entry of an order amending the Court's discovery and class certification scheduling order as follows:

- Any remaining discovery (related solely to the newly added named plaintiffs) shall be completed by **March 5, 2026.**
- Depositions of the newly added named plaintiffs shall take at the following places, dates, and times:

| | |
|---|---|
| **Christopher Nunez:** | January 8, 2026, at 10:00 a.m. Pacific<br>Los Angeles office of Davis Wright Tremaine, LLP<br>350 South Grand Avenue, 27th Floor<br>Los Angeles, CA 90071 |
| **Lauren Schmidt:** | January 14, 2026, at 10:00 a.m. Eastern<br>New York City office of Davis Wright Tremaine, LLP<br>1251 Avenue of the Americas, 21st Floor<br>New York, NY 10020-1104 |
| **Amit Patel:** | January 16, 2026, at 10:00 a.m. Pacific<br>Los Angeles office of Davis Wright Tremaine, LLP<br>350 South Grand Avenue, 27th Floor<br>Los Angeles, CA 90071 |



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Dated: December 18, 2025

By: */s/ Jacob M. Harper*
Jacob M. Harper

DAVIS WRIGHT TREMAINE LLP

*Counsel for Defendant*
*GT's Living Foods, LLC*

Dated: December 18, 2025

By: */s/ Simon Franzini*
Simon Franzini

DOVEL & LUNER, LLP

*Attorney for Plaintiffs*



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## LOCAL RULE 5-4.3.4 COMPLIANCE

I, Jacob M. Harper, attest that concurrence in the filing of this document has been obtained from each of the other signatories listed above, in accordance with Local Rule 5-4.3.4.

DATED: December 18, 2025

*/s/ Jacob M. Harper*
Jacob M. Harper


DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT G

HIGHLY CONFIDENTIAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ, on Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

vs.

GT's LIVING FOODS, LLC,

Defendant.

Case No.: 2:19-cv-10920-FMO-GJS

DEPOSITION OF
AMIT JYOTINDRA PATEL
LOS ANGELES, CALIFORNIA
JANUARY 16, 2026
HIGHLY CONFIDENTIAL

REPORTED BY: ELIZABETH TORSTENBO, CSR NO. 9048, RPR
FILE NO.: 7727662

HIGHLY CONFIDENTIAL

Q. How about Bibiyan Law Group? Does that ring a bell? 13:26:33 13:26:37

A. I didn't pay particular attention to any of the other ones other than Dovel, as I was communicated with Dovel. 13:26:38 13:26:39 13:26:43

Q. Have you heard of Bursor and Fisher? 13:26:47

A. I have -- I'll say the same. I have no specific knowledge of any of the law firms outside of Dovel. 13:26:52 13:26:58 13:27:01

Q. Okay. 13:27:01

Can you please turn to page 23. What -- what did you do to search for documents, whether in email, text, or otherwise, for -- in response to Request for Production No. 23? 13:27:19 13:27:29 13:27:32 13:27:39

A. I searched for "kombucha" and "GT's." 13:27:45

Q. Did you do anything else? 13:27:50

A. No. 13:27:51

Q. Do you have any other documents that respond to Request for Production No. 23? 13:28:21 13:28:26

A. No. 13:28:32

Q. Do you have any other documents at all responsive to any of the requests for production in this docu -- in this Exhibit 3? 13:28:33 13:28:36 13:28:39

A. None other than those that have been already communicated to counsel. 13:28:44 13:28:46

HIGHLY CONFIDENTIAL

A. I was formulating my thought. I didn't have it. I was saying, "So." 13:34:18 13:34:20
Q. No, you can formulate -- what else were you going to say? 13:34:23 13:34:25
MR. BRENNER: Are you asking him to just -- 13:34:28
MR. HARPER: I'm asking him -- I'm asking him to complete his thought. 13:34:30 13:34:31
THE WITNESS: So I was just going to expound on my previous comment. 13:34:34 13:34:36
BY MR. HARPER: 13:34:37
Q. Okay. 13:34:37
A. Meaning I don't recall because it's been quite a bit of time since I had signed the document. 13:34:38 13:34:39
Q. Okay. Is there any reason to think that you did not sign this document? 13:34:42 13:34:45
A. There's no reason for me to believe I didn't sign this document. 13:34:46 13:34:49
Q. Okay. Well, if you did sign it, why didn't you produce it? 13:34:51 13:34:55
MR. BRENNER: Calls for a legal conclusion. 13:35:08
THE WITNESS: I believe there was a change in the counsel that's pursuing this case. 13:35:15 13:35:19
BY MR. HARPER: 13:35:23
Q. Okay. But that's not my question. 13:35:23
So can you please repeat my question. 13:35:26

HIGHLY CONFIDENTIAL

next document. 13:47:18
(Deposition Exhibit 5 was marked.) 13:47:29
BY MR. HARPER: 13:47:29
Q. Let me know when you've had a chance to review. 13:47:29 13:47:31
A. Okay. 13:50:12
Q. Can you turn to the last page, where it says "Client Approval" on page 4 of Exhibit 5. 13:50:13 13:50:15
A. Okay. 13:50:25
Q. Did you sign a copy of this Client Approval? 13:50:26 13:50:29
A. It's showing blank here. 13:50:36
Q. Right. But that wasn't my question. My question is did you sign a version of this? 13:50:38 13:50:40
A. I believe I did. 13:50:43
Q. Okay. And why didn't you produce it? 13:50:45
MR. BRENNER: Jacob, if the question is why didn't he produce a communication between him and counsel, that seems like something you and I should discuss and not appropriate for this deposition. 13:50:48 13:50:50 13:50:52 13:50:55
You can answer if you know. 13:50:58
THE WITNESS: Why didn't I produce it was the question? 13:51:04 13:51:06
I'm sorry. Repeat the question, please. 13:51:06
(Record read.) 13:51:14

HIGHLY CONFIDENTIAL

conversation you had with your sister about this case? 15:45:57
A. I let her know that I submitted a query 15:46:00
that came in through Instagram and I got a call from 15:46:03
Dovel and they took an intake and, potentially, I could 15:46:07
be a class representative. 15:46:09
Q. Did you talk to your sister about what you 15:46:11
spoke with Dovel about? 15:46:13
A. No. I only let her know that a law firm 15:46:15
contacted me to be a class representative. 15:46:18
Q. And what did you share with her about the 15:46:20
intake process? 15:46:24
A. Nothing. Only that I completed the 15:46:26
intake. 15:46:29
Q. Did you discuss anything else with her 15:46:30
about that conversation? 15:46:31
A. No. 15:46:34
Q. I'm sorry. Did you discuss -- god, I'm 15:46:36
talking in circles. 15:46:41
Did you discuss anything else with her 15:46:42
during that conversation about this case? 15:46:45
A. No. 15:46:50
Q. Did she ask any questions about this case? 15:46:51
A. I believe she asked what the compensation 15:46:58
could be for being a class representative. 15:47:01
Q. And what did you tell her? 15:47:03

HIGHLY CONFIDENTIAL

A. I told her I don't know. 15:47:05
Q. Do you recall any other questions that she had about this case? 15:47:07 15:47:10
A. No. 15:47:11
Q. How long did that conversation go? 15:47:13
A. The entire conversation or just this part? 15:47:17
Q. Start with the entire conversation. 15:47:22
A. Probably 15 minutes. 15:47:24
Q. And how about this particular discussion about the case? 15:47:25 15:47:26
A. Two, three minutes. 15:47:28
Q. All right. Well, what else happened in that two-to-three-minute conversation about this case? 15:47:32 15:47:33
A. She has two young kids. 15:47:36
Q. No. I mean about the -- 15:47:40
A. Oh, about this conversation. 15:47:43
Q. Two to three minutes is kind of a long time. So what else did you discuss about this case? 15:47:44 15:47:46
A. So I can go through the -- I mean, this is me not recalling exactly, but I can go through. I let her know that, potentially, I could be class representative. 15:47:57 15:47:59 15:48:03 15:48:05
Q. Okay. 15:48:06
A. About what? Kombucha. 15:48:06
Q. Okay. 15:48:09

HIGHLY CONFIDENTIAL

I, the undersigned, a Certified Shorthand Reporter of the State of California, do hereby certify:

That the foregoing proceedings were taken before me at the time and place herein set forth; that any witnesses in the foregoing proceedings, prior to testifying, were administered an oath; that a record of the proceedings was made by me using machine shorthand which was thereafter transcribed under my direction; that the foregoing transcript is a true record of the testimony given.

Further, that if the foregoing pertains to the original transcript of a deposition in a Federal Case, before completion of the proceedings, review of the transcript [X] was [ ] was not requested.

I further certify I am neither financially interested in the action nor a relative or employee of any attorney or any party to this action.

IN WITNESS WHEREOF, I have this date subscribed my name.

DATED: JANUARY 23, 2026

ELIZABETH TORSTENBO, RPR
CSR No. 9048

# EXHIBIT H

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
---------------------------------x
AMIT PATEL, LAUREN SCHMIDT,
and CHRISTOPHER NUNEZ, on
Behalf of Themselves and All
Others Similarly Situated,
Plaintiffs,
Vs. Case No. 2:19-cv-10920-FMO-GJS
GT'S LIVING FOODS, LLC,
Defendant.
---------------------------------x
HIGHLY CONFIDENTIAL
Videotape Deposition of Lauren Schmidt taken by Defendants pursuant to Notice, taken on January 14, 2026 beginning at 10:13 a.m., held at the offices of Davis Wright Tremaine, LLP, 1251 Avenue of the Americas, New York, New York 10020, before Maureen Ratto, a Registered Professional Reporter, Certified Court Reporter and Notary Public.

with any attorneys from any other law firm, other than myself and other than -- sorry, I got lost in my own question. 11:36:24 11:36:32 11:36:36
Other than me and your attorneys at Dovel & Luner, have you spoken with any other attorneys from any other law firms about this litigation? 11:36:39 11:36:41 11:36:43 11:36:44
A. I do not -- to my knowledge, no. 11:36:46 11:36:53
Q. When was the first time you were put in contact with Martin Brenner? 11:36:53 11:36:55
A. I believe it was December of 2024 but it may have been before. It may have been a month or two before that but it was the end of -- somewhere around the fall of 2024. 11:37:01 11:37:04 11:37:07 11:37:09 11:37:11
Q. When was the first time you were in contact with the attorney who you think might be named Simon? 11:37:12 11:37:15 11:37:17
A. End of summer, August-ish. 11:37:18
Q. Of what year? 11:37:22
A. 2024, I believe. 11:37:24
Q. Ever spoken with Rick Lyon about this case? 11:37:29 11:37:35
A. No. 11:37:36

term "fee" but go ahead. 11:51:09
A. I'm not an attorney. I hired an attorney to identify what I'm entitled to. 11:51:11 11:51:13 11:51:18
Q. Do you have any expectation about the amount of fees or I'll even say awards that you might be able to receive as a class representative in this case? 11:51:19 11:51:23 11:51:27 11:51:29
A. Other than a full refund for what I have purchased, I defer to my attorneys for any other damages that have been sought. 11:51:31 11:51:33 11:51:36 11:51:39
Q. Do you know if you are seeking any damages other than a full refund in this case? 11:51:40 11:51:47 11:51:50
A. I defer to my attorney. 11:51:51
Q. I'm just going to ask you to answer these questions based on your own understanding. If you don't know you can say that, but if you have any understanding I'd ask you to give me your best understanding, sitting here today. 11:51:53 11:51:56 11:51:58 11:52:00 11:52:04 11:52:06
Do you have any expectation about the amount of money you might recover through this lawsuit? 11:52:08 11:52:13 11:52:16

C E R T I F I C A T E

I, MAUREEN M. RATTO, a Registered Professional Reporter, do hereby certify that prior to the commencement of the examination, LAUREN SCHMIDT was sworn by me to testify the truth, the whole truth and nothing but the truth.

I DO FURTHER CERTIFY that the foregoing is a true and accurate transcript of the proceedings as taken stenographically by and before me at the time, place and on the date hereinbefore set forth.

I DO FURTHER CERTIFY that I am neither a relative nor employee nor attorney nor counsel of any of the parties to this action, and that I am neither a relative nor employee of such attorney or counsel, and that I am not financially interested in this action.

Date: 1/28/2026



MAUREEN M. RATTO, RPR
License No. 817125

# EXHIBIT I

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ, on Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

vs. CASE NO. 2:19-cv-10920-FMO-GJS

GTS LIVING FOODS, LLC,

Defendant.

_____________________________

HIGHLY CONFIDENTIAL
VIDEO DEPOSITION OF CHRISTOPHER NUNEZ
January 8, 2026
10:07 a.m.
Los Angeles, California

Reported By:
Brandi R. Celestino
CSR No. 13640

Q Other than Martin Brenner, what are other names of other attorneys that you've worked with at Dovel Luner? 13:30:45 13:30:52 13:30:55
A My main point person has been Martin Brenner. There was someone else, but I do not remember their name. It was another man working at Dovel Luner. 13:30:57 13:31:01 13:31:05
Q Was it Yeremey Krivoshey? 13:31:10
A I don't believe so, no. 13:31:14
Q Was it David Wasserman? 13:31:16
A I don't think so. 13:31:20
Q Were you promised anything when you decided to join the class action against GT's Living Foods? 13:31:45 13:31:50
A No. 13:31:58
MR. BRENNER: Objection. Vague. 13:31:59
THE WITNESS: No. No promises were made. 13:32:01
MR. HARPER: I'm going to mark as Exhibit 11. 13:32:27 13:32:45
(Exhibit 11 marked.) 13:32:45
BY MR. HARPER: 13:32:46
Q Do you recognize this document? 13:32:46
A This does look familiar, yes. 13:33:05
Q What is this document? 13:33:06
MR. BRENNER: Objection. California. 13:33:12
THE WITNESS: To my understanding, it's an agreement of law firms to work together in this case 13:33:16 13:33:19

against GT's. 13:33:22
BY MR. HARPER: 13:33:23
Q Have you seen this document before? 13:33:23
A I believe so, yes. 13:33:25
Q When did you see it? 13:33:26
A If I had to estimate, perhaps like late 2024, early 2025. Again, I'm not certain of this date. 13:33:30 13:33:43
Q Did you sign a copy of this? 13:33:46
A I believe I did so, yes. 13:33:52
Q Can you turn to page 2, please. 13:34:03
So the first paragraph starting with "if the parties receive additional funds" down to -- well, just review this page, and then I'll ask you some questions about it. 13:34:13 13:34:16 13:34:25 13:34:29
Actually, what I'll have you do for completion, read the entire document, but I want you to pay particular attention to "cost reimbursement of attorneys fees" on page 1 through the end of that section at the top of page 3. 13:34:40 13:34:42 13:34:44 13:34:47 13:34:53
A Okay. Okay. I reviewed it. 13:34:56
Q What do you understand this section to address? 13:35:48 13:35:52
A To my understanding -- again, I'm not a lawyer so I'm not -- probably not interpreting it exactly correctly, but it has to do with how 13:35:56 13:36:00 13:36:04

THE WITNESS: No. I do not supervise in that capacity either. 13:39:32 13:39:33
BY MR. HARPER: 13:39:36
Q Do you have any oversight whatsoever over the lawyers in this lawsuit? 13:39:36 13:39:39
MR. BRENNER: Objection. Vague as to oversight. 13:39:41 13:39:43
THE WITNESS: No, I do not have any oversight in regards to any of the lawyers or firms as mentioned in this document. 13:39:43 13:39:45 13:39:49
BY MR. HARPER: 13:39:51
Q Do you know who the lawyers are in this lawsuit other than Martin Brenner? 13:39:51 13:39:53
A Martin Brenner is who I associate with Dovel and acts on their behalf. I'm not familiar on a name basis of the other lawyers who are involved. No. 13:40:00 13:40:03 13:40:07
MR. HARPER: I'm going to hand you what we'll mark as Exhibit 12. 13:40:44 13:40:46
(Exhibit 12 marked.) 13:40:49
BY MR. HARPER: 13:41:00
Q Take a minute to review it. 13:41:00
A I reviewed it. 13:41:32
Q Okay. Have you seen this document before? 13:41:48
A It looks familiar, yes. 13:41:51
Q Have you signed this document? 13:41:53

A I have reason to believe so, yes. 13:41:56
Q Can you tell me generally what this document is? 13:41:58 13:41:59
A I believe, to my understanding, this document is a notice stating that Dovel will be taking on -- will be taking over as lead counsel for this case. 13:42:00 13:42:03 13:42:07
Q Do you see anything in this document that says that the other law firms, including Smith Krivoshey, will no longer have any share of any proceeds from any class settlement or award to the class in this case? 13:42:10 13:42:15 13:42:18 13:42:24 13:42:31
MR. BRENNER: Object to form. Calls for a legal conclusion. 13:42:33 13:42:36
Before you answer, review the document. 13:42:39
THE WITNESS: I'm prefacing by saying I'm not a lawyer and I'm not sure if I'm interpreting this document correctly, but it looks like, to my understanding, that the material cost incurred by -- will be borne and paid by Dovel. 13:43:14 13:43:17 13:43:20 13:43:23 13:43:26
I do see that Zimmerman has been included as co-counsel, and stayed on the case for continued litigation. I'm not sure if that means that they also are entitled to a part of the compensation after the fact. Again, that might just be previous document that's went more into detail about what that 13:43:30 13:43:33 13:43:37 13:43:40 13:43:43 13:43:47

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

I, Brandi Celestino, a Certified Shorthand Reporter, do hereby certify:

That prior to being examined, the witness in the foregoing proceedings was by me duly sworn to testify to the truth, the whole truth, and nothing but the truth;

That said proceedings were taken before me at the time and place therein set forth and were taken down remotely by me in shorthand and thereafter transcribed into typewriting under my direction and supervision;

I further certify that I am neither counsel for, nor related to, any party to said proceedings, not in any way interested in the outcome thereof.

In witness whereof, I have hereunto subscribed my name.

Dated: January 8, 2026

Brandi Celestino

Brandi Celestino

# EXHIBIT J

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 19-10920 FMO (GJSx)** | Date | **December 17, 2024** |
| Title | **Delaney Sharpe, et al. v. GT's Living Foods, LLC** | | |

| | | |
|---|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings: (In Chambers) Order Re: Pending Motions [149, 150]**

Having reviewed all the briefing filed with respect to plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. 150, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

Where, as here, the court has already imposed a scheduling order and the deadline for amending pleadings has passed, the party seeking leave to amend must meet the "good cause" standard set forth in Federal Rule of Civil Procedure 16(b).[1] See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (summarizing that "a party seeking to amend pleading after date specified in scheduling order must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that amendment was proper under Rule 15"). Upon meeting the good cause standard, the party must demonstrate that the proposed amendment is proper under Rule 15. See id.

In June 2024, the court denied plaintiffs' motion for class certification without prejudice due primarily to procedural issues. (See Dkt. 129, Court's Order of June 21, 2024, at 1). In that order, the court also expressed concern regarding the named plaintiffs and proposed class counsel given the prior class action settlement in Retta v. Millennium Products, Inc., Case No. CV 15-1801 PSG ("Retta Action"). (See id. at 2). In response to that Order, prior counsel withdrew and new counsel has appeared. (See Dkt. 130, 131, 134, 141, 142, 143, 144).

To address the concerns raised by the court, plaintiffs, via new counsel, seek leave to file a Second Amended Complaint ("SAC") that will add three named plaintiffs, who are not Retta class members. (See Dkt. 150, Memorandum of Points and Authorities ("Memo") at 1). Because the court first raised concerns regarding the possible inadequacy of the named plaintiffs in its Order of June 21, 2024, and plaintiffs filed this Motion soon after the court issued its Order, the court is persuaded that plaintiffs have established good cause to amend the scheduling order pursuant

[1] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 19-10920 FMO (GJSx)** | Date | **December 17, 2024** |
| Title | **Delaney Sharpe, et al. v. GT's Living Foods, LLC** | | |

to Rule 16. Although defendant contends that good cause cannot be shown because plaintiffs seek to amend after the court's order on their class certification motion, (see Dkt. 162, Defendant['s] Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint ("Opp.") at 7-9), defendant has not cited binding authority to support such an inflexible rule.[2] (See, generally, id.). In any event, the court notes that the motion was denied without prejudice, and the Court's Order of June 21, 2024, clearly contemplated that plaintiffs would file another motion. (See Dkt. 129, Court's Order of June 21, 2024, at 6) (providing deadline to file renewed motion).

With respect to whether amendment is proper under Rule 15, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" Sonoma County Ass'n of Retired Employees v. Sonoma County, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)). "Not all of the [Foman] factors merit equal weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Prejudice is the touchstone of the inquiry under rule 15(a)." Id. (internal quotation marks omitted).

Defendant contends that allowing amendment would be highly prejudicial, (see Dkt. 162, Opp. at 13-17), in part because it would result in the reopening of discovery. (See id. at 14). However, such prejudice, if any, is minimal given plaintiffs' representation that the newly named plaintiffs "will respond to the same discovery already served on the existing Plaintiffs on an expedited basis and promptly make themselves available for deposition." (Dkt. 150, Memo. at 5 n. 3). Moreover, because new claims are not being added, there is no merit to defendant's contention that amendment would require significant discovery "to essentially relitigate the case[.]" (See Dkt. 162, Opp. at 14).

Defendant also contends that adding new named plaintiffs would add complexity and potential redundancy into ongoing motion practice. (Dkt. 162, Opp. at 15). According to

---

[2] While defendant does cite to district court decisions that support its proposition, (see Dkt.162, Opp. at 7-8), plaintiffs also cite decisions supporting their position. (See Dkt. 150, Memo. at 2-3); (Dkt. 164, Plaintiffs' Reply [] at 2-4, 6). Given the court's fiduciary obligation to the class, the court is persuaded that the better approach is to allow amendment. See, e.g., In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig., 895 F.3d 597, 610 (9th Cir. 2018) (District courts have "a fiduciary duty to look after the interests of absent class members[.]") (internal quotation marks and alteration marks omitted); Woods v. Google LLC, 2018 WL 4030570, *8-*10 (N.D. Cal. 2018) (permitting filing of amended complaint to add additional class representative after denial of motion for class certification).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 19-10920 FMO (GJSx)** | Date | **December 17, 2024** |
| Title | **Delaney Sharpe, et al. v. GT's Living Foods, LLC** | | |

defendant, in preparing the pending motion to dismiss, it "invested significant resources into addressing the specific deficiencies of named Plaintiffs, who are Retta class members, rather than previously unnamed representatives who may or not belong to the Retta class." (Id.). However, defendant was well aware prior to filing its motion to dismiss that plaintiffs intended to file a motion to amend to add additional named plaintiffs, (see Dkt. 132, Joint Stipulation Re: Extension of Time of Class Certification Deadlines at 2) ("Defendant intends to move for judgment on the pleadings, and (b) Plaintiffs intend to move for leave to amend the operative complaint to add additional named Plaintiffs who are not Retta class members[.]"), and could have attempted to save its client's resources by requesting that the court continue the deadline for any motion to dismiss until after a ruling on the motion to amend.

Defendant also contends that new plaintiffs will add "unwarranted complexity into the forthcoming class certification briefing." (See Dkt. 162, Opp. at 15). This argument also is unpersuasive. As noted above, the court denied the motion for class certification without prejudice, and contemplated that plaintiffs would file another motion for class certification.[3] (See Dkt. 129, Court's Order of June 21, 2024, at 6) (providing deadline to file renewed motion); see, e.g., Woods, 2018 WL 4030570, at *10 (finding that "[a]n additional round of class certification also will not be overly burdensome").

Under the circumstances, and given the Ninth Circuit's liberal policy favoring amendment of complaints, the court will grant plaintiffs' Motion.

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiffs' Motion for Leave to File Second Amended Complaint **(Document No. 150)** is **granted**.

2. Plaintiffs shall, no later than two court days from the filing date of this Order, file their Second Amended Complaint in compliance with Local Rule 3-2.

3. Defendant's Motion to Dismiss **(Document No. 149)** is **denied as moot**.

4. Defendant shall file its Answer to the Second Amended Complaint or a motion pursuant

[3] Although defendant also contends that amendment would be futile as argued in its pending motion to dismiss, (see Dkt. 162, Opp. at 17-18), the court notes that with new counsel and plaintiffs, any arguments based on Retta are not very strong, especially given that defendant could have also filed a notice of related case after it was served in this case. And in any event, other than arguments relating to the court's jurisdiction or the issues identified in the Court's Order of June 21, 2024, the court was not inclined to address arguments on the merits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 19-10920 FMO (GJSx)** | Date | **December 17, 2024** |
| Title | **Delaney Sharpe, et al. v. GT's Living Foods, LLC** | | |

to Fed. R. Civ. P. 12 no later than **December 30, 2024.**[4]

5. The parties shall, no later than **December 20, 2024**, file a proposed schedule, including with respect to the limited reopening of discovery.

00 : 00

Initials of Preparer vdr

[4] In the event defendant wishes to file a motion to dismiss, the parties are excused from the meet and confer requirements.

# EXHIBIT K

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Sharpe, et al.<br><br>Plaintiff(s)<br><br>v.<br><br>GT's Living Foods, LLC.<br><br>Defendant(s) | CASE NUMBER<br><br>2:19-cv-10920-FMO-GJS<br><br>**ORDER ON REQUEST FOR APPROVAL OF SUBSTITUTION OR WITHDRAWAL OF ATTORNEY** |

☐ The Court hereby orders that the request of:

_______________ ☐ Plaintiff ☐ Defendant ☐ Other _______________
*Name of Party*

☐ to substitute _______________ who is

☐ Retained Counsel ☐ Counsel appointed by the Court (Criminal cases only) ☐ Pro Se

_______________
*Street Address*

_______________ _______________
*City, State, Zip* *E-Mail Address*

_______________ _______________ _______________
*Telephone Number* *Fax Number* *State Bar Number*

as attorney of record instead of _______________
*List **all** attorneys from same firm or agency who are withdrawing.*

_______________

_______________

**is hereby** ☐ **GRANTED** ☐ **DENIED**

☒ The Court hereby orders that the request of Yeremey O. Krivoshey
*List **all** attorneys from same firm or agency who are withdrawing.*

to withdraw as attorney of record for Plaintiff Delaney Sharpe

**is hereby** ☒ **GRANTED** ☐ **DENIED**

The clerk is hereby ordered to terminate Notices of Electronic Filing for the withdrawing/ substituting attorney(s) in this case.

Dated August 12, 2024

/s/ Fernando M. Olguin
U.S. District Judge

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Sharpe, et al., <br> Plaintiff(s) <br> v. <br> GT's Living Foods, LLC., <br> Defendant(s) | CASE NUMBER <br> 2:19-cv-10920-FMO-GJS <br><br> **~~(PROPOSED)~~ ORDER ON REQUEST FOR APPROVAL OF SUBSTITUTION OR WITHDRAWAL OF ATTORNEY** |

☐ The Court hereby orders that the request of:

________________ ☐ Plaintiff ☐ Defendant ☐ Other ________________
*Name of Party*

☐ to substitute ________________ who is

☐ Retained Counsel ☐ Counsel appointed by the Court (Criminal cases only) ☐ Pro Se

________________
*Street Address*

________________ ________________
*City, State, Zip* *E-Mail Address*

________________ ________________ ________________
*Telephone Number* *Fax Number* *State Bar Number*

as attorney of record instead of ________________
*List **all** attorneys from same firm or agency who are withdrawing.*

________________

________________

**is hereby** ☐ **GRANTED** ☐ **DENIED**

☒ The Court hereby orders that the request of L. Timothy Fisher and Scott A. Bursor
*List **all** attorneys from same firm or agency who are withdrawing.*

________________

to withdraw as attorney of record for Plaintiff Delaney Sharpe

**is hereby** ☒ **GRANTED** ☐ **DENIED**

The clerk is hereby ordered to terminate Notices of Electronic Filing for the withdrawing/substituting attorney(s) in this case.

Dated August 12, 2024

/s/ Fernando M. Olguin
U. S. District Judge/~~U.S. Magistrate Judge~~

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Sharpe, et al. Plaintiff(s) v. GT's Living Foods, LLC. Defendant(s) | CASE NUMBER 2:19-cv-10920-FMO-GJS |
| | **ORDER ON REQUEST FOR APPROVAL OF SUBSTITUTION OR WITHDRAWAL OF ATTORNEY** |

☐ The Court hereby orders that the request of:

______ *Name of Party* ☐ Plaintiff ☐ Defendant ☐ Other ______

☐ to substitute ______ who is

☐ Retained Counsel ☐ Counsel appointed by the Court (Criminal cases only) ☐ Pro Se

______ *Street Address*

______ *City, State, Zip* ______ *E-Mail Address*

______ *Telephone Number* ______ *Fax Number* ______ *State Bar Number*

as attorney of record instead of ______
*List all attorneys from same firm or agency who are withdrawing.*

**is hereby** ☐ **GRANTED** ☐ **DENIED**

☒ The Court hereby orders that the request of Yeremey O. Krivoshey
*List all attorneys from same firm or agency who are withdrawing.*

to withdraw as attorney of record for Plaintiff Adriana DiGennaro

**is hereby** ☒ **GRANTED** ☐ **DENIED**

The clerk is hereby ordered to terminate Notices of Electronic Filing for the withdrawing/substituting attorney(s) in this case.

Dated August 13, 2024

/s/ Fernando M. Olguin
U.S. District Judge

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Sharpe, et al.,

Plaintiff(s)

v.

GT's Living Foods, LLC.,

Defendant(s)

CASE NUMBER

2:19-cv-10920-FMO-GJS

**(~~PROPOSED~~) ORDER ON REQUEST FOR APPROVAL OF SUBSTITUTION OR WITHDRAWAL OF ATTORNEY**

☐ The Court hereby orders that the request of:

_____________________ ☐ Plaintiff ☐ Defendant ☐ Other _____________

*Name of Party*

☐ to substitute _______________________________ who is

☐ Retained Counsel ☐ Counsel appointed by the Court (Criminal cases only) ☐ Pro Se

*Street Address*

*City, State, Zip* *E-Mail Address*

*Telephone Number* *Fax Number* *State Bar Number*

as attorney of record instead of _______________________________

*List all attorneys from same firm or agency who are withdrawing.*

**is hereby** ☐ **GRANTED** ☐ **DENIED**

☒ The Court hereby orders that the request of L. Timothy Fisher and Scott A. Bursor

*List all attorneys from same firm or agency who are withdrawing.*

to withdraw as attorney of record for Plaintiff Adriana DiGennaro

**is hereby** ☒ **GRANTED** ☐ **DENIED**

The clerk is hereby ordered to terminate Notices of Electronic Filing for the withdrawing/ substituting attorney(s) in this case.

Dated August 14, 2024

/s/ Fernando M. Olguin

U. S. District Judge/~~U.S. Magistrate Judge~~

# EXHIBIT L

## Redacted Version of Document Proposed to be Filed Under Seal

# EXHIBIT M

## Redacted Version of Document Proposed to be Filed Under Seal