Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DELANEY SHARPE, ERIN WEILER, JENNA LEDER, ADRIANA DIGENNARO, AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ, on Behalf of Themselves and all Others Similarly Situated,

    *Plaintiffs*,

v.

GT'S LIVING FOODS, LLC.,

    *Defendant.*

Case No. 2:19-cv-10920-FMO-DSRx

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM RE: DEFENDANT'S MOTION TO COMPEL PLAINTIFFS' FURTHER RESPONSES TO REQUESTS FOR PRODUCTION (DKT. 188)**

**Hearing Date:** March 10, 2026
**Time:** 10:00 a.m.
**Discovery Cutoff:** March 5, 2026

Hon. Fernando M. Olguin
Magistrate Judge Daniel S. Roberts

## <u>DISCOVERY MATTER</u>

I.      **Argument.**

Defendant's Motion to Compel was ripe in December, but Defendant didn't bring it until mid-February. As a result, the Motion won't be heard until March 10—after the discovery cutoff. That is one of multiple reasons why it should be denied, as Plaintiffs explained in the Joint Stipulation.

Defendant submitted a Supplemental Memorandum in which it makes a series of flawed arguments that are a combination of irrelevant, wrong, and already addressed by Plaintiffs in the Joint Stipulation. (Dkt. 197.) Plaintiff will not re-address topics already covered in the Joint Stipulation here. Plaintiffs do, however, submit this Supplemental Memorandum to correct the record on two points Defendant raises in its supplement.

First, Defendant claims that it could not have brought its discovery motion before Plaintiffs' depositions in part because those depositions "revealed … the existence of plaintiffs' unproduced retainer agreements." (Dkt. 197 at 5.) This is not credible. On December 15, Plaintiffs served written discovery responses that stated "Plaintiff entered a retention agreement with Dovel & Luner, LLP on or around [date]. Plaintiff's retention agreement with [his or her] lawyers is protected by the attorney-client privilege and will not be produced." *See* Dkt. 191 (Joint Stip.) at pp. 30-32 (stating Plaintiffs' objections and responses); Dkt. 196, Exs. A-C, at pp. 22-23 (same). So Defendant was aware that Plaintiffs had retainer agreements with their counsel, and that those agreements were not being produced on privilege grounds, no later than December 15 when Plaintiffs served their discovery responses.

Second, in addressing the untimeliness of its Motion to Compel, Defendant claims it "acted diligently and reasonably" by first taking "Plaintiffs' depositions … which were pushed out by nearly a month to accommodate holiday schedules." (Dkt. 197 at 5.) What Defendant fails to mention is that those depositions were "pushed out" because Defendant unilaterally noticed all three Plaintiffs' depositions for the week of Christmas (December 22, 23, and 26) without consulting with Plaintiffs' counsel in advance. Plaintiffs were not available those days, and worked with Defendant through multiple

Plaintiffs' Supplemental Memo                    1              Case No. 2:19-cv-10920-FMO-DSRx
Re: Defendant's Motion to Compel

meet-and-confers to find alternative dates that Plaintiffs were available and that the Parties could agree on. During the meet-and-confer process, Plaintiffs offered alternative dates in December for their depositions. Defendant chose to take the depositions later in January instead. So it was Defendant, not Plaintiffs, who chose to have January depositions. Plus, the current discovery deadline was set *after* Plaintiffs' depositions were scheduled. Once the Parties settled on Plaintiffs' deposition dates, Defendant requested an extension, which Plaintiffs agreed to stipulate to without pushback and which the Court entered. *See* Dkt. 195 (Elie-Meyers Decl.), Ex. 5. So Defendant already received an extension to account for Plaintiffs' January depositions, and through that extension it could have timely brought a discovery motion even after Plaintiffs' depositions, it just failed to do so.

In short, Defendant could have timely raised its discovery disputes when the disputes became ripe in December. Or it still had time to timely raise them if it acted diligently after taking Plaintiffs' depositions in January. Or it could have sought relief from the Court by moving to extend the fact discovery deadline in the scheduling order. Defendant did none of these things. So its Motion to Compel is untimely and should be denied for that reason, along with the others reasons Plaintiffs explained in the Joint Stipulation.

Dated: February 24, 2026          By: */s/ Martin Brenner*

Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiffs*

Plaintiffs' Supplemental Memo          2          Case No. 2:19-cv-10920-FMO-DSRx
Re: Defendant's Motion to Compel