**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DELANEY SHARPE, et al., | No. 2:19-cv-10920 FMO (DSRx) |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S FURTHER RESPONSES TO REQUEST FOR PRODUCTION (DOC. NO. 188)** |
| GT'S LIVING FOODS, LLC, | |
| Defendant. | |

**1.    INTRODUCTION**

Before the Court is Defendant GT's Living Food, LLC's Motion to Compel Plaintiffs to provide further responses to Requests for Production (Doc. No. 188). After reading and considering Defendant's Notice of Motion, the parties' Joint Stipulation pursuant to Local Rule 37-2 (Doc. No. 191), the Supplemental Memoranda filed by each side under Local Rule 37-2.3 (Doc. Nos. 197 and 198), and relevant documents in the Court's file on this matter, the Court's tentative ruling is to DENY the Motion to Compel on the ground that it is untimely, without prejudice to renewal of such motion if the District Judge extends the discovery cut-off date.

**2.    BACKGROUND**

The above-captioned matter is a long-running putative class action, initially filed in December 2019.  All discovery-related motions are referred to the undersigned Magistrate Judge pursuant to General Order No. 05-07.  See Doc. Nos.

5; 182.  This case is assigned to District Judge Fernando M. Olguin for trial and other non-discovery matters.  On March 20, 2020, Judge Olguin issued the Scheduling and Case Management Order in this case setting various dates.  Doc. No. 24.  Those dates have subsequently been modified multiple times, including by stipulation and joint request of the parties.

By way of background, the underlying dispute alleges claims under California and New York law that "Defendant falsely labels its 'Enlightened Kombucha' line of beverages as non-alcoholic when, in fact, the subject beverage [footnote omitted] contains more than .5 percent alcohol by volume, exceeding the legal limit for non-alcoholic beverages."  Sept. 30, 2025 Min. Order at 1.

The instant discovery dispute involves Defendant's request for two categories of documents from each of the three Plaintiff class representatives: retainer agreements with the proposed new class counsel (as sought in Defendant's Request for Production No. 21) and "joint prosecution agreements and fee sharing agreements" (as sought in Defendant's Request for Production No. 22). See Jt. Stip. (Doc. No. 191) at 10:10-11; 35:6-7.[1]  The parties' respective positions on the merits of this discovery motion can be summarized as follows.  Defendant contends these documents "will be critical at the class certification stage" and that Plaintiff's objections to their production are meritless.  Id. at 11:20-22; pp. 13-14. Plaintiff contends that the disputed items are not relevant, and that they are protected from discovery by the attorney-client privilege.  Id. at 6:13-7:16.  On the question of privilege, the parties dispute which privilege law even applies. Defendant argues that federal law governs the privilege question here, and if not, then New York state law.  Id. at 13:13-14:14.  Under either legal regime, Defendant contends, the disputed items are not privileged.  Plaintiffs, on the other hand,

---

[1] All page references to documents in this case are to the ECF page numbers printed on the header of each page.

contend that California privilege law governs, and under that law, the disputed documents are subject to the attorney-client privilege.  Id. at 17:17-25:2.

Before getting to those substantive issues, however, Plaintiffs assert that Defendant's Motion to Compel should be denied as untimely.  As discussed below, the Court agrees and finds that it lacks authority to consider this Motion to Compel on its merits.

**3.    DEFENDANT'S MOTION IS UNTIMELY**

Pursuant to Judge Olguin's most-recent amendment to his Scheduling Order, based on the stipulation of the Parties, the discovery cutoff in this case was March 5, 2026.  See Doc. No. 185.  That "is not the date by which discovery requests must be served; it is the date by which all discovery, **including all hearings on any related motions**, is to be completed."  Doc. No 24 at 2:25-26 (emphasis in original). Moreover, any motion "challenging the adequacy of discovery responses," such as Defendant's Motion now before this Court, "must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained . . . before the discovery cut-off if the motion is granted."  Id. at 2:28-3:3.

Defendant filed its Notice of Motion to Compel, and the required Joint Stipulation in support thereof, on February 12, 2026.  See Doc. Nos. 188, 191.  It noticed the Motion for hearing on this Court's first hearing date at least 21 days thereafter pursuant to Local Rule 37-3 – March 10, 2026.  Doc. No. 188.  March 10th is obviously after the March 5th discovery cutoff ordered by Judge Olguin.  As such, this Court lacks authority to hear the untimely Motion to Compel, or to order the relief Defendant seeks.  See Hefei Morningstar Healthmate Fitness Co., Ltd v. Joy Home USA Int'l Co., Ltd, No. 2:22-cv-04773 FMO (MARx), 2023 WL 8522978, at *3 (C.D. Cal. Sept. 26, 2023); see also Watts v. Allstate Indem. Co., No. 2:08-CV-01877 LKK (KJN), 2012 WL 5289314, at *2 (E.D. Cal. Oct. 23, 2012) (the Magistrate Judge "does not have the authority to make changes to the district judge's

3

Scheduling Order or to hear discovery disputes that are untimely under the terms of such Order.").  Thus, Defendant's Motion must be denied as untimely.

Although the parties discussed Plaintiffs' contention about the timeliness of this Motion during their meet-and-confer efforts under Local Rule 37-1, see Decl. of Martin Brenner (Doc. No. 196) at ¶ 2, Defendant did not address that issue in its portion of the Joint Stipulation on this Motion and instead waited to address it in its Supplemental Memorandum.  There, Defendant offers several arguments as to why the Court "can and should grant the motion to compel."  None are persuasive.

First, Defendant argues that Plaintiff's timeliness argument is based on "misplaced reliance on the District Court's March 20, 2020, Scheduling and Case Management Order."  Def.'s Suppl. Mem. at 4:23-25.  The Court does not see how reliance on the District Judge's Scheduling and Case Management Order can be "misplaced."  "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'"  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)).  Nevertheless, Defendant continues that "the District Court cannot have intended that Order to govern the timing of the reopened discovery period, because when the Court set the initial deadline to complete reopened discovery, **compliance with the 2020 Scheduling Order was already impossible.**"  Def.'s Suppl. Mem. at 4:25-28 (emphasis in original).  This Court is inclined to believe that Judge Olguin meant what he ordered, but even if that was not the case, this Court cannot revise Judge Olguin's Scheduling Order – neither the original Scheduling and Case Management Order in which he defines what "completed" means when it comes to discovery, nor the more-recent Orders extending that discovery cutoff date as to the newly added named Plaintiffs.  Only Judge Olguin can modify such Orders.  See Local Rule 16-14.

4

Most importantly, however, Defendant's argument that Judge Olguin's Order that "[a]ny remaining discovery (related solely to the newly added named plaintiffs) shall be completed" by the new date he gave does not mean that discovery motions had to be heard by that date is belied by the fact that Defendant knew that the Order did mean just that.  March 5th was not the initial date Judge Olguin set to complete discovery as to the newly added named plaintiffs.  He initially set that date as December 29, 2025.  See Doc. No. 180.  Thereafter the parties stipulated, (twice, actually), to extend that date to the current March 5th deadline.  See Doc. Nos. 181, 184.  In the first such Stipulation, filed November 7, 2025, the parties represented to the Court that "additional time is necessary to complete discovery, because the current schedule does not leave sufficient time for the parties to conduct any necessary motion practice to resolve potential issues regarding the adequacy of discovery responses."  Doc. No. 181 at 2:21-24 (emphasis added).  After the Court continued the discovery cutoff to January 29th based on that Stipulation (see Doc. No. 183), the parties then submitted a second Stipulation to continue that date to the present March 5th deadline in order to "leave[] sufficient time for the parties to conduct any necessary motion practice to resolve potential issues regarding the adequacy of discovery responses."  Doc. No. 184 at 3:11-13.[2]  Based on that representation and showing of good cause, Judge Olguin again modified his Scheduling Order to set March 5, 2026, as the deadline to complete any remaining discovery related to the newly added named plaintiffs.  See Doc. No. 185.  Defendant knew that date included the deadline for discovery motions.  Defendant's argument that the deadline does not apply to discovery motions now that they have missed the deadline rings hollow.

---

[2]    The Court notes that this second Stipulation was filed after Plaintiff's had served their responses and objections to the Requests for Production at issue in this Motion to Compel.

5

Second, Defendant argues that "even if" the Scheduling Order applies here, this Court can still reach the merits of this Motion to Compel because "[n]othing prevents this Court from (1) taking the Motion under submission and ruling on it before the March 5 discovery cutoff; (2) advancing the hearing date, if the Court determines a hearing is necessary; or (3) scheduling an informal discovery conference in lieu of a hearing to resolve the issues raised in the Joint Stipulation." Def.'s Suppl. Mem. at 6:4-8. Defendant is wrong on each point. First, a discovery motion "must be noticed to be heard on a regular Motion Day for the appropriate judge at least twenty-one days after the filing of the motion." Local Rule 37-3. Defendant knows this, judging from the fact that it set this Motion for hearing on the Court's first motion day (Tuesday) at least 21 days from the filing of the Motion. If Defendant wanted the Court to hear the Motion earlier (e.g., before the discovery cutoff), then Defendant was required to file it earlier. Second, if Defendant felt that it had good cause to shorten the time for hearing its Motion, see Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492-93 (C.D. Cal. 1995), it could have filed an ex parte application to shorten time. It did not. Third, Plaintiff could have requested an informal discovery conference under this Court's Procedures and Schedules, see https://apps.cacd.uscourts.gov/Jps/honorable-daniel-s-roberts at ¶ 2. It did not do so. Moreover, it is apparent from its Motion that Defendant does not want an informal discovery conference – it wants an order "compelling Plaintiffs . . . to provide complete responses to GT's document requests" including an order compelling Plaintiffs to "provide all responsive documents, without objection, in response to Defendants' [sic] Requests for Production Nos. 21" and 22. Doc. No. 188 at 2:7-20. Such an order is not available via an informal discovery conference – a formal motion is necessary. Defendant chose the right tool (a motion) for what it wants (an order compelling Plaintiffs to produce the disputed items). It just did so too late for this Court to consider the matter on its merits.

6

Finally, Defendant argues that it "acted diligently and reasonably in seeking to resolve discovery disputes without unnecessary motion practice, which weighs in favor of this Court resolving the pending Motion on the merits rather than rewarding Plaintiffs' gamesmanship." Def.'s Suppl. Mem. at 6:10-13. Defendant may, or may not, have been diligent, but that is a factor that goes to whether the discovery cutoff should be extended. Such an extension is beyond the authority of this Court and can be granted only by the District Judge. See Local Rule 16-14.

Presently, the discovery cutoff, which under Judge Olguin's Scheduling and Case Management Order includes all hearings on discovery motions, has passed. Therefore, Defendant's Motion to Compel must be denied on that basis. Because such denial is based on untimeliness, it is without prejudice to Defendant bringing a new motion if the District Judge modifies his Scheduling Order to permit it.

## 4.    CONCLUSION

The discovery cutoff in this case has passed; thus, this Court lacks authority to hear Defendant's instant Motion to Compel. The Motion is therefore denied on that basis, without prejudice to being refiled if the District Judge modifies the Scheduling Order to extend the deadline for hearing discovery motions.

IT IS SO ORDERED.

DATED: March 10, 2026    _____
                                        HON. DANIEL S. ROBERTS
                                        UNITED STATES MAGISTRATE JUDGE

7