Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
Heather F. Canner (SBN 292837)
  *heathercanner@dwt.com*
Joseph Elie-Meyers (SBN 325183)
  *josepheliemeyers@dwt.com*
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant*
*GT's Living Foods, LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GT'S LIVING FOODS, LLC,<br><br>Defendant. | Case No. 2:19-cv-10920-FMO-DSRx<br><br>Assigned to the Hon. Fernando M. Olguín<br>Magistrate Judge Daniel S. Roberts<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE OR EXCLUDE EXPERT REPORTS OF DR. J. MICHAEL DENNIS; COLIN B. WEIR; DR. GARY SPEDDING, AND BRUCE G. SILVERMAN;  MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Declaration of Joseph Elie-Meyers;*<br>*[Proposed] Order filed concurrently]*<br><br>**Hearing Date:** April 23, 2026<br>**Time:** 10:00 a.m.<br>**Courtroom:** 6D<br><br>SAC Filed:  December 17, 2024 |

## NOTICE OF MOTION AND MOTION TO STRIKE OR EXCLUDE

**PLEASE TAKE NOTICE** that on April 23, 2026, at 10:00 a.m. in Courtroom 6D of the above-captioned Court, located at 350 West 1st Street, Los Angeles, California, 90012, Defendant GT's Living Foods, LLC ("GT's") will and hereby does move this Court, pursuant to its October 23, 2025 Order re: Further Proceedings (Dkt. No. 180 at 1 n.1), for an order striking or excluding the December 15, 2025 Declarations of Dr. J. Michael Dennis and Colin B. Weir, and the June 2, 2021 Declarations of Colin B. Weir, Dr. Gary Spedding, and Bruce G. Silverman submitted in support of Plaintiffs' motion for class certification. (*See* Joint Brief on Plaintiffs' Renewed Motion for Class Certification, Ex. 19 (Appx. 321) (Dennis Decl.); Ex. 17 (Appx. 266) (Weir Decl.); Ex. 18 (Appx. 295) (Weir Decl.); Ex. 13 (Appx. 192 (Spedding Decl.); Ex. 12 (Appx. 129) (Silverman Decl.).[1]

GT's brings this motion on the grounds that Plaintiffs' proffered expert testimony does not satisfy Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 580 (1993), because the expert declarations: (1) cannot assist the trier of fact; (2) rely on insufficient facts and data; (3) are not the product of reliable methodologies; and/or (4) do not reliably apply the purported methodologies the facts of this case.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 and Part IV(A)(2) of this Court's Civil Standing Order, which took place on March 13, 2026. Declaration of Joseph Elie-Meyers ¶ 2.

This motion is based on this notice and motion; the attached memorandum; the declaration of Joseph Elie-Meyers and exhibits thereto; all pleadings, records, and files in this action; and such evidence and argument as may be presented at or before the hearing on this motion.

---

[1] GT's reserves all arguments regarding Dr. Dennis's June 2, 2021 Declaration.

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

DATED: March 20, 2026

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper
Heather F. Canner
Joseph Elie-Meyers


By: */s/ Jacob M. Harper*
      Jacob M. Harper

      *Attorneys for Defendant*
      *GT's Living Foods, LLC*

ii

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION .................................................................................. 1

II.  LEGAL STANDARD............................................................................ 2

III. ARGUMENT ........................................................................................ 3

A.  Dr. J. Michael Dennis's "Unicorn" Report Should Be Stricken. ......... 3

  1.  Dr. Dennis's Opinions Are Not the Product of Accepted Principles of Survey Research. ................................................... 4

    a.  The Survey Is Based on Admittedly Impossible Recall Tasks. ..................................................................... 4

    b.  Dr. Dennis's Flawed Survey Design and Execution Systematically Exacerbated Recall Error. ...................... 7

  2.  Dr. Dennis's Opinion Rests on an Entirely Unsupported Purchase History Extrapolation. ................................................ 8

B.  The 2025 and 2021 Weir Reports Should Be Stricken. ...................... 9

  1.  The 2025 Weir Report Relies on Late-Produced Data. ............. 9

  2.  Mr. Weir Does Not Measure Economic Injury, But Instead Assumes Plaintiffs' Legal Theory and Performs Arithmetic............................................................................... 12

  3.  The 2025 Report Depends on Dr. Dennis's Flawed Inputs. .... 13

C.  The 2021 Spedding Report Should Be Stricken............................... 13

  1.  Dr. Spedding's Nationwide "100 Percent Sold" in the United States Alcohol Opinion Is an Unreliable Extrapolation. .................................................................... 14

  2.  Dr. Spedding Cannot Bolster His Opinion by Importing Outside Expert Opinions or Relying on Undisclosed Testing. .................................................................... 17

  3.  Dr. Spedding's Sugar Opinions Are Also Unreliable.............. 19

D.  The 2021 Silverman Report Should Be Stricken. ............................ 19

IV. CONCLUSION................................................................................... 22

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Allen v. Conagra Foods*,
No. 3:13-cv-01279 (N.D. Cal. May 22, 2019)........................................................5

*Asetek Danmark A/S v. CMI USA, Inc.*,
2014 WL 6997670 (N.D. Cal. Dec. 9, 2014)........................................... 9, 11, 18

*Brown v. Burlington N. Santa Fe Ry.*,
765 F.3d 765 (7th Cir. 2014) ....................................................................... 20

*Cadena v. Am. Honda Motor Co.*,
2025 WL 3483436 (C.D. Cal. Dec. 3, 2025)........................................................2

*Casey v. Home Depot*,
2016 WL 7479347 (C.D. Cal. Sept. 15, 2016) ....................................................7

*Ciomber v. Coop. Plus, Inc.*,
527 F.3d 635 (7th Cir. 2008) ....................................................................... 11, 18

*Cole v. Ecolab, Inc.*,
2023 WL 2609343 (D. Minn. Mar. 23, 2023) ............................................... 14, 16

*Comcast Corp. v. Behrend*,
569 U.S. 27 (2013)...................................................................................... 12

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
509 U.S. 579 (1993) ................................................................................... 6, 8

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011) .......................................................................3

*Engilis v. Monsanto Co.*,
151 F.4th 1040 (9th Cir. 2025) .....................................................................3

*Fosmire v. Progressive Max Ins. Co.*,
277 F.R.D. 625 (W.D. Wash. 2011) ........................................................... 13, 18

*Gen. Elec. Co. v. Joiner*,
522 U.S. 136 (1997)........................................................................................ 14

*Grodzitsky v. Am. Honda Motor Co.*,
957 F.3d 979 (9th Cir. 2020) .........................................................................3

iv

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Grodzitsky v. Am. Honda Motor Co., Inc.*,
  2017 WL 8943159 (C.D. Cal. Oct. 30, 2017), *aff'd* 957 F.3d 979 (9th Cir. 2020) ......................................................................................... 14, 15

*In re Apple Iphone Antitrust Litig.*,
  2025 WL 3124160 (N.D. Cal. Oct. 27, 2025) ....................................... 1, 3, 6, 15

*In re: AutoZone, Inc.*,
  2016 WL 4208200 (N.D. Cal. Aug. 10, 2016) .....................................................4

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*,
  984 F. Supp. 2d 1021 (C.D. Cal. 2013) ............................................................ 14

*In re Imperial Credit*,
  252 F. Supp. 2d at 1012–13 ............................................................................. 18

*In re Imperial Credit Indus., Inc. Sec. Litig.*,
  252 F. Supp. 2d 1005 (C.D. Cal. 2003) ............................................................ 18

*In re Pella Corp.*,
  214 F. Supp. 3d at 490–92 ............................................................................... 15

*In re Pella Corp. Architect & Designer Series Windows Mktg., Sales Pracs. & Prods. Liab. Litig.*,
  214 F. Supp. 3d 478 (D.S.C. 2016).................................................................. 14

*In re POM Wonderful LLC*,
  2014 WL 1225184 (C.D. Cal. Mar. 25, 2014).................................................. 12

*In re Tobacco Cases II*,
  240 Cal. App. 4th 779 (2015) .......................................................................... 12

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.*,
  978 F. Supp. 2d 1053 (C.D. Cal. 2013) ........................................................... 20

*K&N Eng'g, Inc. v. Spectre Performance*,
  2011 WL 13131157 (C.D. Cal. May 12, 2011) ................................................ 18

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999)................................................................................... 21, 22

*Med. Instrumentation & Diagnostics Corp. v. Elekta AB*,
  2002 WL 34714563 (S.D. Cal. Jan. 14, 2002).................................................. 11

v

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Mercer Glob. Advisors, Inc. v. Hewitt*,
    2024 WL 5423015 (C.D. Cal. Oct. 31, 2024)......................................................8

*Miller v. Travel Guard Grp.*,
    No. 3:21-cv-09751 (N.D. Cal.) ...................................................................6

*NetAirus Techs., LLC v. Apple, Inc.*,
    2013 WL 11237200 (C.D. Cal. Oct. 23, 2013)...................................................7

*Primiano v. Cook*,
    598 F.3d 558 (9th Cir. 2010) ............................................................... 20

*Sanchez v. Kia Motors Am., Inc.*,
    2024 WL 4730654 (C.D. Cal. Nov. 7, 2024)......................................................3

*Senne v. Kansas City Royals Baseball Corp.*,
    315 F.R.D. 523 (N.D. Cal. 2016)..................................................... 4, 5

*Siqueiros v. Gen. Motors LLC*,
    2022 WL 74182 (N.D. Cal. Jan. 7, 2022).......................................... 19

*Sonneveldt v. Mazda Motor of Am., Inc.*,
    2024 WL 5242611 (9th Cir. Dec. 30, 2024)...................................... 15

*Stephens v. Union Pac. R.R. Co.*,
    935 F.3d 852 (9th Cir. 2019) ...................................................................8

*Testone v. Barleans Organic Oils, LLC*,
    No. 3:19-cv-00169 (S.D. Cal.)...................................................................5

*Townsend v. Monster Beverage Corp.*,
    303 F. Supp. 3d 1010 (C.D. Cal. 2018) ....................................... 8, 20

*United States v. Beasley*,
    102 F.3d 1440 (8th Cir. 1996) .......................................................... 16

*United States v. Valencia-Lopez*,
    971 F.3d 891 (9th Cir. 2020) .......................................................... 21

*Vizcarra v. Unilever U.S., Inc.*,
    No. 4:20-cv-002777 (N.D. Cal.), ECF No. 47-2 .................................6

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
    259 F.3d 1101 (9th Cir. 2001) .............................................. 10, 11

vi

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**STATUTES**

N.Y. G.B.L. § 349 ...................................................................................................... 13

**RULES**

Fed. R. Civ. P.
    23........................................................................................................................3
    26(a) ............................................................................................................... 10
    26(a)(2)..................................................................................................... 1, 9, 11
    26(a)(2)(B)(i) ....................................................................................................9
    26(a), 37(c)(1) ................................................................................................ 18
    37(c)(1)...................................................................................... 1, 9, 10, 11

Fed. R. Evid. 702.......................................................................................... passim

Fed. R. Evid. 702(a) .................................................................................... 2, 12

**OTHER AUTHORITIES**

21 C.F.R. § 101.9(g)(5) ............................................................................... 19

27 C.F.R. § 16.21 .......................................................................................... 22

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.       INTRODUCTION

Plaintiffs' renewed motion for class certification depends on expert reports that do not come close to satisfying the threshold requirements of Rule 702: they rely on untested "unicorn" methods (Dr. Dennis); unwarranted extrapolation from a tiny, outdated sample size (Dr. Spedding); or raw conjecture built on "maybe an hour" loitering in a few grocery stores (Silverman).[1] In the case of Colin Weir, whose only applicable expertise is arithmetic, Plaintiffs also failed to satisfy Rule 26(a)(2): they did not disclose the core data Weir relied on until late in his March 2, 2026 deposition, three days before the close of discovery. The Court does not need to choose between competing expert judgments. It needs only to decide whether Plaintiffs have offered reliable expert evidence at all. *In re Apple Iphone Antitrust Litig.*, 2025 WL 3124160, at *4 (N.D. Cal. Oct. 27, 2025). They have not.

**Dr. J. Michael Dennis** purports to use a 2025 survey to identify class members, separate them from jurisdictionally-barred *Retta* purchasers, and reconstruct their year-by-year purchases across the class period. His declaration fails for two independent reasons. First, Dr. Dennis asked respondents to do exactly what he himself has repeatedly said survey research cannot reliably do: recall routine, low-salience grocery purchases made many years earlier. Second, the year-by-year consumption estimate at the center of his report rests on the admittedly-unsupported assumption that each respondent's most recent year of purchases can be projected backward across every year they purchased Enlightened.

**Colin B. Weir** purports to translate Plaintiffs' liability theory into classwide damages and apportionments. But his report relies on entirely new data that was not produced by Plaintiffs' *until the middle of Mr. Weir's deposition*. Rule 37(c)(1)

---

[1] The Court specifically authorized the parties to raise "challenge[s] to expert testimony" by separate motion "filed at the same time the joint brief is filed." *See* Dkt. No. 180 n.1.

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

requires that reports reliant on late-disclosed evidence be excluded. Even apart from the glaring disclosure defects, neither Weir report offers an admissible damages model. Mr. Weir assumed counsel's theory that the challenged sales were illegal (and so refundable in full), then acted as a calculator.

**Dr. Gary Spedding** purports to prove that 100% of GT's Enlightened kombucha sold nationwide since 2017 exceeded 0.5% alcohol by volume and understated sugar content. But he tested only 44 bottles of Enlightened, only 27 of them from the class period, and none from New York. Moreover, he has not tested a single bottle in over five years. He has no reliable basis to extrapolate from those limited tests to an entire product line spanning more than nine years. Spedding attempts to bolster his opinions by adopting other expert testing from other litigation, but that is impermissible under Rule 702.

**Bruce Silverman** purports to tell the Court how kombucha consumers perceive GT's labels and how they would react to a government warning. He bases all of his conclusions on "maybe an hour" in total spent observing consumers in grocery stores. But he did no kombucha-specific consumer research, and conducted no surveys, focus groups, consumer interviews, or market studies. What remains is *ipse dixit* packaged as expert testimony.

These are threshold admissibility defects, not issues to be left for weight. The Court should strike Dr. Dennis's and Mr. Weir's December 15, 2025 reports, the challenged opinions in Mr. Weir's 2021 report, and the challenged opinions in Dr. Spedding's and Mr. Silverman's report, as set out below.

## II.   LEGAL STANDARD

The proponent of expert testimony must establish by a preponderance of the evidence that each admissibility requirement is satisfied: the opinion must help the trier of fact, be based on sufficient facts or data, be the product of reliable principles and methods, and reflect a reliable application of those principles and methods to the facts at issue. Fed. R. Evid. 702(a)–(d); *Cadena v. Am. Honda Motor Co.*, 2025

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

WL 3483436, at *9 (C.D. Cal. Dec. 3, 2025) (at the class certification stage, plaintiff must show admissibility of expert testimony by preponderance of the evidence); *In re Apple Iphone Antitrust Litig.*, 2025 WL 3124160, at *4 (excluding expert and decertifying class). "[T]here is no presumption . . . of admissi[bility]" of expert evidence; the proponent of such evidence "must always establish the admissibility requirements of Rule 702 by a preponderance of the evidence." *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1049 (9th Cir. 2025).

Courts must apply Rule 702's gatekeeping function at class certification, rather than deferring expert-admissibility issues. *Grodzitsky v. Am. Honda Motor Co.*, 957 F.3d 979, 984–86 (9th Cir. 2020) (affirming exclusion of expert testimony offered in support of class certification); *Sanchez v. Kia Motors Am., Inc.*, 2024 WL 4730654, at *6 (C.D. Cal. Nov. 7, 2024) (addressing *Daubert* motions at class certification because they "affect the evidence the Court will consider when evaluating the Motion for Class Certification"). When expert testimony is offered to establish Rule 23 requirements, the Court must conduct a "rigorous analysis" to assess whether the opinion is sufficiently reliable to be considered at certification. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir. 2011).

## III.    ARGUMENT

### A.    Dr. J. Michael Dennis's "Unicorn" Report Should Be Stricken.

Dennis's Report relies on a 2025 survey to identify class members, separate them from jurisdictionally-barred *Retta* purchasers, and reconstruct consumers' year-by-year purchases across the class period. His opinion fails to satisfy Rule 702: first, it relies on consumers' memories of low-salience, low-cost grocery purchases from many years ago, which flies in the face of accepted principles, and which Dennis has himself repeatedly criticized as unreliable; second, it relies on backwards extrapolations from recent purchasing behavior that Dennis himself characterized as a "big assumption" and which he could provide no support for.

3

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

### 1.  Dennis's Opinions Are Not the Product of Accepted Principles of Survey Research.

Dennis's opinions are not the product of accepted principles of survey research. His survey required respondents to recall the timing of low-cost, low-salience purchases from many years in the past—a task courts have repeatedly found unreliable under Rule 702. *See In re: AutoZone, Inc.*, 2016 WL 4208200, at *16, 19 (N.D. Cal. Aug. 10, 2016) (excluding survey regarding events between three and eleven years before survey); Elie-Meyers Decl., Ex. A ("Dennis Decl."). The survey then increased that recall burden through flawed survey design, exacerbating its already serious deficiencies.

### a.  The Survey Is Based on Admittedly Impossible Recall Tasks.

First, the Dennis Report turns on the ability of consumers to reliably recall Enlightened purchases dating back to between eight and fourteen years before the survey. But the uncontroverted expert consensus is that consumer recollection of such low-cost, low-salience grocery purchases is highly unreliable, particularly beyond the past single year. Elie-Meyers Decl., Ex. G ("Poret. Reb.") at 4–8. Dennis has repeatedly criticized as unreliable reports that sought recollection of similar consumer purchases on a much shorter timeframe, and he gives no explanation for his sudden change of course here. On the timeframe that Dennis attempted in this case, it is essentially "impossible" to gather reliable memories, *id.* at 26, which is why Dennis himself described his report as a "unicorn." Elie-Meyers Decl., Ex. K ("Dennis Dep.") 170:11–17. Like unicorns, Dennis's report is not supported by reliable methods or data. It should be excluded.

Courts exclude as unreliable survey evidence resting on long-term recall of low-salience behavior. In *In re: AutoZone*, the court excluded a survey asking respondents to recall events "that occurred between three and a half and eleven years ago." 2016 WL 4208200, at *16, 19 (N.D. Cal. Aug. 10, 2016). Likewise, in *Senne v. Kansas City Royals Baseball Corp.*, the court rejected a Dennis survey that

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

"reli[ed] on the [respondents'] ability to recall details of activities and events that occurred many months (and often years) ago." 315 F.R.D. 523, 590 (N.D. Cal. 2016).

The unreliability of Dennis's report is underscored by his own prior opinions, *including in this lawsuit*: he has consistently criticized as unreliable surveys that ask respondents to recall consumer purchases from only a few years earlier. But every survey he criticized before sought more recent information than the survey he conducted in this litigation:

- In 2021, Dennis opined that a survey on coconut oil purchases was unreliable because it was "not [] reasonable" to expect that survey respondents "have accurate memory recall of their past use of coconut oil" they purchased "in the past five years." ECF 85-1, ¶¶ 66–71, *Testone v. Barleans Organic Oils, LLC*, No. 3:19-cv-00169 (S.D. Cal.). He said that is because the scientific literature is "unequivocal" that "survey researchers should be concerned about the accuracy of retrospective recall, particularly when the events occurred one or more years prior" to the survey. *Id.* ¶ 68. Thus, "in market research surveys involving low-salience, low-priced consumer packaged goods (like coconut oil), respondent eligibility is set to **past-year** purchasers or **even tighter** time windows." *Id.* ¶ 67.

- In 2019, Dennis said it was "not…reasonable" to expect purchasers to "have accurate memory recall for up to eight years of their past use of Parkay [cooking oil] Spray, including *how many sprays the respondent would have typically used*." ECF 260-7, ¶¶ 25–29, *Allen v. Conagra Foods*, No. 3:13-cv-01279 (N.D. Cal. May 22, 2019). Again, he noted that such "small-dollar" grocery purchases are "low salience" and "low 'emotional impact'" and so create a "high risk for inaccuracy in autobiographical recall." *Id.* ¶ 28.

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

- In 2023, he leveled the same criticism at a survey seeking recall of travel insurance purchases from only six years ago. ECF 108-2, ¶¶ 59-69, *Miller v. Travel Guard Grp.*, No. 3:21-cv-09751 (N.D. Cal.).

Indeed, Dennis's own prior studies, including in this case, have been designed to avoid precisely these problems with consumer recall. In his 2021 report, Dennis explained that surveying consumers who purchased Enlightened within the prior 12 months ensured "accurate recall," whereas surveying consumers who had not purchased recently would produce "unreliable data." Elie-Meyers Decl., Ex. B ¶ 26. He similarly limited his own survey universe in *Vizcarra v. Unilever U.S., Inc.*, No. 4:20-cv-002777 (N.D. Cal.), ECF No. 47-2 ¶¶ 28, 109, to past-year purchasers because only those respondents could "be expected to have accurate recall."

Dennis's 2025 Report now abandons those principles without support or explanation. Dennis conceded in deposition that there is a "large literature" showing greater recall error for older purchases and that memory for low-salience purchases "degrade[s] rapidly." *See* Dennis Dep. 99:8–13; 132:9–10; 136:12–22. And he admitted he made no effort to measure whether kombucha purchases were more salient than other grocery purchases (and therefore more likely to be remembered) and "ha[d] [no] data to back … up" his judgment on that point. *Id.* 143:1–9. Rule 702 does not permit expert opinions to rest on such "subjective belief or unsupported speculation." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993).

Most strikingly, Dennis acknowledged he was aware of no academic literature validating consumer recall of purchases over eight-year periods and knew of no comparable surveys. Dennis Dep. 169:1–5, 169:16–25. He described this survey as "**a unicorn**," explaining that "there's not a methodological literature around how to conduct studies of consumer products and measuring purchase behavior when the products may have been purchased as much as eight years ago." *Id.* 170:11–17. Rule 702 does not permit expert opinions to rest on such

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

unsupported judgment or acknowledged gaps in academic support. *In re Apple Iphone Antitrust*, 2025 WL 3124160, at *8 (excluding report relying on method "not generally accepted in the scientific community"). Where, as here, the risk of recall failure is virtually certain and the expert himself concedes the absence of supporting literature, the resulting opinions must be excluded. *See Casey v. Home Depot*, 2016 WL 7479347, at *21 (C.D. Cal. Sept. 15, 2016) (excluding expert report based on survey at class certification stage based on "substantial deficiencies" in the survey).

### b. Dr. Dennis's Flawed Survey Design and Execution Systematically Exacerbated Recall Error.

By asking for details of years-old purchases and requiring respondents to remember childhood purchases, Dennis's survey compounded recall error and further undermined the reliability of the Report.

First, respondents were asked to estimate purchases across three formats—16-ounce bottles, 48-ounce bottles, and six-packs—and to distinguish Enlightened from GT's Classic or Hard kombucha products. Poret Reb. at 11–13. As Mr. Poret explains in his rebuttal report, consumers may not meaningfully distinguish among such product variations when recalling purchases made years earlier, magnifying recall error risk. *Id.*

Second, Dennis attempted to "refresh" respondents' memories with unrelated historical events from 2011 and 2017 and asked open-ended questions about their lives during those years. Poret Reb. at 14–16. But Dennis could not identify any academic literature supporting such prompts as a recall aid. Dennis Dep. at 160:19–21; 165:14–15. *See NetAirus Techs., LLC v. Apple, Inc.*, 2013 WL 11237200, at *4 (C.D. Cal. Oct. 23, 2013) (excluding expert opinion where expert "could not identify any cases, textbooks, or articles that followed the approach.").

Third, the survey asked respondents ages 18–21 to report purchases allegedly made as children, worsening recall issues. Poret Reb. at 10–11. When confronted with this issue, Dennis asserted only his "belie[f] in this data" because it reflects "a

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

reliable methodology." Dennis Dep. 154:19–155:20. But "the word 'knowledge' [in Rule 702] connotes more than subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590.

### 2. Dennis's Opinion Rests on an Entirely Unsupported Purchase History Extrapolation.

Dennis's attempt to identify, year-by-year, *Retta* and *Patel* class members does not rest on independent purchase data. Instead, it relies on what Dennis acknowledged was "a big assumption"—with no cited support in the survey literature—that a respondent's purchasing behavior in the single most-recent year is the same as all prior years, and can be projected as far backward as beginning of the class period. Dennis Dep. 102:7; Dennis Decl. at ¶¶ 35–40. Dennis measured respondents' purchase frequency only in their most recent year of purchase and then "extrapolate[d] to the earlier years for which the respondents indicated having purchased Defendants' Products." *Id.* ¶ 35. This assumes, with no evidence, that respondents bought the same amount of Enlightened every year as the year of their most recent purchase.

Dennis admitted he collected no data to test whether respondents' most recent year of purchase was representative of earlier years. Dennis Dep. 104:11–17; 106:15–21. That failure alone is sufficient to exclude his report. *See Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1032 n.14 (C.D. Cal. 2018) (excluding expert opinion where "Plaintiffs provide[d] no evidence, including from their own expert, that purchasing behavior is tied to frequency of consumption"); *Mercer Glob. Advisors, Inc. v. Hewitt*, 2024 WL 5423015, at *7 (C.D. Cal. Oct. 31, 2024) (rejecting unsupported assumption that solicitations over a two-year period could be determined based on solicitations "in a discrete period of time"); *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 858 (9th Cir. 2019) ("[T]he expert's opinion must rest on actual data, not unfounded assumptions."). Dennis also conceded that this approach prevents even basic statistical evaluation: it would be impossible to

GT'S MOTION TO STRIKE OR EXCLUDE PLAINTIFFS' EXPERT DECLARATIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

calculate confidence intervals for the projected purchase estimates. Dennis Dep. 180:1–5.

***

Dennis's opinions lack the reliable principles and sufficient factual basis required by Rule 702. The Court should strike the 2025 Dennis Declaration and exclude the opinions therein.

## B.    The 2025 and 2021 Weir Declarations Should Be Stricken.

Mr. Weir's damages opinion suffers from three independent defects that require exclusion. *First*, his 2025 report relied on extensive data that was not produced by Plaintiffs until late into Weir's March 2, 2026 deposition (three days before the close of discovery), in violation of Rule 26(a)(2). *Second*, neither the 2025 nor the 2021 Weir report offers an economic damages model: Weir simply assumes Plaintiffs' legal theory and performs arithmetic. *Third*, Weir's 2025 opinions on adult, underage, and *Retta* segmentation depend entirely on Dr. Dennis's flawed survey, and so should also be stricken and excluded.

### 1.    The 2025 Weir Declaration Relies on Late-Produced Data.

Plaintiffs did not disclose the central data underlying Weir's 2025 Declaration until well into Weir's March 2, 2026, deposition. This late disclosure was not justified, and it was prejudicial. Rules 26(a)(2) and 37(c)(1) require that the 2025 Weir Declaration be excluded as a result.

Rule 26(a)(2) requires that parties "must" disclose written expert reports, including "all opinions the witness will express" and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)–(ii). "The Rule itself and the law interpreting it are clear that an expert's report must contain a *complete* statement of the expert's opinions and the reasons for them be contained *in the expert report,* and that subsequently-given deposition testimony is not a substitution for adequate disclosure in the expert's original report."*Asetek Danmark A/S v. CMI USA, Inc.*, 2014 WL 6997670, at *1 n.1 (N.D. Cal. Dec. 9, 2014). Failure to make

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

required disclosures requires exclusion absent a showing that the failure was substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106–07 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to [Rule 26(a)'s] requirements by forbidding the use . . . of any information . . . that is not properly disclosed.").

Here, the 2025 Weir Declaration relies on "IRI/Circana" market data from approximately 2021 to 2025, which Plaintiffs' counsel appear to have previously obtained from Circana through a third-party subpoena. Elie-Meyers Decl. Ex. L ("Weir Dep.") 21:1-17. But Plaintiffs never provided notice to GT's of a third-party subpoena to Circana and never provided GT's with the data they received through such subpoena. Elie-Meyers Decl. ¶ 6.  Nor did the 2025 Weir Declaration produced to GT's include this data, either. *Id.*; *see also id.* Ex. C ("Weir 2025 Decl.").[2] Indeed, nothing in the 2025 Weir Declaration even suggested that this new data existed. Exhibit 2 to the 2025 Declaration states the documents Weir reviewed in preparing his report, but lists only generic categories such as "IRI/Circana Data" and "IRI Multioutlet Universe." Weir 2025 Decl. Ex. 2. That is, almost verbatim, the same language Weir used in his prior report and did not suggest he had obtained new data. *Compare* Elie-Meyers Decl., Ex. D ("Weir 2021 Decl.") at Ex. 2.

It was not until over five hours into the March 2, 2026, deposition—and only upon GT's counsel's request after Weir first testified about its existence—that Plaintiffs produced ***for the first time*** an Excel file titled "Sharpe Subpoena Request November 2025," which the deposition confirmed to be a fundamental input to the updated calculations. *Id.* 34:25–35:11; 97:17–19; 111:10–115:24; 156:20–21. The

---

[2] Exhibit 3 of the Weir Declaration is concurrently filed under seal as Ex. 17 (Appx. 265) of Joint Evidentiary Appendix in support of the Joint Brief on Class Certification. It has been omitted here to avoid unnecessary and duplicative sealing practice. GT's will submit this declaration upon request of the Court.

10

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

late disclosure gave GT's deposing counsel about "five minutes" to examine three tabs of data, with almost 50,000 rows of data in two of the tabs. *Id.* 114:14–18.

There is no ambiguity here: Plaintiffs failed to disclose the core data that formed the basis of the 2025 Weir Declaration; they provided no justification for their decision to withhold this data; and it was prejudicial. *See id.* at 34:25–35:11; 97:17–19; 156:20–21. Because of counsel's delay in disclosing the report, GT's had no realistic opportunity, before the close of discovery or before its class certification opposition was due, to test the newly produced spreadsheet, analyze the transformations and date ranges embedded in it, or prepare a focused rebuttal to the new adult, underage, and *Retta* allocations. Rule 37(c)(1) therefore plainly requires exclusion of Weir's 2025 Report. *Yeti*, 259 F.3d at 1106–07; *Asetek*, 2014 WL 6997670, at *1.

Plaintiffs may argue that any prejudice was cured by the disclosure of the underlying data during Weir's deposition. That is incorrect. "[D]eposition testimony does not cure the "ambush" of a late-disclosed opinion." *Asetek*, 2014 WL 6997670, at *2; *Med. Instrumentation & Diagnostics Corp. v. Elekta AB*, 2002 WL 34714563, at *2 n.1 (S.D. Cal. Jan. 14, 2002) (expert report "must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial.") Indeed, the very "purpose of Rule 26(a)(2) is to provide notice to opposing counsel—before the deposition—as to what the expert witness will testify, and this purpose would be completely undermined if parties were allowed to cure deficient reports with later deposition testimony." *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008) (citations omitted). Here, the late disclosure of extensive spreadsheet data left GT's unable to effectively depose Weir on the contents of his report.

Rules 26(a)(2) and 37(c)(1) require that the 2025 Report be excluded.

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## 2. Weir Does Not Measure Economic Injury, But Instead Assumes Plaintiffs' Legal Theory and Performs Arithmetic.

Both of Weir's Reports should independently be excluded because of equally serious Rule 702 problems. The 2021 and 2025 Weir Declarations begin with the same premise: Plaintiffs contend the challenged sales "were illegal and should not have taken place," and "[a]s such" consumers should receive a full refund. Weir 2025 Decl. ¶ 7; Weir 2021 Decl. ¶ 7. Mr. Weir then applies the same calculation— average retail price multiplied by units sold—and labels the result "full compensatory damages." Weir 2025 Decl. ¶¶ 10–12; Weir 2021 Decl. ¶¶ 10–12. That is not an expert opinion under Rule 702.

An economist who does no valuation analysis, no price-premium analysis, no benefits-or-offsets analysis, and no comparison to any recognized measure of economic injury does not satisfy Rule 702's requirement that an expert provide specialized knowledge that will help the Court decide a disputed issue. *In re POM Wonderful LLC*, 2014 WL 1225184, at *5 (C.D. Cal. Mar. 25, 2014) (rejecting expert damages opinion because it could not "conduct the required 'rigorous analysis' where there is nothing of substance to analyze"). That is especially true here, where a full refund is likely not available. *See In re Tobacco Cases II*, 240 Cal. App. 4th 779, 794–95 (2015) (full refund is not the ordinary measure where the purchaser received *any* value from the product); *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013) (damages model must measure only those damages attributable to a viable theory of recovery).

Weir applies no economic methods "help[ful]" to the Court. *See* Fed. R. Evid. 702(a). He admitted that his study does not provide price-premium or other valuation analysis. Weir Dep. 29:13–31:3. He testified that Plaintiffs were proceeding on a full-refund theory, that he did not compare that approach to a price-premium model, and that he did not evaluate whether the products had value to anyone because of Plaintiffs' theory of the case. *Id.* He likewise admitted that his

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

New York statutory-damages calculations simply followed counsel's instruction that N.Y. G.B.L. § 349 provides $50 per violation. Weir 2025 Decl. ¶¶ 21–23; Weir 2021 Decl. ¶¶ 17–19. The 2025 Declaration is a multiplication exercise built on counsel's legal assumptions; it cannot transform Plaintiffs' dubious legal premise into a reliable expert damages model. The Declaration should be stricken.

### 3. The 2025 Report Depends on Dr. Dennis's Flawed Inputs.

Finally, the 2025 Weir Declaration depends wholly on flawed inputs from the 2025 Dennis Report, requiring that it also be stricken and excluded. Weir admits his 2025 adult, underage, and *Retta* apportionments are just applications of Dennis's survey outputs to sales data. Weir 2025 Decl. ¶¶ 14–18; Weir Dep. 33:22–36:9. Because Dennis's 2025 declaration should be stricken, the 2025 Weir Declaration lacks a reliable independent methodology for the adult, underage, or *Retta* allocations. Weir also had no independent opinion about Dennis's methods. Weir Dep. 34:10–13. That is another basis to exclude these opinions. *See Fosmire v. Progressive Max Ins. Co.*, 277 F.R.D. 625, 630 (W.D. Wash. 2011) ("The rules do not permit an expert to rely upon opinions developed by another expert for purposes of litigation without independent verification of the underlying expert's work.").

\*\*\*

The Court should strike Weir's 2025 Declaration in full and exclude the challenged damages, statutory damages, and segmentation opinions from his 2021 Report.

### C. The 2021 Spedding Report Should Be Stricken.

Spedding's limited, outdated, and sloppy report on alcohol and sugar content should be stricken and excluded as unreliable for at least three reasons. *First*, the report is flawed and too limited: it extrapolates from a small set of tests (only 27 bottles in the class period) that did not account for refrigeration to conclude that 100 percent of Enlightened kombucha sold nationwide since 2017 exceeded 0.5 percent ABV. That sweeping conclusion is not supported by Spedding's testing and it is not

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

reliable. *Second*, Spedding improperly attempts to reinforce his scant testing by adopting another expert's testing, from other litigation. *Third*, Spedding's sugar opinion extends beyond the flavors he actually tested and does not account for variations within his own tests.

### 1. Spedding's Nationwide "100 Percent Sold" in the United States Alcohol Opinion Is an Unreliable Extrapolation.

Spedding's incomplete and inadequate testing does not support his claim that "100 percent of Enlightened Kombucha sold in the United States since at least 2015 has contained more than 0.5 percent alcohol by volume at the retail level." Elie-Meyers Decl., Ex. E ("Spedding Rep.") ¶ 19. It should be excluded.

Court's exclude expert testimony where there is "too great an analytical gap" between the data and the opinion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). This includes when they are based on too small a sample size, and when they are improperly conducted: "In order to draw reliable conclusions about a population based on a statistical sample, the sample size must be large enough to support those conclusions." *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 984 F. Supp. 2d 1021, 1033 (C.D. Cal. 2013); *Grodzitsky v. Am. Honda Motor Co., Inc.*, 2017 WL 8943159, at *4 (C.D. Cal. Oct. 30, 2017), *aff'd* 957 F.3d 979 (9th Cir. 2020) (test of 26 vehicle regulators insufficient to "draw conclusions" regarding class involving 441,600 regulators); *In re Pella Corp. Architect & Designer Series Windows Mktg., Sales Pracs. & Prods. Liab. Litig.*, 214 F. Supp. 3d 478, 490–92 (D.S.C. 2016) (inspecting 477 windows and testing 100 insufficient to extrapolate to "entire universe of 7.5 million Windows"). And courts exclude product tests when Plaintiffs "failed to show that the product … was unexpired, and that it was properly stored." *Cole v. Ecolab, Inc.*, 2023 WL 2609343, at *5 (D. Minn. Mar. 23, 2023).

Spedding's 44-bottle testing flunks that standard and cannot be reliably applied to an entire product line for a period of over 9 years.

14

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*First*, it is too small and not based on representative samples. The report relies on 17 bottles tested in 2015, 25 in 2018–2019, and 2 in March 2021. Spedding Rep. ¶¶ 20–27. That means only 27 disclosed bottles fall within the class period, and no New York bottles were tested. The 17 *Retta* samples, of course, have no relevance because GT's subsequently changed its formulation. Elie-Meyers Decl. Ex. I ("2017 Dave Decl.") ¶ 6. And the last disclosed testing occurred in March 2021, even though GT's later sold additional Enlightened products that Dr. Spedding never tested. Elie-Meyers Decl. Ex. J ("2026 Dave Decl.") ¶¶ 8–10; Spedding Rep. ¶ 20.

Courts reject such massive extrapolation from small sample sizes. *Grodzitsky*, 2017 WL 8943159, at *4 (test of 26 vehicle regulators insufficient to extrapolate to 441,600 regulators); *In re Pella Corp.*, 214 F. Supp. 3d at 490–92 (inspecting 477 windows and testing 100 insufficient to extrapolate to 7.5 million windows). Here, Spedding relies on, at most, 44 tests to reach conclusions about millions of bottles of kombucha sold over nine years.

Worse, this extrapolation is unsupported by any other data or methodology. He supplied no statistical or other reliable bridge for that generalization: he admitted he has no degree in statistics, no training in statistics, is not an expert in random sampling, and is not an expert in selecting a random sample. Elie-Meyers Decl. Ex. M ("Spedding Dep.") 23:2-25:13. And his report contains no sample-size analysis, no confidence intervals, no representativeness analysis, and no explanation of how 44 disclosed tests can support a universal nationwide conclusion. *See Sonneveldt v. Mazda Motor of Am., Inc.*, 2024 WL 5242611, at *2 (9th Cir. Dec. 30, 2024) (affirming exclusion of expert opinion where expert "failed to provide sufficient facts and data to 'support . . . every necessary link' in his theory"). Rule 702 does not permit leaps in logic or opinions connected to the facts only by the witness's say-so. *In re Apple Iphone Antitrust*, 2025 WL 3124160, at *6

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

(excluding report conducted by non-statistician that lacked confidence intervals or error rate).

*Second*, the tests are too remote in time: Spedding's last test was conducted in 2021, yet Plaintiffs rely on it to establish that 100% of Enlightened sold in the five years after those tests are also alcoholic. Spedding Rep. ¶ 20. There is no methodology or evidence in the report to support that conclusion, particularly since GT's has introduced at least 18 new Enlightened products after that time, which Spedding never tested. 2026 Dave Decl. ¶¶ 8–10.

*Third*, Dr. Spedding failed to test or control for the storage and refrigeration of the samples he tested — and many of those samples were leaking upon arrival at his lab. Spedding agreed that storage temperature is "critical" to the rate at which kombucha alcohol content can increase through fermentation, and that at room temperature alcohol can rise by "half a percent, 1 percent" even overnight. Spedding Dep. 109:16–111:14.  Yet he did not measure the temperature of the bottles at purchase or on arrival, and he offered no method for accounting for the storage conditions encountered by class members. *Id.* 196:7–12, 197:21–198:20, 224:18–20. The failure to control for a critical factor in fermentation and final alcohol content renders his testing entirely unreliable. *See Cole*, 2023 WL 2609343, at *5 (excluding for failure to demonstrate proper storage and handling). And Spedding's admissions that storage temperature is "critical," Spedding Dep. 110:25–111:4, are irreconcilable with his conclusion, which opines that all bottles of Enlightened exceed 0.5% ABV without accounting for shipping, storage, and refrigeration across retailers and states.

Not only was Spedding's methodology flawed, it was sloppy. *See United States v. Beasley*, 102 F.3d 1440, 1448 (8th Cir. 1996) (test reliability may be challenged by showing "that a scientifically sound methodology has been undercut by sloppy handling of the samples"). The 19 California bottles were purchased in California by former counsel and shipped to Kentucky in a single box. Spedding did

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

not know how long they were in transit, did not know the temperature of the source refrigerators, did not check their temperature on arrival, and acknowledged that 7 of the 19 samples leaked in transit. Spedding Dep. 223:15–226:3. He testified that leakage could affect alcohol content and that he would ordinarily request a fresh sample in that circumstance (but did not here). *Id.* 199:7–200:2.

*Finally*, Spedding's admission that alcohol content and fermentation vary across flavors of Enlightened, requiring independent testing, undermines the reliability of his Report, which did not test each flavor. Spedding admits that continued fermentation "absolutely" "depends and varies, in large degree, based on the specific ingredients used for a specific flavor," and that to understand how a particular flavor is impacted by continued fermentation, "you have to have a set of tests that are all on that flavor." Spedding Dep. 251:7–17. He agreed that a test of one Enlightened flavor said little about other flavors because '[e]ach one has to be taken separately.' *Id.* 251:20–25. And he admitted that continued fermentation varies significantly by flavor-specific ingredients, and that to understand how a given flavor behaves "you have to have a set of tests that are all on that flavor[.]" *Id.* 251:7–17.

The flaws in Spedding's tests are irreconcilable with his extrapolation from those tests to all Enlightened products across a nine year period. He offers no methodological controls or cleanup for these problems—because none exist.

### 2. Spedding Cannot Bolster His Opinion by Importing Outside Expert Opinions or Relying on Undisclosed Testing.

Spedding attempted to shore up his sweeping opinions by improperly adopting another expert's opinions from separate litigation as "valid, reliable, and accurate." Spedding Rep. ¶ 37. But that is not permissible where, as here, Spedding did nothing to verify the other expert's work.

An expert may rely on facts or data generated by others, but may not serve as a conduit for another expert's litigation opinions or vouch for another expert's

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

conclusions. *In re Imperial Credit Indus., Inc. Sec. Litig.*, 252 F. Supp. 2d 1005, 1012–13 (C.D. Cal. 2003) ("[R]eliance by an expert upon an excerpts from an opinion by another expert generated for the purposes of another litigation is improper . . . ."); *Fosmire*, 277 F.R.D. at 630 (must independently verify other expert's work); *K&N Eng'g, Inc. v. Spectre Performance*, 2011 WL 13131157, at *10 (C.D. Cal. May 12, 2011) ("a testifying expert can use facts, data, and conclusions of other experts to offer an opinion within the testifying expert's domain of expertise, but the testifying expert cannot vouch for the truth of the other expert's conclusion"). Nor may an expert use deposition testimony to expand the bases of his report with undisclosed other-case material. *Asetek*, 2014 WL 6997670, at *1 n.1 (report must be complete; cannot supplement with deposition testimony); *Ciomber*, 527 F.3d at 642 (similar).

Spedding did both. His report states he reviewed another expert' (Ebersole) declaration in another matter and that, in Spedding's view, Ebersole "is a qualified expert" and his testing is "valid, reliable, and accurate." Spedding Rep. ¶ 37. Spedding then recites Ebersole's results as supposed support for his own alcohol and sugar opinions. *Id.* ¶¶ 37–39, 48. He accordingly improperly transmits another expert's litigation opinions from other litigation. *In re Imperial Credit*, 252 F. Supp. 2d at 1012–13; *Fosmire*, 277 F.R.D. at 630; *K&N Eng'g*, 2011 WL 13131157, at *10. Spedding also claimed in deposition that, beyond the 44 bottles disclosed in his report, he had tested "maybe [a] hundred other samples" of GT's kombucha including in "at least five other cases." Spedding Dep. 29:22–33:4. Some of those bottles were supplied by clients or law firms. *Id.* 33:21–35:7. None of it was disclosed prior to the deposition, and Spedding  did not indicate how much of a role this prior undisclosed testing played in his analysis. Spedding is not permitted to use undisclosed material as part of his declaration.  *See* Fed. R. Civ. P. 26(a), 37(c)(1). It should be stricken.

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

### 3.     Spedding's Sugar Opinions Are Also Unreliable.

Spedding's sugar opinions should be stricken for the same reasons. He cannot supply a classwide method of showing that sugar was uniformly misstated across the product line. Spedding's declaration asserts that the "vast majority of flavors" contain more sugar than listed, but he tested only 19 flavors. Spedding Rep. ¶ 47 & Table 7. And least one tested flavor, Tantric Turmeric, tested at or below the listed amount. *Id.* Six of the 19 flavors fell at or below the FDA's 20% tolerance. *See* 21 C.F.R. § 101.9(g)(5) (authorizing up to "20 percent in excess of the value" on the label for sugar). More importantly, Spedding admitted that continued fermentation varies significantly by flavor and that each flavor "has to be taken separately." Spedding Dep. 251:7–25. That testimony forecloses any classwide or product-line sugar opinion from this even-more-limited testing.[3]

### D.     The 2021 Silverman Report Should Be Stricken.

Silverman's report purports to opine on consumer perceptions of Enlightened labels, including whether consumers would think the products are non-alcoholic and whether they would read the alcohol disclosure the *Retta* court approved. *See* Elie-Meyers Decl., Ex. F ("Silverman Rep.") ¶ 32. But he bases all of his conclusions on "maybe an hour" of watching shoppers in grocery stores, and his core assumptions are belied by individual plaintiffs' own testimony. That is not reliable or admissible expert methodology: his opinions consist only of sweeping conclusions unsupported by any meaningful investigation, rely on assumptions contradicted by the record evidence, and include improper speculation about GT's intent.  Because Silverman fails to "explain the methodology he used to arrive at [his] conclusions," his opinion should be stricken. *See Siqueiros v. Gen. Motors LLC*, 2022 WL 74182, at *13 (N.D. Cal. Jan. 7, 2022).

---

[3] At most, Spedding should be limited to the actual sugar results from his own disclosed testing of the particular flavors he tested.

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

Courts strike and exclude expert opinions about beverage purchasing behavior where the expert fails to "point to any objective source in support of [his] opinion, such as relevant market research." *See Townsend*, 303 F. Supp. 3d at 1032. And courts reject expert opinions derived from vague recollections or subjective understanding rather than reliable methodology. *See Brown v. Burlington N. Santa Fe Ry.*, 765 F.3d 765, 776 (7th Cir. 2014) (excluding testimony based on an expert's recollection of brief observations because such subjective impressions would be "no help to the jury"). Where an expert relies primarily on experience, he must explain "how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 advisory committee's note (2000); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.*, 978 F. Supp. 2d 1053, 1067 (C.D. Cal. 2013); *see also Primiano v. Cook*, 598 F.3d 558, 564–65 (9th Cir. 2010) (under Rule 702, an expert's conclusions must have "a reliable basis in the knowledge and experience of the relevant discipline").

Here, Silverman's Report exemplifies precisely the type of unsupported expert testimony *Daubert* excludes. His only investigation consisted of briefly observing shoppers in grocery stores. He testified that he visited three stores and "probably spent about 15 minutes in each location," totaling roughly "maybe an hour, maybe an hour and 15 minutes." Elie-Meyers Decl., Ex. N ("Silverman Dep.") 48:16–49:10. During that time, he did not speak to a single consumer about kombucha purchasing behavior. *Id.* 49:11–16. Silverman admits he never studied kombucha consumers at all. He did not interview kombucha drinkers. *Id.* 43:23–25, 49:11–16. He conducted no focus groups or surveys regarding kombucha purchasing behavior. *Id.* 44:1–4; 225:22–25. He reviewed no market studies about kombucha consumers outside litigation materials. *Id.* 44:10–17. And he has no experience marketing or advertising kombucha. *Id.* 43:11–15. Based on this minimal investigation, Silverman concluded that reasonable consumers would

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

ignore the alcohol disclosure on GT's kombucha labels, and "would be convinced [the beverages] are non-alcoholic." Silverman Rep. ¶¶ 32, 64–65.

Based on these limited observations and his personal, anecdotal experience with other, non-kombucha products, Silverman offers sweeping conclusions about consumer perception and purchasing behavior without consumer surveys, testing, or any identifiable analytical framework. But his experience alone is insufficient to satisfy Rule 702: "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 157 (1999). Indeed, courts scrutinize experience-based testimony particularly carefully because "reliability becomes more, not less, important when the 'experience-based' expert opinion is perhaps not subject to routine testing." *United States v. Valencia-Lopez*, 971 F.3d 891, 898–900 (9th Cir. 2020) (reversing district court's admission of expert testimony where "the record contain[ed] no evidence as to why [the expert's] experience, by itself, equal[ed] reliability for his testimony" and his testimony "[did] not explain the methodology by which he reliably [reached] his] conclu[sions]").

Silverman's experiential, vibes-based methodology is particularly dubious, because his assumptions have been directly contradicted by the record.

*First*, all of Silverman's conclusions rely on the assumption that no consumer would read the alcohol warning label that appears on each bottle of Enlightened. Silverman Rep. ¶¶ 45, 62-69, 71. But *all* the named Plaintiffs testified that they read the label disclosure, and because of that understood that Enlightened contains at least some naturally occurring alcohol. Elie-Meyers Decl., Ex. O ("Patel Dep.") 59:3–13; Ex. P ("Schmidt Dep.") 141:9–10, 141:25–142:6; Ex. Q ("Nunez Dep.") 42:17–18. And even Silverman acknowledged that kombucha drinkers may understand that kombucha contains trace amounts of alcohol. Silverman Dep. 52:1–

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

9. That concession directly undermines his central conclusion that reasonable consumers would believe the products are entirely non-alcoholic.

Further, aside from lacking an objective basis, his comparison between the actual Enlightened warning label and a speculative Surgeon Generals' warning is also baseless: the Surgeon General's warning itself may appear on a "back or side label," meaning it would suffer the same supposed placement defect he identifies. 27 C.F.R. § 16.21. And Silverman conceded that he "doubt[s] very much" consumers read the government warning anyway. Silverman Dep. 98:13–14.[4]

***Second***, Silverman's assumption that kombucha purchasers behave like generic consumers is also contradicted by Plaintiffs testimony. Each Plaintiff testified they purchased kombucha for specific health-related reasons such as seeking probiotic and antioxidant content. Schmidt Dep. 78:15–18; 166:5–23; Nunez Dep. 70:2–9. Given that the alcohol disclosure is adjacent to the products' ingredients list, health conscious kombucha shoppers are especially likely to see it, a key inference Silverman entirely ignores. *See* Silverman Rep. at 25 (Fig. 5).

Silverman's opinions are connected to the facts of this case only by his say-so—precisely the type of *ipse dixit* testimony *Daubert* forbids. *Kumho Tire*, 526 U.S. at 157.

## IV. CONCLUSION

For the above reasons, the Court should grant the Motion and strike the 2025 Dennis Report and 2025 Weir Report, strike or heavily limit the 2021 Weir Report, Spedding Report, and Silverman Report, and exclude the opinions set forth therein.

---

[4] Silverman's conclusion that the federal warning would influence purchasing decisions is also belied by GT's unrebutted evidence that consumers are as likely to purchase GT's Enlightened Kombucha with the current label as with a federal warning label. *See* Elie-Meyers Decl. Ex. H ("Poret Decl.") at 4, 8–24.

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

DATED: March 20, 2026

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper
Heather F. Canner
Joseph Elie-Meyers


By: */s/ Jacob M. Harper*
     Jacob M. Harper

*Attorneys for Defendant*
*GT's Living Foods, LLC*

23

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for defendant GT's Living Foods, LLC, certifies that this brief contains 6,994 words, which complies with the word limit of 11-6.1.

DATED: March 20, 2026              DAVIS WRIGHT TREMAINE LLP
                                   Jacob M. Harper
                                   Heather F. Canner
                                   Joseph Elie-Meyers


                                   By: */s/ Jacob M. Harper*
                                       Jacob M. Harper

                                   *Attorneys for Defendant*
                                    *GT's Living Foods, LLC*

GT'S MOTION TO STRIKE OR EXCLUDE
PLAINTIFFS' EXPERT DECLARATIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2700, 350 South Grand Avenue, Los Angeles, California 90071.

On March 20, 2026, I served the foregoing document(s) described as: **DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE OR EXCLUDE EXPERT REPORTS OF DR. J. MICHAEL DENNIS; COLIN B. WEIR; DR. GARY SPEDDING, AND BRUCE G. SILVERMAN; MEMORANDUM OF POINTS AND AUTHORITIES** by forwarding a portable document file to the electronic mail address(es) below:

Simon Carlo Franzini
Gabriel Zachiah Doble
Richard E Lyon, III
Dovel and Luner LLP
201 Santa Monica Boulevard Suite 600
Santa Monica, CA 90401
Email: simon@dovel.com
Email: gabe@dovel.com
Email: rick@dovel.com

☒ (VIA EMAIL) By forwarding a portable document file to the electronic mail address(es) from electronic mail address **vanessapalma@dwt.com**, at Floor 27, 350 South Grand Avenue, Los Angeles, California.

Executed on March 20, 2026, at Los Angeles, California.

☒ Federal     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
Vanessa Palma

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899