**HUNTON ANDREWS KURTH LLP**
Jason J. Kim (State Bar No. 221476)
KimJ@Hunton.com
550 South Hope Street Suite 2000
Los Angeles, CA 90071
Telephone: 213-532-2000
Facsimile: 213-532-2020

*Attorneys for Circana, LLC, a non-party*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELANEY SHARPE, ERIN WEILER, JENNA LEDER, ADRIANA DIGENNARO, AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPER NUNEZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>        *Plaintiffs*,<br><br>    *v.*<br><br>GT'S LIVING FOODS, LLC.,<br><br>        *Defendant.* | CASE NO.: 2:19-cv-10920-FMO-DSRx<br><br>Hon. Fernando M. Olguin<br><br>**STATEMENT OF DESIGNATING NON-PARTY CIRCANA LLC UNDER L.R. 79-5.2.2(b)(I)** |

2:19-cv-10920-FMO-DSRx
STATEMENT OF DESIGNATING NON-PARTY CIRCANA LLC UNDER L.R. 79-5.2.2(b)(I)

Circana, LLC, not a party to this action, by its undersigned attorney and pursuant to Local Rule 79-5.2.2(b)(i), respectfully submits this statement, together with the attached Declaration of Brian Burke, in support of the "Plaintiffs' Application for Leave to File under Seal Portions of Documents Designated by Circana Inc. as Confidential" [Dkt 205].

The Plaintiffs' application notes that confidential market research data provided by Circana was submitted as part of Exhibit 3 to the December 15, 2025 Declaration of Colin B. Weir (Appx. pp. 291-293), and the Circana data are designated confidential under the protective order entered in the case [Dkt 37].  The Plaintiffs' application was served on Circana on March 23, 2026.

Circana joins in the Plaintiffs' motion and requests that the Court grant leave to file Circana's confidential market research data under seal.  The specific portions of the content of Exhibit 3 which disclose Circana's confidential research information are the "Total Dollar Sales" column and the "Total Units" column.  Circana is advised by plaintiffs' counsel that the other content in Exhibit 3 was calculated by Dr. Weir using Circana data and data from other sources.

Local Rule 79-5 requires that this statement by Circana, the designating party asserting the confidential nature of its research data, "establish[] that all or part of the designated material is sealable, by showing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard." L.R. 79-5.2.2(b)(i).

"Good cause" is the applicable legal standard.  It applies when confidential matter is sought to be filed under seal in connection with a non-dispositive motion. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Although the common law raises a presumption in favor of public access to materials submitted as evidence in open court, this presumption does not apply to materials properly submitted to the court under seal. *Phillips v. GMC*, 307 F.3d 1206, 1213 (9th Cir. 2002).  The Plaintiffs' filing which references the confidential Circana data,

STATEMENT OF DESIGNATING NON-PARTY CIRCANA LLC UNDER L.R. 79-5.2.2(b)(I)

the motion for class certification, does not pertain to any dispositive motions.

The public interest in access to dispositive materials does not apply with equal force to such non-dispositive materials. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009); *Kamakana*, 447 F.3d at 1179 ("The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials.").

Applying the more stringent "compelling interest" standard under these circumstances is not called for, because the public has less of a need for access to court records attached only to non-dispositive motions, especially such information as Circana's report. *Kamakana*, 447 F.3d at 1179, *citing Phillips*, *supra*, which in turn relied on *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). Applying such a stringent standard would needlessly "undermine a district court's power to fashion effective protective orders." *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1116 (9th Cir. 2009), *citing Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

Good cause exists for Circana's confidential data to be filed under seal. Circana is a national and international market research firm, in the business of collecting, analyzing and marketing specialized data. Circana's principal source of operating revenues is the fees it generates from the licensing of its data collections to clients. Circana's reports, studies, analyses and data are Circana's commercial product, its stock-in-trade. (Declaration of B. Burke, ¶¶ 2-4)

Circana makes substantial investments in order to obtain raw data from thousands of cooperating retailers and other sources. Then, at considerable expense, Circana cleanses, compiles and analyzes these data and projects its reports and analyses for its clients. (Declaration of B. Burke, ¶ 4)

Circana licenses portions of its data collections to its clients, pursuant to written contracts, the terms and conditions of which are confidential. This confidentiality exists to protect the interests of both Circana and its clients against

STATEMENT OF DESIGNATING NON-PARTY CIRCANA LLC UNDER L.R. 79-5.2.2(b)(I)

the public disclosure of sensitive details of their contractual relationship, such as pricing, delivery and customization. (Declaration of B. Burke, ¶¶ 2-4)

After receiving and objecting to the subpoena it received in this case, Circana offered to retrieve data pertaining to sales of certain identified products in New York and California between 2020 and  2025 and to deliver a custom research report to Plaintiffs' counsel.  Circana routinely requires of its clients that they maintain Circana's data and reports licensed to them in confidence.  Plaintiffs' counsel agreed to maintain Circana's report as confidential and to invoke the protective order entered in the case when producing the report to the parties in the litigation, so that other parties would also maintain the Circana data as confidential. (Declaration of Brian Burke, ¶¶ 5-8)  To Circana's knowledge, no party objected to the designation.

Circana specifically reserved its right to license the same data in any form to other clients. If the parties to the litigation were allowed to publish Circana's confidential report and data, Circana would be irreparably harmed, both in the taking of its hard-earned intellectual property without compensation and in the loss of the revenues Circana would receive for the production of the same research data to other paying clients.  Circana delivered a custom report for which it charged Plaintiff's counsel $11,000.00.  If the Circana data and report are not protected against public disclosure and become part of the public domain, Circana's potential loss would be this amount multiplied by an indefinite number of lost sales opportunities. (Declaration of Brian Burke, ¶¶ 7-9)

The Circana data need not be admissible in evidence for the parties' expert witnesses to rely on the data.  Federal Rule of Evidence 703.  No less restrictive alternative to sealing is sufficient, because any solution which places the Circana report and data in the public domain would destroy the commercial value of the data. The clients and potential clients who would otherwise have to come to Circana to obtain these data would obtain the proprietary Circana data from the court file, free of charge.  The needs of the case cannot possibly justify such harm to the legitimate

STATEMENT OF DESIGNATING NON-PARTY CIRCANA LLC UNDER L.R. 79-5.2.2(b)(I)

business interests of a non-party.

In the circumstances, even if the more stringent "compelling interest" standard were applied here, Circana's confidential market research data would still be entitled to confidential treatment, so that the legitimate commercial and intellectual property interests of Circana, a non-party with no stake in the controversy, will not be harmed. *Kamakana*, 447 F.3d at 1179, *supra* at 2.

To satisfy L.R. 79-5.2.2(b)(i), Circana respectfully submits that the content of the subject Exhibit 3 under the headings "California/Total Dollar Sales," "New York/Total Dollar Sales," and "New York/Total Unit" (that is, the second, fifth, and eighth columns of the spreadsheet's ten columns from the left) contain the confidential Circana data and should be sealed to prevent public disclosure. Circana is advised and understands that the defendant intends to move for leave to file all of the content of Exhibit 3 under seal. Accordingly, Circana has refrained from filing any unredacted part of the document with this Statement in the public court file.

For these reasons, Circana, Inc. requests the Court to grant the plaintiff's motion to file Exhibit 3 to the December 15, 2025 Declaration of Colin B. Weir (Appx. pp. 291-293), Circana's data and report, in the case under seal, to protect against public disclosure of the Circana information in the "Total Dollar Sales" column and the "Total Units" column.

DATED:  March 25, 2026                    **HUNTON ANDREWS KURTH LLP**

By: */s/ Jason J. Kim*
      Jason J. Kim

Attorneys for Circana, LLC, a non-party

STATEMENT OF DESIGNATING NON-PARTY CIRCANA LLC UNDER L.R. 79-5.2.2(b)(I)

## CERTIFICATE OF SERVICE

The undersigned hereby states that, on this 25th day of March , 2026, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system, which sent notice of electronic filing to all counsel of record.

/s/ Jason J. Kim

Jason J. Kim

Attorneys for Circana, LLC, a non-party
